
Stephen P. Pazan, Esquire (SPP-7693)
SPECTOR GADON & ROSEN, PC
1000 Lenola Road
PO Box 1001
Moorestown, NJ 08057
(856) 778-8100
Attorney for Plaintiff,
Nicholas Scarangella

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS SCARANGELLA<br>6410 River Run Boulevard<br>Spring Hill, FL 34607<br>          Plaintiff<br>v.<br><br>GROUP HEALTH, INC.<br>441 9th Avenue<br>New York, NY  10001<br>and<br>SCARANGELLA & SONS, INC.<br>d/b/a VILLAGE FUEL, as ADMINISTRATOR<br>OF THE VILLAGE FUEL EMPLOYEE<br>BENEFITS PLAN<br>65 John Street<br>Babylon, NY  11702<br>          Defendants | Case No.:<br><br>**COMPLAINT<br>AND JURY DEMAND** |

    Plaintiff Scarangella ("Plaintiff") through his attorney, Spector Gadon & Rosen, hereby makes the following Complaint against the Defendants:

    1.    Plaintiff is an individual residing at the address appearing in the caption, and is a native of New York State.

    2.    Defendant Group Health, Inc. ("GHI") is a not-for-profit corporation, organized pursuant to Article 43 of the New York Insurance Law, with a principle place of business at the address appearing in the caption.

134532-1                                                   1

3. GHI is licensed in the State of New York to issue certain insurance products and does in fact issue insurance products within the State, including, but not limited to group health insurance programs marketed to businesses operating within and without the State.

4. Defendant Scarangella & Sons, Inc., ("Village Fuel") is a New York Corporation with a principle place of business at the address listed in the caption.

5. Village Fuel is involved in the delivery and sale of fuel oil and petroleum products, primarily in the New York metropolitan area.

6. Plaintiff was an employee of Village Fuel at all times material to this Complaint.

7. As an employer, Village Fuel administers an employee benefit plan for the health and welfare of its employees, including Plaintiff.

8. Pursuant to the Employees Retirement Income Security Act, 29 USC §1001, et. seq. ("ERISA"), Village Fuel is a legal entity amenable to suit in its capacity of Administrator of that employee benefits program that it maintains on behalf of its employees, and is sued in that capacity in this action, pursuant to ERISA 502(a), thereby creating jurisdiction in this Court under 28 USC §1331.

9. Venue is appropriate in this District pursuant to 28 USC §1391 because Village Fuel and GHI are both located in this District, and because a significant portion of the events described herein occurred in this District.

10. Since 1967 Plaintiff has been employed by Village Fuel, and has conducted business on behalf of his employer both in the State of New York and in

Florida. The duties he has conducted have included bookkeeping functions and other miscellaneous duties related to the operation of the business.

11. At all times material to this complaint, Plaintiff has been married to Carolyn Scarangella, a non-party, who was not an employee of Village Fuel.

12. Village Fuel designed an employee benefits plan subject to the provisions of ERISA for the benefit of its employees and their dependents, including Plaintiff and his wife. That benefits plan included group health insurance that Village Fuel lead Plaintiff to believe would be provided by GHI, under a contract issued on or about June 1, 2002.

13. Plaintiff was a third-party beneficiary of the contract between GHI and Village Fuel.

14. Subsequent to the issuance of the policy, Carolyn Scarangella developed serious and debilitating health problems requiring hospitalization and medications, all of which cost a lot of money.

15. Plaintiff looked to the insurance contract provided by Village Fuel as part of his employee benefits plan for payment for the medical expenses incurred by his wife, and filed claims both personally and through health providers for benefits under the group health contract.

16. GHI admits that it paid in excess of $62,000 in benefits, but has refused to pay anything more for Carolyn Scarangella, claiming instead that the contract into which it entered with Village Fuel was void ab initio.

17. GHI has filed an action for a declaratory judgment as to its responsibilities under the contract it issued, which action is related case <u>GHI v. Scarangella & Sons, Inc</u>. USDC/SDNY 05-cv-3093 (KMK).

18. As Administrator, Village Fuel was responsible for securing the benefits it promised its employees, either by a self-funded program complying with the provisions of ERISA, or by purchasing insurance and other contracts from qualified providers and/or delegees for the benefit of its employees.

19. Under the terms of 502(a) of ERISA, if an employee has been denied benefits, he may pursue his employer for direct payment of the benefit.

20. Village Fuel is liable for securing or paying the medical benefits due and owing to Plaintiff, and heretofore has not done so.

21. The expectation of benefits under the GHI policy was a consideration paid to Plaintiff for services provided by him pursuant to an implied or express employment contract.

WHEREFORE, Plaintiff seeks an order providing the following relief:

1. That GHI is responsible to pay benefits to Nicholas Scarangella and his dependents under the terms and conditions of the insurance policy between GHI and Village Fuel;

2. That if the insurance contract is deemed void, that the measure of coverage that would have been afforded under the contract had it been in force was due and owing to Nicholas Scarangella as an employee benefit;

134532-1                                                4

3. That that Village Fuel shall pay all claims submitted, or otherwise make appropriate payment of the medical expenses relating to Carolyn Scarangella for the benefit of Nicholas Scarangella;

4. Payment of interest, attorney fees, penalties, punitive damages and costs associated with this suit, pursuant to ERISA and New York State Law.

SPECTOR GADON & ROSEN, P.C.

BY: /s/ Stephen P. Pazan
    Stephen P. Pazan, Esquire
    1001 Lenola Road
    P.O. Box 1001
    Moorestown, NJ 08057
    Attorney for Plaintiff,
    Nicholas Scarangella

DATED: June 2, 2005

## JURY DEMAND

The Plaintiff seeks a trial by jury on all counts included in this Complaint, to the extent that a jury trial is permitted under ERISA and New York State Law.

SPECTOR GADON & ROSEN, P.C.

BY: : /s/ Stephen P. Pazan
    Stephen P. Pazan, Esquire
    1001 Lenola Road
    P.O. Box 1001
    Moorestown, NJ 08057
    Attorney for Plaintiff,
    Nicholas Scarangella

DATED: June 2, 2005

**CERTIFICATION REGARDING RELATED ACTIONS**

Counsel for the Plaintiff certifies that, to the best of his knowledge and belief, with the exception of the suit referred to herein entitled Group Health, Inc. v. Scarangella & Sons, Inc., the matter herein is not the subject of any action pending before this or any other court or tribunal.

                SPECTOR GADON & ROSEN, P.C.

                BY: /s/ Stephen P. Pazan
                     Stephen P. Pazan, Esquire
                     1001 Lenola Road
                     P.O. Box 1001
                     Moorestown, NJ 08057
                     Attorney for Plaintiff,
                     Nicholas Scarangella

DATED:   June 2, 2005