UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

NICHOLAS SCARANGELLA,

                        Plaintiff,

       **-**against-

GROUP HEALTH INC. and SCARANGELLA & SONS,
INC., d/b/a VILLAGE FUEL, as Administrator of the
VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

                        Defendants.

--------------------------------------------------------------------X

Civil Action No.:
05 CV 5298 (RJS) (RLE)

**DEFENDANT GROUP
HEALTH INC.'S RULE 56.1
STATEMENT OF
MATERIAL FACTS**

DOCUMENT
ELECTRONICALLY FILED

       Defendant, Group Health, Inc. (hereinafter "GHI"), pursuant to Rule 56.1 of the Local Civil

Rules for the United States Courts of the Eastern and Southern District of New York, states the

following material facts in support of its motion for summary judgment.

### STATEMENT OF MATERIAL FACTS

**A.**     **The Group Application**

      1.     On April 24, 2002, Village Fuel submitted a "Small Employer Group Application

Form" (the "Application") to GHI seeking healthcare coverage for its employees.  (Affidavit of

Geraldine Brand sworn to November 30, 2007, Ex. "A-1," GHI 001301-08("Brand Aff.")).[1]

      2.     In its Application, Village Fuel represented to GHI that it is an "employer group."

(GHI 0013102).

      3.     In response to Question 1 in Section II of the Application, Village Fuel responded as

follows:

               1. a.  How many employees are eligible for coverage?  **11**

---

[1] The reference to numbers without a prefix refer to those documents produced by Village Fuel during the course of discovery.  Documents produced by GHI are Bates Stamped with the prefix "GHI."

> Please note that, by regulation, all employees who work 20 hours or more per week must be eligible for coverage.

(*Id.* at GHI 001301).

4.      In support of its Application, Village Fuel submitted an NYS-45-ATT form, identifying eleven employees for the January 1 through March 31, 2002, the first quarter of the 2002 tax year.  (*Id.* at GHI 000072).

5.      The NYS-45-ATT form indicated that "Scarangella V," with social security number ending "4327," was employed by and received wages in the amount of $450.00 from Village Fuel during the first quarter of the 2002 tax year.  (*Id.*).

6.      The NYS-45-ATT form indicated that "Scarangella N," with social security number ending "8420," was employed by was employed and received wages in the amount of $450.00 from Village Fuel during first quarter of the 2002 tax year.  (*Id.*).

7.      The person identified as "Scarangella N" is the to plaintiff Nicholas Scarangella. (Declaration of Michael H. Bernstein dated December 3, 2007, Ex. "L,"  T. at T134:17-21 ("Bernstein Dec.")).

8.      In response to Question 1 in Section II of the Application, Village Fuel responded as follows:

> 1. c.  Please state the required time period of employment, if any; before an employee becomes eligible for health coverage. **3 months**

(Brand Aff., Ex. "A-1," GHI 001301).

9.      On the following page on behalf of the Village Fuel Group, Patrick Scarangella executed and dated the Application "4/24/02," next to warning stating:

> Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim concerning any materially false information or conceals for the purposes of misleading information concerning any fact material thereto,

2

> commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the sated value of the claim for each such violation.

(*Id.* at GHI 001303).

10.    In response to an inquiry from GHI regarding Patrick and Nicholas Scarangella, Village Fuel responded by letter dated May 17, 2002, stating "[p]lease be advised that the above captioned employees were employed with Village Fuel prior to the dates of actual hire.  They were employed in a part time capacity and not on the payroll."  (*Id.* at GHI 001335)

## B.    The Individual Application

11.    Nicholas Scarangella submitted an individual application to enroll in the group plan offered by Village Fuel.  (*Id.* at GHI 001323-24).

12.    The individual application stated that Nicholas Scarangella's employment began "06/01."  (*Id.* at GHI 001323).

13.    Patrick Scarangella, the Plan Administrator for the Village Fuel Plan, signed the application on behalf of Village Fuel, providing "group authorization."  (*Id.*).

## C.    The Group Contract

14.    GHI issued the Group Contract For Community-Rated Small Groups (the "Group Contract") to Village Fuel effective June 1, 2002.  (Affidavit of José Diaz sworn to November 30, 2007, Ex. "A" ("Diaz Aff."))

15.    Village Fuel is the Policyholder.  (*Id.* at 000658, 000660).

16.    The Group Contract provides that "GHI reserves the right to immediately terminate coverage of any person who is found by GHI not to be eligible under this Contract."  (*Id.* at 000663).

17.    The Group Contract states:

ARTICLE VI-MEMBER DATA

3

> B.  The Policyholder shall maintain complete and accurate records of all Subscribers.  If the Policyholder is an Employer Group the Policyholder shall maintain complete and accurate payroll and personnel records. . . These records shall set forth the eligibility of Subscribers as Full-Time Employees and Retirees and the eligibility of spouses and dependents.

(*Id.* at 000666).

18.     Village Fuel represented that it was an "Employer Group," which, according to the Group Contract, means that it "is a bona fide employer made up of two (2) to fifty (50) eligible Full-Time Employees.  (*Id.* at 00660).

19.     The Group Contract states that "[t]he Employer Group must meet GHI's underwriting requirements for community rated employer groups."  (*Id.* at 000660).

20.     GHI's underwriting requirements at the time Village Fuel submitted the Application, required Village Fuel to "provide proof of employment for each employee at the time of application." (Affidavit of Mary Venis sworn to November 29, 2007, Ex. "A," GHI 001101 ("Venis Aff.")).

21.     GHI's underwriting requirements provided that "[e]ach employee enrolled must appear on a NYS-45, NYS-45-ATT, a 1099, a Schedule K-1, or a Schedule E."  (*Id.*)

22.     According to the Group Contract, an "Employee" is generally a person who meets the criteria set forth by the United States Internal Revenue Service of an "employee" for an Employer group.  (Diaz Aff. Ex. "A," at 000660).

23.     According to the Group Contract, "'Full-Time' means that an Employee actively works twenty (20) hours per week or more" on an on-going basis.  (*Id.* at 000660).

24.     GHI's underwriting requirements similarly required GHI to "consider employees who work more than 20 hours per week on a weekly schedule as full-time and eligible." (Venis Aff., Ex. "A," at GHI 001101).

4

25.     The Group Contract states that "[o]nly eligible Full-Time Employees and, if the Certificate so provides, eligible Retirees of an Employer Group Policyholder, and their spouses and eligible dependents, may be covered under this Contract."  (Diaz Aff., Ex. "A," at 000663).

26.     The Group Contract reserves GHI's "right to immediately terminate the coverage of any person who is found by GHI not to be eligible under this Contract."  (*Id.* at 000663).

27.     The Group Contract provides that "GHI reserves the right to develop other criteria to determine whether persons qualify as 'Employees.'"  (*Id.* at 000660).

28.     The Group Contract requires Village Fuel to "provide to GHI complete and accurate records of each Subscriber and his or her dependents" and to "notify GHI of any changes in enrollment, such as termination of employment or a change in family status of a Subscriber."  (*Id.* at 000666).

29.     Additionally, the Group Contract requires that "[a]ll such records and accounts shall be available at all times for audit and inspection by GHI."  (*Id.* at 000666).

30.     The Group Contract also provides that:

> GHI shall have the right to request, at any time, proof of status as a Full-Time Employee or Retiree. . .GHI shall also have the right to request, at any time, proof of eligibility acceptable to GHI of any person covered under this Contract.  Policyholder shall provide such proof to GHI within ten (10) days of the date of GHI's written request.

(*Id.* at 000666).

31.     The Group Contract also requires Village Fuel to "notify GHI within ten (10) days of knowledge of the change or of receipt of notice from the Subscriber, whichever is earlier" and that "[s]uch notice shall not exceed thirty (30) days from the date of the change."  (*Id.*).

32.     The Group Contract further provides that "GHI shall provide health benefits for a person after the Policyholder advises GHI that such person is a Member," but that GHI may later

5

find such person is not eligible under this Contract," and that the "Policyholder shall then reimburse GHI for the amount of the Provider charges actually paid by GHI on behalf of the person." (*Id.* at 000666).

33.      Between June 1, 2002 through July 31, 2004, Village Fuel continued to certify to GHI that plaintiff Nicholas Scarangella was an eligible enrollee in the Community Rated plan insured by GHI. (*Id.* at 000666).

### 1.      The Certificate of Insurance

34.      Plaintiff received a copy of the Certificate of Health Insurance (the "Certificate") issued by GHI.  (Diaz Aff., Ex. "C").

### 2.      The Village Fuel Tax And Business Records

35.      By letter dated June 24, 2007, GHI requested documents evidencing plaintiff's eligibility and notified plaintiff of such.  (Brand Aff., Ex. "A-1," at GHI 001298-99).

36.       In response to a request by GHI, Village Fuel provided to GHI copies of quarterly tax filings for the 2002 through 2004 time-frame under cover of its letter dated July 6, 2004.  (Brand Aff., Ex. "A-5").

37.      True and correct copies of the quarterly tax forms filed by Village Fuel with the New York State Department of Taxation were produced by Village Fuel as follows:

| Description | Quarter/Year | Bates Range (Brand Aff., Ex. A-5) |
|---|---|---|
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2002 | GHI 001573-74 |
| NYS-45 with NYS-45 ATT | Apr. 1.-Jun. 30, 2002 | GHI 001571-72 |
| NYS-45 with NYS-45 ATT | July 1- Sep. 30, 2002 | GHI 001569-70 |
| NYS-45 with NYS-45 ATT | Oct. 1 – Dec. 31, 2002 | GHI 001565-66 |
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2003 | GHI 001582-83 |
| NYS-45 with NYS-45 ATT | Apr. 1.-Jun. 30, 2003 | GHI 001580-81 |
| NYS-45 with NYS-45 ATT | July 1- Sep. 30, 2003 | GHI 001578-79 |
| NYS-45 with NYS-45 ATT | Oct. 1 – Dec. 31, 2003 | GHI 001576-77 |
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2004 | GHI 001584-85 |

38.     The quarterly tax forms supplied by Village Fuel in July, 2004 inaccurately state plaintiff's social security number.  (*Id.*)

39.     The quarterly tax forms provided by Village Fuel in July, 2004 demonstrate that plaintiff earned the following amounts from Village Fuel during the respective quarters:

| Description | Quarter/Year | Bates Range (Brand Aff., Ex. A-5) | Salary Paid To Nicholas Scarangella |
|---|---|---|---|
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2002 | GHI 001573-74 | $0.00 |
| NYS-45 with NYS-45 ATT | Apr. 1.-Jun. 30, 2002 | GHI 001571-72 | $1,350.00 |
| NYS-45 with NYS-45 ATT | July 1- Sep. 30, 2002 | GHI 001569-70 | $1,950.00 |
| NYS-45 with NYS-45 ATT | Oct. 1 – Dec. 31, 2002 | GHI 001565-66 | $1,950.00 |
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2003 | GHI 001582-83 | $1,800.00 |
| NYS-45 with NYS-45 ATT | Apr. 1.-Jun. 30, 2003 | GHI 001580-81 | $1,950.00 |
| NYS-45 with NYS-45 ATT | July 1- Sep. 30, 2003 | GHI 001578-79 | $1,800.00 |
| NYS-45 with NYS-45 ATT | Oct. 1 – Dec. 31, 2003 | GHI 001576-77 | $1,950.00 |
| NYS-45 with NYS-45 ATT | Jan. 1-Mar. 31, 2004 | GHI 001584-85 | $1,950.00 |

40.     According to the W-2 form submitted by Village Fuel to GHI, Village Fuel paid plaintiff $5,250.00 in "wages, tips, other compensation" for the 2002 tax year.  (Brand Aff., Ex. "A-5," at GHI 001564).

41.     According to the W-2 form submitted by Village Fuel to GHI, Village Fuel paid plaintiff $7,500.00 in "wages, tips, other compensation" for the 2003 tax year.  (*Id.* at GHI 001575).

42.     The W-2 forms issued by Village Fuel inaccurately state plaintiff's social security number.  (*Id.* at GHI 001564, 001575).

43.     The NYS-45 form for the first quarter of 2002 submitted by Village Fuel in support of its application for insurance was not filed with the New York State Department of Taxation. (Brand Aff., Ex. "A-5", at GHI 001315)

7

44.     The NYS-45 form for the first quarter of 2002  submitted by Village Fuel in support of its Application for the issuance of Group Contract represents that Nicholas and Vito Scarangella each earned $450.00 for the First Quarter.  (*Id.*)

45.     The NYS-45 form for the first quarter sent by Village Fuel to GHI with the letter dated July 6, 2004 demonstrates that Nicholas and Vito Scarangella received no wages for the first quarter of 2002.  (*Id.* at GHI 001573-74).

46.     The NYS-45 form for the First Quarter sent by Village Fuel to GHI with the letter dated July 6, 2004 was the version filed with the New York State Department of Taxation.  (*Id.*)

47.     In support of its application for coverage, Village Fuel supplied an NYS-45 form that inaccurately states that plaintiff was employed by Village Fuel in the first quarter of 2002, and that form was never filed with the New York State Department of Taxation.  (*Compare* Brand Aff., Ex. "A-2," GHI 001315 *with* Ex. "A-5," GHI 001574).

48.     Village Fuel has no documentation reflecting that it paid plaintiff any wages or income prior to March 31, 2002.  (Brand Aff., Ex. "A-5").

49.     Village Fuel did not maintain any timecards or timesheets documenting the actual hours worked by plaintiff between June 2002 through July 2004.  (Bernstein Dec., Exs. "N," T. 163:21-164:5; "P").

### 3.     The Termination And Subsequent Events

50.     Village Fuel received GHI's letter dated July 19, 2004 terminating the group's coverage effective June 1, 2002.  (Brand Aff., Ex.  "A-1," GHI 001223).

51.     Village Fuel was advised of the inconsistencies in the tax forms, which included two materially different NYS-45 with NYS-45-ATT forms for the first quarter of 2002 and the different social security numbers listed for plaintiff.  (*Id.* at GHI 001205).

8

52.     Village Fuel did not submit any additional information to GHI after July 19, 2004 attempting to explain these inconsistencies.  (Brand Aff., ¶7).

**D.     The Claims History**

**Claims Received Between June 1, 2002 to December 31, 2002**

53.     GHI's Subscriber History Claims report from 1/01/02 to 12/31/02 accurately identifies all claims submitted to GHI during that time for benefits for Nicholas and Carolyn Scarangella under the Village Fuel plan.  (Brand Aff., Ex. "C," GHI 1115-1122).

54.     GHI's Subscriber History Claims report from 1/01/02 to 12/31/02 accurately identifies all of GHI's payments on plaintiff's behalf for the claims identified on the report.  (Brand Aff., Ex. "C," GHI 1115-1122).

55.     GHI's Subscriber History Claims report from 1/01/02 to 12/31/02 accurately identifies all of GHI's denials of plaintiff's claims identified on the report.  (Brand Aff., Ex. "C," GHI 1115-1122).

**Claims Received Between January 1, 2003 to December 31, 2003**

56.     GHI's Subscriber History Claims report from 1/01/03 to 12/31/03 accurately identifies all claims submitted to GHI during that time for benefits for Nicholas and Carolyn Scarangella under the Village Fuel plan.  (Brand Aff., Ex. "C," GHI 1123-1133).

57.     GHI's Subscriber History Claims report from 1/01/03 to 12/31/03 accurately identifies all of GHI's payments on plaintiff's behalf for the claims identified on the report.  (Brand Aff., Ex. "C," GHI 1123-1133).

58.     GHI's Subscriber History Claims report from 1/01/03 to 12/31/03 accurately identifies all of GHI's denials of plaintiff's claims identified on the report.  (Brand Aff., Ex. "C," GHI 1123-1133).

**Claims Received Between January 1, 2004 to December 31, 2004**

59.     GHI's Subscriber History Claims report from 1/01/04 to 12/31/04 accurately identifies all claims submitted to GHI during that time for benefits for Nicholas and Carolyn Scarangella under the Village Fuel plan.  (Brand Aff., Ex. "C," GHI 1134-1181).

60.     GHI's Subscriber History Claims report from 1/01/04 to 12/31/04 accurately identifies all of GHI's payments on plaintiff's behalf for the claims identified on the report.  (Brand Aff., Ex. "C," GHI 1134-1181).

61.     GHI's Subscriber History Claims report from 1/01/04 to 12/31/04 accurately identifies all of GHI's denials of plaintiff's claims identified on the report.  (Brand Aff., Ex. "C," GHI 1134-1181).

**Claims Received Between January 1, 2005 to December 31, 2005**

62.     GHI's Subscriber History Claims report from 1/01/05 to 12/31/05 accurately identifies all claims submitted to GHI during that time for benefits for Nicholas and Carolyn Scarangella under the Village Fuel plan.  (Brand Aff., Ex. "C," GHI 1182-1186).

63.     GHI's Subscriber History Claims report from 1/01/05 to 12/31/05 accurately identifies all of GHI's denials of plaintiff's claims identified on the report.  (Brand Aff., Ex. "C," GHI 1182-1186).

**E.     Grievances And Administrative Appeals Procedure**

64.     The Certificate of Insurance provides:

> 4. **Grievances.**  If you do not agree with a decision made by GHI (other than a decision regarding the medical necessity or experimental or investigational nature of a requested service), you may file a grievance with GHI.  You may also file a grievance with GHI if you are not satisfied with one or more aspects of this GHI insurance program.  You may authorize a representative to file a grievance on your behalf.  You must file the grievance within one hundred and eighty (180) days from the date you received notice of GHI's decision.

10

Your grievance must include your GHI identification number and claim number(s).  It must also describe your complaint.  It should also include any other information that you wish GHI to consider.

Please send your grievance(s) to:
GHI Grievance Unit
P.O. Box 4007
New York, New York 10116-4007

GHI will reply to your grievance in writing, GHI will reply to your grievance within the time period(s) set forth below.

- Urgent Care Claims: seventy-two (972) hours after GHI's receipt of the grievance
- Pre-Service Claims: thirty (30) days after GHI's receipt of the grievance
- Post Service Claims and other Grievances: sixty (60) days after GHI's receipt of the grievance

(Diaz Aff., Ex. "C," at 34-35).

65.    The Certificate of Insurance provides:

6. **Internal Appeals.**

(a)  **Standard Appeals.**  If GHI denies a claim for a covered service on the basis that the service is not medically necessary or is experimental or investigational in nature, you may file an appeal with GHI.  You may also authorize a representative to file an appeal on your behalf.  You may file the appeal by telephone or in writing.  You must file the appeal within one hundred and eighty (180) days from the date that you receive notice of GHI's denial.  The appeal must include your GHI identification number and claim number(s).  It should also include any medical data and comments in support of your appeal.

You must file a verbal appeal by calling GHI toll free at: 1-888-906-7668.

You must direct written appeals to:
GHI – Utilization Review Appeals
P.O. Box 2809
New York, New York 10116-2809

GHI will acknowledge receipt of your appeal within fifteen (15) days of GHI's receipt of your appeal.  If GHI needs more information to decide your appeal, GHI will also notify you and your Provider of the needed

11

information within fifteen (15) days of GHI's receipt of the appeal.  The time within which GHI must respond to your appeal will vary depending upon the type of claim that you are appealing.  If GHI fails to decide your appeal within these time periods, the service will be deemed approved.

* * *

**Post-Service Claim Appeals.**  In the case of post-service claim, GHI will decide your appeal within thirty (30) business days of GHI's receipt of all necessary information, but not more than sixty (60) days from  GHI's receipt of the appeal.

(*Id.* at 35).

66.     For all claims denied by GHI, plaintiff received Explanations of Benefits ("EOB's"), which set forth the basis for denial. (Brand Aff., Ex. "C").

67.     The claims forms also provided plaintiff and his beneficiary with notice of their rights to pursue an administrative appeal of the adverse benefits determinations.  (Brand Aff., Ex. "B").

68.     The last EOB regarding any of the claims at issue in this litigation was sent to plaintiff on June 29, 2005.  (Brand Aff., Ex. "C," GHI 001186).

69.     Neither plaintiff, his beneficiary, nor any person designated by plaintiff to act on his behalf, filed a grievance or appeal of any of the adverse determinations within 180 days from the date the last EOB was sent.  (Brand Aff., ¶5).

70.     Village Fuel never attempted to appeal or challenge, under the administrative remedies offered under ERISA, GHI's determination that Village Fuel had misrepresented plaintiff status as an eligible enrollee.  (Brand Aff., ¶7).

## F.     <u>Amount Due In Restitution From Village Fuel To GHI</u>

71.     GHI paid $59,146.17 in benefits for plaintiff and his beneficiary for services received between June 2002 to August 2004.  (Brand Aff., Ex. "C").

72.     GHI received $16,784.67 in premium payments for the coverage provided to plaintiff

and his dependents.  (Brand Aff., Ex. "D").

Dated:   New York, New York
         December 3, 2007

                                   Respectfully submitted,
                                   SEDGWICK, DETERT, MORAN & ARNOLD LLP



                         By: s/_____
                             Michael H. Bernstein (MB-0579)
                             John T. Seybert (JS-5014)
                             *Attorneys for Defendant*
                             **GROUP HEALTH INC.**
                             125 Broad Street - 39th Floor
                             New York, New York 10004-2400
                             (212) 422-0202
                             [SDM&A File No. 3188-132541]

13

## CERTIFICATE OF SERVICE

I, John T. Seybert, pursuant to 28 U.S.C. §1746 hereby certify under penalty of perjury that a true and correct copy of the attached **DEFENDANT GROUP HEALTH INC.'S RULE 56.1 STATEMENT OF MATERIAL FACTS** was served via ECF and overnight mail in postage-paid wrapper on the 3rd day of December, 2007 upon the following:

William J. O'Mahony, Esq.
QUADRINO & SCHWARTZ
666 Old Country Road
Garden City, NY 11530

Stephen P. Pazan, Esq.
SPECTOR GADON & ROSEN, P.C.
1000 Lenola Road
P.O. Box 1001
Moorestown, New Jersey 08057

s/ _____
JOHN T. SEYBERT (JS-5014)