UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS SCARANGELLA,

                Plaintiff,

-v-

GROUP HEALTH, INC. and SCARANGELLA &
SONS, INC., d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

                Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/09
```

No. 05 Civ. 5298 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court is the parties' May 15, 2009 joint letter regarding the status of settlement discussions and the remaining claims in this matter. In the letter, Plaintiff states that he no longer wishes to pursue his claims against Defendant Scarangella & Sons, Inc. ("Village Fuel"), and Defendant Group Health, Inc. ("GHI") represents that it no longer wishes to prosecute its cross-claim against Village Fuel for equitable reformation. No party objected to the voluntary dismissal of these claims.

    However, notwithstanding the Court's April 30, 2009 Order that the joint letter should describe "the claims that each . . . party intends to litigate" (Doc. No. 98), GHI failed to indicate whether it wishes to pursue its remaining counterclaims against Plaintiff for rescission and equitable reformation. GHI further disregarded the Court's Order by representing that it "has not decided whether to pursue its cross-claim [against Village Fuel] for rescission . . . ."

    Lastly, GHI contends in the joint letter that its crossclaim for rescission is "still legally viable." GHI's assertion mischaracterizes the Court's March 24, 2009 decision regarding the parties' cross-motions for summary judgment. Simply put, this issue has yet to be resolved. *See,*

*e.g.*, *Scarangella v. Group Health Inc.*, No. 05 Civ. 5298 (RJS), 2009 WL 764454, at *19 (S.D.N.Y. Mar. 24, 2009) ("[T]here are . . . remaining questions as to the nature of GHI's rescission claims, the relief sought, and whether these claims are appropriately brought under section 502(a)(3) of ERISA.").

In light of the foregoing, pursuant to Rule 41(a)(2), IT IS HEREBY ORDERED that Plaintiff's claims against Village Fuel and GHI's crossclaim against Village Fuel for equitable reformation are dismissed.

IT IS FURTHER ORDERED THAT GHI shall show cause, in a letter to be received by the Court by May 26, 2009, why its remaining counterclaims and its crossclaim for rescission should not be dismissed pursuant to Rule 41(b) for failure to comply with the Court's April 30, 2009 Order. If GHI wishes to pursue its rescission claims, the submission shall also precisely describe the relief sought, as well the basis for its position that these claims are equitable in nature under the authority cited in the Court's March 24, 2009 decision.

The Court will address the remaining issues raised in the parties' joint letter after reviewing GHI's submission, if any.

SO ORDERED.

Dated:     May 19, 2009
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE