UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NICHOLAS SCARANGELLA,

                Plaintiff,                                    05 CV 5298 (RJS)(RLE)

      - vs -

GROUP HEALTH and SCARANGELLA & SONS, INC.,
d/b/a VILLAGE FUEL, as Administrator of the
VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

                Defendants.
------------------------------------------------------------------------x

## VILLAGE FUEL'S RULE 72 OBJECTION TO
## THE AMOUNT OF THE LEGAL FEES TO BE AWARDED TO
## VILLAGE FUEL AS CONTAINED IN THE MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

QUADRINO SCHWARTZ
Attorneys for Defendant *Village Fuel*
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Counsel:

Richard J. Quadrino
William J. O'Mahony

**PRELIMINARY STATEMENT**

Magistrate Judge Ellis issued a Report and Recommendation in this matter dated October 26, 2010 recommending that a judgment for legal fees and disbursements be entered in favor of Village Fuel and against GHI in the sum of $101,950.03. After being afforded an ample opportunity, however, GHI specifically refused to pay Village Fuel the amount recommended by Magistrate Judge Ellis and filed Rule 72 Objections on November 9, 2010. Village Fuel now respectfully submits this Memorandum, under Federal Rule 72, objecting to the amount recommended in the Report and Recommendation and seeks judgment in the sum of $282,315.45.

The reason for Village Fuel's objection is that Magistrate Judge Ellis recommended judgment in favor of Village Fuel for "one third" of the amount incurred by concluding that Village Fuel was one third successful as a Defendant in this case. The facts and the law, however, make it clear that Village Fuel should receive its entire amount incurred because: (1) factually, legally, and pragmatically, Village Fuel achieved a 100% successful result against GHI, (2) the approach employed by the Magistrate Judge here, in reducing the award, is directly contrary to – and was specifically rejected by – governing U.S. Supreme Court precedent as to how to view the quantum of success and entitlement to fees for all time expended on a matter, and (3) by any measure, GHI – the original Plaintiff and protagonist in this five-year litigation commenced to avoid paying $400,000 of employee Nicholas Scarangella's medical bills and a refund of sums already paid – not only lost this case *vis a vis* Village Fuel, it also actually lost everything in this case across-the-board, settling the health insurance claims at issue with Plaintiff Nicholas Scarangella by affirmatively **[redacted – confidential]** in full settlement of this case. Indeed, all thirty one (31) of GHI's claims,

counterclaims, cross claims, and affirmative defenses were dismissed. GHI obtained nothing from Village Fuel and nothing from Nicholas Scarangella. To the contrary, GHI was the only party in this matter that **[redacted – confidential]** on the legal claims in the case.

As the Court may recall, this litigation was commenced and pursued by GHI, a health insurer, to obtain a refund of health insurance benefits already paid and to avoid paying an additional $400,000 of medical bills incurred by an employee's spouse under a group health insurance policy governed by ERISA. While the status of the parties in the caption in this Court denominate GHI as Defendant, GHI was the initial Plaintiff, having commenced a state court action in this matter, and it remained the main party seeking relief against Village Fuel, the employer that purchased the group policy for the benefit of its employees.

Quite simply, the only real relief that GHI ever sought against Village Fuel – and that could affect Village Fuel – was a money judgment. Initially, GHI sought a money judgment against Village Fuel for approximately $150,000 in Supreme Court, New York County. That entire case, however, was dismissed in this Court as pre-empted by ERISA.[1] GHI then sought another money judgement against Village Fuel in this Court, under its restitution cross claim against Village Fuel, in the sum of approximately $42,000. That claim was dismissed by this Court, on summary judgment. Thus, GHI's attempts to obtain a money judgment of either $150,000 or $42,000 from Village Fuel failed entirely – twice – by way of a court-ordered dismissal of its legal claims. On the other hand, of course, Village Fuel achieved 100% success in attaining its goal of entirely defeating GHI's legal claims for money damages.

GHI's other efforts to either rescind or reform the group insurance policy or the

---

[1] See Village Fuel's Memorandum in support of its motion for fees for a complete recitation of the relevant facts, procedural history, and citations to supporting documentation and evidence in the docket.

certificate of insurance issued to employee Nicholas Scarangella were geared – as GHI admits – toward cutting off its obligation to pay the $400,000 in medical bills incurred by Carolyn Scarangella, the wife of Nicholas Scarangella.  Indeed, GHI stated in its Objections to the Magistrate Judge's Report and Recommendation that the reformation claim was not to "recover payments" it had previously made, but rather that " . . . GHI's reformation cross claim only sought an Order reforming the group policy . . . to exclude Plaintiff [Nicholas Scarangella] and his dependents from the plan".  GHI's Objections to the Magistrate Judge's Report and Recommendation at p. 6.  These efforts by GHI, while also entirely unsuccessful, did not or could not affect Village Fuel or its legal rights and thus they should not cloud the analysis as to GHI's failure and Village Fuel's 100% success on the only claims that could have affected Village Fuel – the claims for money damages.

In any event, the claims for recision and reformation were based upon the same core facts as the restitution claim; i.e., they involved identical allegations regarding the representations allegedly made to GHI when the group policy was issued.  Thus, the rule in Hensley v. Eckhardt, 461 U.S. 424 (1983) requires that all three of GHI's cross claims against Village Fuel be viewed as part of the same case for purposes of determining whether a party was successful overall.   GHI vacillated as to whether the recision claim sought a money judgment against Village Fuel or whether it was even legally viable as an avenue to obtain a money judgment against Village fuel.[2]  In any event, the recision and reformation claims were abandoned by GHI and dismissed by the Court after this Court pressed GHI in a series of Orders to justify whether these claims had any merit.  The Court required GHI to appear for

---

[2] See GHI's letters to the Court, in response to the court's Orders and Order to Show Cause dated April 30, 2009, May 20, 2009, and June 3, 2009 .

oral argument to show cause why they should not be dismissed, and then GHI withdrew them, on the eve of the oral argument, just prior to trial. Thereafter, not only did GHI abandon these claims and they were dismissed, GHI settled with Plaintiff Nicholas Scarangella by affirmatively **[redacted – confidential]** to resolve the remaining Plaintiff's claims in this lawsuit.

Thus, this "follow the money" analysis helps elucidate what truly happened here: GHI was more than just the outright loser in its quest for money against Village Fuel: its lawsuit backfired tremendously. GHI, the real Plaintiff, ended up obtaining nothing from anyone in this case, either monetarily or equitably and it affirmatively became the **[redacted – confidential]** . In the process, substantial resources of Village Fuel, the Plaintiff, and two courts were expended for five (5) years on GHI's meritless and entirely unsuccessful endeavor.

Accordingly, because the Magistrate Judge's reduction of the fee was in contravention of the Supreme Court's governing rules and factually misread the import of the outcome achieved by Village fuel, it is respectfully requested that the Court modify the award to Village Fuel, to the full amount requested, in the sum of $282,315.45.[3]

---

[3] Village Fuel does not challenge the Magistrate Judge's reduction of the fees for the time spent litigating this matter in state court, prior to removal. That is why Village Fuel's requested amount of $282,315.45 is slightly less than the $303,814.32 amount requested in the moving brief on the fee motion. See the Report and Recommendation at p.22.

## Point I

## THE MAGISTRATE JUDGE'S REDUCTION OF THE FEE AWARD DIRECTLY VIOLATED THE SUPREME COURT'S PRINCIPLES IN <u>HENSLEY v. ECKEHART</u> GOVERNING THE AMOUNT OF FEE AWARDS

The recent Supreme Court decision in <u>Hardt v. Reliance Standard</u>, ___ S.Ct.___, 2010, 2010 WL 2025127 (2010) clarified that the ERISA fee shifting statute involved here does not have a "prevailing party" requirement and thus only "some success on the merits" is required as a threshold for entitlement to a fee award. While we agree with the Magistrate Judge that of course Village Fuel more than meets the threshold, the Magistrate Judge deviated from <u>Hardt</u>'s admonition that a Court should not "conduct a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue". <u>Id</u>. In doing so, the Magistrate Judge incorrectly, we believe: (1) lost sight of the overall result obtained by Village Fuel, (2) segregated its review into a claim-by-claim analysis, and then (3) carried over that mathematical view of success – as to numbers of causes of action – into the separate and distinct analysis as to the <u>amount</u> of the fee to be awarded. That rigid and mathematical approach (i.e., one-third of three claims = a one-third fee award) was rejected, however, by the Supreme Court in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).

<u>Hensley</u> continues to be the governing case, after <u>Hardt</u>,[4] as to how a court must view

---

[4] <u>See</u>, <u>e.g.</u>, <u>Marks Construction v. Huntington National Bank</u>, 2010 WL 3418329 (N.D. W. Va. 2010) (<u>H</u>ensley controls as to amount of the fee and it rejected a mathematical formula based on mathematical comparison of successful claims versus unsuccessful claims, citing <u>Hensley</u>); <u>Porter v. Elk Remodeling</u>, 2010 WL 3395660 (E.D. Va. 2010) (claims based upon a common core of facts cannot be viewed as a series of discrete claims and that a district court should focus upon the significance of the overall relief obtained, citing <u>Hensley</u>).

the "proper relationship of the results obtained to an award of attorney's fees". Id. at 432. Hensley explains how to view the quantum of success and how it relates to entitlement to fees for all of the time expended on a matter. The approach by the Magistrate Judge directly contravened Hensley in a number of significant ways. Correctly applied to the outcome here, Hensley dictates that Village Fuel's success was significant overall relief on a number of alternative claims regarding the same core facts. Thus, no reduction of the fee was warranted.

The Supreme Court noted in Hensley:

❏ "The result is what matters";
❏ "The fee award should not be reduced because the [party] failed to prevail on every contention raised in the lawsuit";
❏ The Court specifically stated its "rejection of a mathematical approach comparing the total number of issues in the case with those actually prevailed upon;
❏ The court "should focus on the significance of the overall relief obtained . . . . in relation to hours reasonably expended on the litigation";
❏ When claims are related by a common core of facts but present different legal theories, they are all part of the same case and "cannot be viewed as a series of discrete claims";
❏ Only unrelated claims dealing with different core facts are to be treated as a "separate lawsuit" and if there is failure on that separate lawsuit then the fee can be reduced due to that failure;
❏ Even if a party obtained success on a monetary damages claim but failed to obtain relief on a claim in equity, or vice versa, "may recover a fee award based on all hours reasonably expended if the relief obtained justified the expenditure of attorney time"; and
❏ A request for attorney's fees "should not result in a second major litigation".

-4-

Hensley, *supra*, at pp. 432-437.

In applying those principles here, it is clear that all of GHI's cross-claims against Village Fuel centered upon the identical common core facts; i.e. the representations allegedly made by Village Fuel to GHI upon purchase of the group policy. See GHI's answer and cross-claims.[5] Those three claims asserted against village Fuel sought money damages and equitable relief, but it was the money damages that was directed at Village Fuel. Indeed, the initial lawsuit was brought only against Village Fuel in state court and the that case sought money damages against Village Fuel as the only Defendant. If recision were to be obtained, it would only affect the employee by cutting off coverage to the employee and his dependants. Village Fuel had already switched to another insurer and the cross claims in this case, after removal, only sought recision of Nicholas Scarangella's certificate of coverage in order to cut off his wife's claims for the $400,000 in outstanding medical bills.

Thus, when the Court dismissed the restitution claim and ended GHI's ability to obtain money damages from Village Fuel, there was success in Village Fuel's favor as to GHI's main quest against Village Fuel. The remaining two claims of reformation and recision were primarily geared toward cutting off Mrs. Scarangella's claims for the $400,000 in outstanding medical bills, but GHI continued to argue, in letters to this Court after the summary judgment decision, that it could still seek money damages on these claims – based upon the identical core facts – against Village Fuel. When pressed by this Court in a series of Orders and in a demand for oral argument and after the Court asserted that the claims were either "dubious"

---

[5] See Village Fuel's Memorandum in support of its motion for fees for a complete recitation of the relevant facts, procedural history, and citations to supporting documentation and evidence in the docket.

or unsustainable, GHI indicated an intent to withdraw the remaining cross claims and the Court dismissed them *sua sponte*, with leave to reopen the case. GHI failed to do so and made seriously false statements to the Court as to its reasons for abandonment of the claims. GHI was keenly aware that Village fuel had sold its assets two years earlier, but falsely stated to the Court that it was discontinuing the claims due to a recent discovery of that fact.[6]

Clearly, the dismissal of these claims was the ultimate result on a series of claims all geared toward obtaining monetary damages from Village Fuel. No damages were obtained, Village Fuel was even unaware of the settlement with Nicholas Scarangella – as GHI asserted – and nothing was paid by Village Fuel to GHI at any time. Thus, rather than focusing on the summary judgment result only, as did the Magistrate Judge, the Supreme Court instructs us to look at the ultimate and overall result on related claims. All of these claims, including the prior claims in state court were dismissed against Village Fuel. Accordingly, Village Fuel obtained complete success.

As to Village Fuel's cross-claim, it was merely an indemnification claim, asserted as a backstop, in the event that Village Fuel had lost the case for any reason. It was an unripe, hypothetical claim over and against GHI that was not litigated at any stage of the case and was never to be reached unless Village Fuel were to be unsuccessful. Accordingly, its dismissal on summary judgment should not be viewed as a one-for-one mathematical "tie" or "draw" between GHI and Village Fuel. Clearly, GHI lost completely and the indemnification never became a factor. Thus, Village Fuel's results, when viewed as Hensley instructs, was

---

[6] For a full recitation of the procedural history and the series of false statement made to the Court by GHI, see Village Fuel's Memorandum in support of its motion for fees and the evidence cited therein and annexed thereto.

completely successful as to all of the claims that GHI pursued against it.

Even all of GHI's other legal claims against Nicholas Scarangella, whether asserted though counterclaims or affirmative defenses, were all dismissed. Village Fuel's efforts overlapped with those of Nicholas Scarangella since both parties were at the same depositions, using the same documents, and combatting the same accusations made by GHI about the application and renewal process for the group insurance policy at issue. Thus, these joint efforts by Village Fuel and Nicholas Scarangella against GHI were all part of the same case, based upon the same core common facts. Since all of these related claims or defenses against Nicholas Scarangella were also dismissed upon either summary judgment or upon settlement, Village Fuel's efforts to assist in the joint defense cannot be said to be failure by Village Fuel on a separate lawsuit on separate claims. Indeed, these efforts were "devoted generally to the litigation as a whole" and thus "difficult to divide the claims on a claim-by-claim basis", Hensley, *supra*, at p. 435.

We respectfully disagree with the Magistrate Judge that the dismissals of all of the remaining claims after summary judgment were akin to a "catalyst theory". That theory deals with voluntary action by a party to cease challenged activity. These dismissals are memorialized in binding "enforceable judgments" obtained by Village Fuel after five years of litigation and after this Court forced the issue as to whether GHI could ever substantiate the remaining claims on their merits. Thus the Magistrate Judge's analogy to the Buckhannon case is inapposite.

**Point II**

**THE SECOND CIRCUIT CASES CITED BY THE MAGISTRATE IN SUPPORT OF THE RECOMMENDED FEE REDUCTION DO NOT TRUMP THE <u>HENSLEY</u> RULE AND ACTUALLY SUPPORT THE AWARD OF A FULL FEE**

The citations on page 20 of the Report and Recommendation to various cases that permit a court to make a partial award based upon a balancing of the <u>Chambliss</u> factors actually supports a full award here.  Contrary to the Magistrate Judge's ultimate conclusion on page 19, he actually found that all five factors were satisfied by Village Fuel because the first prong is either bad faith *or* culpable conduct and culpable conduct was established here.  Thus, that prong – and all others – were satisfied.

Citation by the Magistrate Judge to <u>Kassim v. City of Schenectady</u> (on page 20 of the Report and Recommendation) is also unavailing as a basis for a reduced fee award.  The Second Circuit indeed applied and discussed <u>Hensley</u> and opined that Plaintiff <u>Kassim</u> could indeed be entitled to a full fee award even though he only obtained a small damage award of $2,500.  The Court made clear that fee reductions would not be permissible unless the District Court can identify partial or limited overall success, as <u>Hensley</u> instructs, and that a focus on merely results on issues or claims on summary judgment, rather than the overall final result, cannot justify a reduced fee.

Accordingly, reduction of the fee award based upon citation to the above cases was erroneous.

## **CONCLUSION**

Based upon the foregoing, and for all of the reasons stated in Village Fuel's Memoranda in Support of its fee motion and in Reply, and the evidence annexed thereto, the fee award should not be reduced and judgment should enter in the sum of $282,315.45.

Village Fuel will address the balance of the issues in its opposition to GHI's Rule 72 Objection.


Dated: Garden City, New York
        November 12, 2010

                                            Respectfully submitted,

                                            QUADRINO SCHWARTZ

By:              /s/
     Richard J. Quadrino
     William J. O'Mahony
     Attorneys for *Village Fuel*
     666 Old Country Road - Ninth Floor
     Garden City, New York 11530
     (516) 745-1122