SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS SCARANGELLA,

           Plaintiff,

-v-

GROUP HEALTH, INC. and SCARANGELLA &
SONS, INC., d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

           Defendants.

---

No. 05 Civ. 5298 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of (1) the letter of Defendant Group Health, Inc. ("GHI") dated November 17, 2010, requesting a pre-motion conference on its proposed motion to strike the allegedly untimely objections of co-Defendant Scarangella & Sons, Inc. ("Village Fuel") to Judge Ellis's Report and Recommendation (the "Report"), and (2) Village Fuel's responsive letter dated November 17, 2010, requesting that its delay in filing be excused pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure. Village Fuel is correct when it states that the deadline for filing an objection was November 12, not November 9, as the Report was served on the parties via ECF and mail. *See* Fed. R. Civ. P. 5(b), 6(d). Village Fuel filed its objections at 12:22 a.m. on November 13, 22 minutes after the deadline. The Court construes Village Fuel's letter as a motion for an extension of time due to excusable neglect, pursuant to Rule 6(b)(1)(B). *See Gasdsen v. Jones Lang Lasalle Americas, Inc.*, 210 F. Supp. 2d 430, 436 (S.D.N.Y. 2002).

    "[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay,

its duration, and whether the movant acted in good faith." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). As the objections were filed only 22 minutes late, there was no prejudice to GHI. Village Fuel has provided a plausible reason for the brief delay – difficulties with access to the ECF system – and there is no indication that Village Fuel acted in bad faith. Accordingly, IT IS HEREBY ORDERED that the motion is granted and Village Fuel's objections shall be considered timely filed. IT IS FURTHER ORDERED THAT the request for a pre-motion conference is denied. GHI shall respond to Village Fuel's objections by November 30, 2010. Village Fuel shall respond to GHI's objections by November 29, 2010.

SO ORDERED.

Dated:   November 17, 2010
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE