UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICHOLAS SCARANGELLA,

                     Plaintiff,

       -against-

GROUP HEALTH INC. and SCARANGELLA & SONS,
INC., d/b/a VILLAGE FUEL, as Administrator of the
VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

                  Defendants.

-----------------------------------------------------------------X

Civ. Act. No.: 05 CV 05298 (RJS) (RLE)

DOCUMENT
ELECTRONICALLY FILED

---

**DEFENDANT GROUP HEALTH INC.'S RESPONSE TO VILLAGE FUEL'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendant
Group Health Inc.
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

Michael H. Bernstein
John T. Seybert
     *Of Counsel*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT....................................................................................................1

STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY......................................4

STANDARD OF REVIEW......................................................................................................4

ARGUMENT.......................................................................................................................5

    POINT I

    VILLAGE FUEL HAS FAILED TO DEMONSTRATE THAT IT HAS ACHIEVED ANY
    SUCCESS ON THE MERITS ...........................................................................................5

        A.      NONE OF GHI'S CLAIMS WERE DISMISSED UPON
               VILLAGE FUEL'S REMOVAL OF THIS ACTION FROM STATE COURT.......7

        B.      VILLAGE FUEL DID NOT ACHIEVE ANY SUCCESS ON
               THE MERITS WITH RESPECT TO ITS SUMMARY JUDGMENT MOTION...9

        C.      VILLAGE FUEL CANNOT CLAIM SUCCESS ON THE MERITS
               FOR GHI'S SETTLEMENT WITH SCARANGELLA ............................................13

    POINT II

    VILLAGE FUEL'S ARGUMENT THAT IT IS INAPPROPRIATE TO REDUCE AN
    ATTORNEY'S FEE AWARD FOR UNSUCCESSFUL CLAIMS IS BASELESS ...................14

CONCLUSION...................................................................................................................17

CERTIFICATE OF SERVICE ........................................................................................Attached

NY/624095v1

# TABLE OF AUTHORITIES

Page

### CASES

Buckhannon Board & Care Home, Inc. v. West Virginia Department Of Health & Human Services,
532 U.S. 598 (2001) ................................................................................................................ 5, 12

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) ...................................................................................................................... 7

Chambless v. Master, Mates & Pilots Pension Plan,
815 F.2d 869 (2d Cir. 1987) ........................................................................................................ 16

Enright v. New York City Dist. Council of Carpenters Welfare Fund,
No. 99 Civ. 671 (SAS), 2001 WL 546838, (S.D.N.Y. May 22, 2001) ............................................. 5, 12

Farrar v. Hobby,
506 U.S. 103 (1992) ...................................................................................................................... 16

Hardt v. Reliance Standard Life Ins. Co.,
130 S.Ct. 2149 (2010) ......................................................................................................... 4, 6, 7, 16

Hensley v. Eckerhart,
461 U.S. 424 (1983) ..................................................................................................................... 3, 14

Hewitt v. Helms,
482 U.S. 755 (1987) ...................................................................................................................... 10

Kendall v. Employees Retirement Plan of Avon Prods.,
561 F.3d 112 (2d Cir. 2009) ......................................................................................................... 13

Lawrence v. Richman Group of Conn., LLC.,
660 F. Supp. 2d 292 (D. Conn. 2009) .............................................................................................. 4

LoSacco v. City of Middleton,
71 F.3d 88 (2d Cir. 1995) ............................................................................................................... 4

Massey v. City of Ferndale,
7 F.3d 596 (6th Cir. 1993) .............................................................................................................. 4

NML Capital v. Republic of Argentina,
621 F.3d 230 (2d Cir. 2010) ........................................................................................................... 7

Rhodes v. Stewart,
488 U.S. 1 (1988) .......................................................................................................................... 10

## STATUTES

Employee Retirement Income Security Act of 1974 ("ERISA") §502(g)(1),
    29 U.S.C §1132(g)(1)................................................................................................ 2, 4, 6

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ....................................................................13

Fed. R. Civ. P. 56(a)......................................................................................................................6

FED. R. CIV. P. 72(a) .....................................................................................................................4

N.Y. INS. LAW §3231 ...................................................................................................................11

NY/624095v1

## PRELIMINARY STATEMENT

Defendant, Group Health Inc. ("GHI"), respectfully submits this memorandum of law in response to co-defendant Scarangella & Sons, Inc. d/b/a Village Fuel's ("Village Fuel") objection to Hon. Ronald L. Ellis, U.S.M.J.'s Report and Recommendation dated October 26, 2010 (the "Report").

Village Fuel, as the plan administrator for the Village Fuel employee welfare benefit plan (the "Plan"), improperly certified to GHI that Plaintiff, Nicholas Scarangella ("Scarangella"), met the eligibility requirements of the New York Community-Rated Health Plan requiring that each participant work twenty hours per week on a continuous basis and have worked full-time for the company for at least three-months prior to enrollment in order to be eligible to participate in the Plan. To compound this improper certification, Village Fuel conceded that it did not maintain appropriate records to confirm Scarangella's eligibility and that the records it did have consisted of conflicting New York State tax reporting documents and copies of questionable payroll checks that were deposited back into the account from which they were drawn (with forged endorsements on the back of each check). It was Village Fuel's improper record keeping and improper certification of ineligible employees to participate in the community-rated plan that led to this litigation in the first place. After discovery ended and the Court denied the parties' competing motions for summary judgment, a trial was scheduled. GHI then settled all of its claims with Scarangella for an amount that was substantially less than that demanded in his Complaint, and voluntarily withdrew all claims against Village Fuel — a defunct corporation with no assets, and no pending cross-claims against GHI. Village Fuel then filed a motion seeking attorney's fees and costs, which was referred to Magistrate Judge Ellis for a report and recommendation.

In his Report, Magistrate Judge Ellis recommended that $101,950.03 in attorney's fees and costs to be awarded to Village Fuel in connection with its defense and prosecution of this action.

GHI objected to this award and contends that it is improper and excessive as a matter of law.  The Court is respectfully referred to GHI's formal objections to the Report, which were submitted to this Court on November 9, 2010.  (Doc. No. 139).[1]  Village Fuel also objects to the Report, arguing that the award of fees recommended by Magistrate Judge Ellis was insufficient and that it is entitled to recover 100% of its requested fees in the amount of $282,315.45.[2]  It is respectfully submitted that this Court should reject Village Fuel's objections to the Report because they are based on several mischaracterizations of the facts and history of this case, and also upon misstatements of the controlling law.

In its objection, Village Fuel incorrectly characterizes itself as a successful party entitled to recover attorney's fees under Employee Retirement Income Security Act of 1974 ("ERISA") §502(g)(1), 29 U.S.C. §1132(g)(1).  Notwithstanding Village Fuel's brazen mischaracterizations, however, the undisputed facts show that it did not have any success on the merits, which the Supreme Court has ruled is a threshold requirement before any fees may be awarded under this section.  Consequently, Village Fuel's objections should be disregarded and the Court should instead issue an Order rejecting the Report and awarding no attorney's fees to Village Fuel.

Village Fuel audaciously argues that it obtained a "100% successful result against GHI," even though after this Court decided the competing summary judgment motions, *all* of Village Fuel's affirmative claims were dismissed and it was facing a trial in which it would have to explain its "suspect" recordkeeping and its two sets of New York State tax forms.  Furthermore, in order to claim success on the merits, Village Fuel argues that it obtained a complete dismissal of GHI's state law action.  But this is a flat out misrepresentation of the procedural history of the case since the transcript from the first hearing after this Court assumed jurisdiction over the matter confirms that

---

[1] GHI incorporates all arguments made in its objection herein as if more fully set forth at length.
[2] Village Fuel originally requested $291,673.13 in attorney's fees and $12,141.19 in costs, totaling $303,814.32.  Its objections concede that this amount was overstated from the outset.

no claims were dismissed in the New York State Court Action and that Village Fuel was almost sanctioned for its conduct. Village Fuel also argues that it obtained success on the merits by obtaining a court ordered dismissal of all of GHI's cross-claims seeking monetary damages. This argument ignores the fact that GHI's cross-claims by their explicit terms all sought equitable relief, not money damages, and that the Court dismissed one of its cross-claims, as well as Village Fuel's cross-claim for the same relief for the same reason — that they both sought legal relief not available under ERISA. That ruling, however, did not relieve Village Fuel of its burden to prove that it properly certified Scarangella's eligibility to participate in the Plan at the upcoming trial. Finally, Village Fuel argues that it was successful on the merits because GHI and Scarangella settled the action. But a settlement (particularly one that did not involve Village Fuel) cannot be a basis for a fee award, and Village Fuel may not claim any success for itself on the basis of what Scarangella achieved in this matter.

Village Fuel also argues that once it has shown that it is a "successful party," the Court may not apportion or reduce its fee request based on unsuccessful claims and defenses. Village Fuel relies primarily on the Supreme Court decision in *Hensley* v. *Eckerhart*, 461 U.S. 424, 440 (1983), but the holding in this case actually completely undermines Village Fuel's arguments. In fact, the Supreme Court in *Hensley* held that where a fee claimant "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Here, the sole result that Magistrate Judge Ellis found Village Fuel obtained was based on the Court's *dicta* in its summary judgment decision, stating that GHI's cross-claim for reformation was "dubious" because it sought to recover monetary damages from non-party medical providers. Notably, however, this Court did not dismiss GHI's reformation cross-claim. It is respectfully submitted that this Court's *dicta* is not a sufficient basis for any award of attorney's fees and costs to

Village Fuel and for the reasons discussed in GHI's own objection, no award of fees or cost is appropriate.

For the foregoing reasons and as discussed more fully below, this Court should overrule Village Fuel's objections to Magistrate Judge Ellis's Report and deny its request for attorney's fees and costs in its entirety.

<u>**STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY**</u>

The Court is respectfully referred to GHI's Memorandum of Law In Opposition To Village Fuel's Motion For A Fee Award dated February 5, 2010 (Doc. No. 127), which is incorporated herein by reference.

<u>**STANDARD OF REVIEW**</u>

The Court is respectfully referred to GHI's Objections To The Magistrate Judge's Report dated November 9, 2010, Doc. No. 138, for a discussion of the appropriate standard of review. Village Fuel argues in its response to GHI's Objections that the standard of review to be applied to Magistrate Judge Ellis's Report is "limited to modifying or setting aside any part of the order that is clearly erroneous or contrary to the law" (Doc. No. 143, p. 17) because this Court's Order referring this matter to Magistrate Judge Ellis placed an "X" mark next to the phrase "Specific Non-Dispositive Motions/Disputes." (Doc. No. 103). This statement of the standard of review, however, is incorrect as a matter of law.  The decision to award attorney's fees and costs is not a pretrial matter under Rule 72(a), FED. R. CIV. P.  *See LoSacco* v. *City of Middleton*, 71 F.3d 88, 91 (2d Cir. 1995); *Massey* v. *City of Ferndale*, 7 F.3d 596, 509-10 (6th Cir. 1993).  Moreover, Magistrate Judge Ellis did not "issue a written order stating the decision" as required by Rule 72(a).  Accordingly, this Court should apply a *de novo* standard of review when considering the parties' respective objections to the Report.  *See Lawrence* v. *Richman Group of Conn., LLC.*, 660 F. Supp. 2d 292, 296 (D. Conn. 2009).

## ARGUMENT

## POINT I

## VILLAGE FUEL HAS FAILED TO DEMONSTRATE THAT
## IT HAS ACHIEVED ANY SUCCESS ON THE MERITS

In order for a fee claimant to be entitled to receive any fee award under ERISA §502(g)(1), it must demonstrate that it has achieved "some degree of success on the merits." *Hardt* v. *Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010). Village Fuel claims three basis for this Court to find that it achieved "success on the merits," which are: (i) all of GHI's state law claims were dismissed upon Village Fuel's removal of this action to this Court; (ii) Village Fuel obtained dismissal of all of GHI's claims after summary judgment to the extent that they sought monetary damages; and (iii) Village Fuel caused the settlement between GHI and Scarangella. None of these purported bases are factually or legally accurate, and accordingly, Village Fuel is not entitled to an award of attorney's fees.

Village Fuel's argument for attorney's fees is premised on the fact that it was the catalyst for settlement between GHI and Scarangella. But this theory was rejected by the U.S. Supreme Court in *Buckhannon Board & Care Home, Inc.* v. *West Virginia Department Of Health & Human Services*, 532 U.S. 598, 605-06 (2001), where the court ruled that:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship. . . Never have we awarded attorney's fee for a nonjudicial "alteration of actual circumstances." We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining any judicial relief.

5

(citations omitted).  *See Enright* v. *New York City Dist. Council of Carpenters Welfare Fund*, No. 99 Civ. 671 (SAS), 2001 WL 546838, *3 (S.D.N.Y. May 22, 2001) (ruling that "the catalyst doctrine does not apply to attorney's fee applications under ERISA.") (cited by Report, p. 8).  The simple fact remains that GHI and Scarangella decided to voluntarily settle their differences without the need for a Court to decide the issues in controversy.  Village Fuel played no role in those negotiations and it cannot claim any credit for doing so.  Moreover, the settlement only concerned Scarangella and GHI — not Village Fuel.

In *Hardt* v. *Reliance Standard Life Insurance Co.*, 130 S.Ct. 2149 (2010), the Supreme Court ruled that ERISA §502(g)(1), 29 U.S.C. §1132(g)(1) requires that a claimant must at least achieve "'some degree of success on the merits' before a court may award attorney's fees." *Id.* at 2158.  In *Hardt*, the plaintiff, who was seeking attorney's fees in an ERISA denial of long-term disability benefits case obtained a judicial order remanding the claim to the claims administrator to consider all of the evidence in the claim file within thirty days or judgment would be entered in the plaintiff's favor.  *Id.* at 2159.  Thus, the Supreme Court found that the plaintiff in *Hardt* had obtained a "judicial order" constituting the sort of "judicial imprimatur" necessary for her to demonstrate "success on the merits" warranting an award offer under ERISA §502(g)(1).

Unlike in *Hardt*, Village Fuel has not obtained any judicial order changing the parties' relationship in this lawsuit.  Notwithstanding Village Fuel's claim that it obtained a dismissal of GHI's equitable restitution cross-claim against it, the fact remains that this Court dismissed Village Fuel's equitable restitution cross-claim against GHI for the same reasons that it dismissed GHI's cross-claim and the Court had ordered that a trial proceed in this case to decide the merits of the parties' factual contentions as to whether Scarangella was eligible to participate in the Plan.  It would therefore be anomalous to find Village Fuel to have had success on the merits when it has never

proven to the satisfaction of any fact finder that it properly certified to GHI that Scarangella met the eligibility requirements to be enrolled in the Plan.

Moreover, this Court's decision on the competing motions for summary judgment does not demonstrate that Village Fuel obtained "some degree of success on the merits." The Court found that sufficient factual issues existed on issues of material fact, which resulted in the denial of that motion. (Bernstein Dec., Ex. "R"). Avoiding summary judgment cannot be considered "success on the merits." The summary judgment standard prevents a court from entering an order in favor of a moving party under Rule 56(a), Fed. R. Civ. P., if the opposing party raises a "genuine dispute as to any material fact." *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 324 (1986). Further, when considering a motion for summary judgment, the court must view the facts in a light most favorable to the party opposing the motion. *See NML Capital* v. *Republic of Argentina*, 621 F.3d 230, 236 (2d Cir. 2010). Village Fuel would not be entitled to those same advantages at trial. In this case, this Court found that issues of material fact existed such that it could not rule as a matter of law in favor of any party on the merits of the claims and defenses, which all concerned questions about whether Scarangella was properly enrolled in the Plan. (Bernstein Dec., Ex. "R"). Consequently, there was no "judicial order" in Village Fuel's favor, as there was in *Hardt*. (For example, this Court did not issue any order remanding the claims to GHI for further review or investigation or requiring GHI to provide coverage to Scarangella.) Village Fuel has not obtained "some degree of success on the merits" as a matter of law. *See Hardt*, 130 S.Ct. at 2159; *Buckhannon Board & Care Home, Inc.*, 532 U.S. at 605-06. Accordingly, as set forth more fully below, Village Fuel should not be entitled to a fee award.

A.   **None Of GHI's Claims Were Dismissed Upon Village Fuel's Removal Of This Action From State Court**

Village Fuel asserts that it obtained "success on the merits" because the entire case brought by GHI in State Court was dismissed by this Court as preempted by ERISA upon Village Fuel's

removal of this action to this Court.  (Village Fuel's Objections, pp. 3 of 12 and 9 of 12).[3]  Village Fuel has *never* previously claimed that its belated removal of the prior State Court action resulted in any "success on the merits."[4]  Village Fuel most likely never previously raised this ground as a purported basis for its claim of "success on the merits" because this representation is demonstrably false.  Undisputed facts show that Village Fuel's removal of this action, which was initially brought in the Supreme Court of the State of New York, County of New York, did not result in any success on the merits.  To the contrary, the only "success" Village Fuel achieved was procedural — that is, avoiding a trial date set for April 28, 2005 by the State Supreme Court (Declaration of Michael H. Bernstein dated February 5, 2010, Doc. No. 128 ("Bernstein Dec."), ¶4).  On March 22, 2005, Village Fuel removed this matter to this Court, more than six months too late, asserting ERISA preemption as the basis for federal question jurisdiction.  (*Id.*, Ex. "C").  GHI promptly filed a motion to remand the action to State Court and also sought sanctions.  (*Id.*, Ex. "D"; Declaration of William J. O' Mahony ("O'Mahony Dec."), Ex. " B" dated December 15, 2009).

At the motion hearing concerning whether to remand the action, Hon. Kenneth M. Karas, U.S.D.J. (the original assigned judge) informed Village Fuel's counsel, Richard Quadrino, Esq., that his belated removal was extremely close to sanctionable conduct.  (Bernstein Dec., Ex. "E," T. 26).  In fact, Judge Karas concluded that a reasonable inference for Village Fuel's belated removal of the action was:

> Let me give you another theory, which is that you all were on the losing end of a lot of rulings related to discovery.  You were about to go to trial, and this letter, this March 15 letter, was pretext to get yourself out of a forum you didn't want to be in.  That is a fair inference on the facts as presented in the pleadings I have read.

---

[3] Village Fuel's Memorandum of Law inexplicably restarts page numbering on page 2.  Therefore, the references to page numbers are to those that the Court assigned when the document was electronically filed.
[4] Neither Village Fuel's Memorandum of Law (Doc. No. 119) nor its Reply Memorandum of Law (Doc. No. 131) in support of its attorney's fee application claimed that its removal of the State Court Action achieved any success on the merits.

(Bernstein Dec., Ex. "E," T. 11).   Notably, Judge Karas's conclusions are confirmed by Village

Fuel's counsel's time records submitted in support of this motion for attorney's fees.   (Declaration

of Richard Quadrino dated December 15, 2009 ("Quadrino Dec."), Ex. "C," pp. 4-5).   The time

sheets also confirm that Village Fuel's counsel's only concern on March 21, 2005 (the day before

removal) was how to break free of the State Court rulings.   (*Id*.).   Judge Karas also chastised Village

Fuel's counsel for making "pretzel" type arguments that shift and change as expediency dictates.

(Bernstein Dec., Ex. "F," T. 16:11).   Village Fuel's avoidance of sanctions at this hearing (a close

question according to Judge Karas) can hardly be characterized as "success on the merits."

Remarkably, while Judge Karas negotiated a consent order resolving these issues, Village

Fuel touts this consent order as a "success."   (*Id*., Exs. "F" & "G").   But nothing changed pertaining

to the legal relationship between GHI and Village Fuel.   Village Fuel was still required to prove that

it had not misrepresented Scarangella's eligibility to participate in the Plan.     (*Id*., Ex. "H").

Furthermore, the Court ordered that discovery be pursued on these issues.   Indeed, contrary to

Village Fuel's representations that it successfully obtained a dismissal of GHI's state law action as set

forth in its objection, Village Fuel previously represented to the Court that the Order (Bernstein

Dec., Ex. "G") "permitted GHI to re-file its claims against Village Fuel as cross-claims in the lawsuit

commenced by [Scarangella]."   (Doc. No. 119, p. 9).   Village Fuel reaffirmed this statement to the

Court in its response to GHI's objections.   (Doc. No. 143, p. 9).   Therefore, Village Fuel's

representation that it achieved some "success on the merits" because it obtained dismissal of GHI's

State Court action is a complete misrepresentation of the facts and is utterly without merit.

**B.**     **Village Fuel Did Not Achieve Any Success On The Merits With Respect To Its Summary Judgment Motion**

Village Fuel also claims that it achieved success on the merits because it convinced the Court

to dismiss all of GHI's cross-claims for monetary damages.   (Village Fuel's Objections, pp. 3 of 12

and 8 of 12).   Village Fuel argues that it "achieved 100% success in attaining its goal of entirely

9

defeating GHI's legal claims for money damages." (*Id.*, p. 3 of 12).  This claim of "100% success" is meritless because none of GHI's cross-claims actually sought legal damages and Village Fuel never achieved any success on the merits as to whether Village Fuel improperly certified Scarangella's eligibility to participate in the Plan.

Examining the results of the Court's decision on the summary judgment motions in this case establishes that Village Fuel has achieved no meaningful success on the merits on any aspect of this case.  The Court denied Village Fuel's motion for summary judgment dismissing GHI's cross-claim for rescission because there were issues of fact that required a trial.  (Bernstein Dec., Ex. "R," p. 20).  The Court also found "the record suggests that Village Fuel utilized several suspect practices with respect to its payroll management, records keeping and tax payment practices." (*Id.* at p. 15, n. 3).  Therefore, at a minimum, Village Fuel needed to defend at trial its representation to GHI that Scarangella was eligible to enroll in the Plan.  Accordingly, Magistrate Judge Ellis correctly found that Village Fuel did not have any success on the merits in its defense against GHI's rescission cross-claim because the Court did not dismiss that claim on summary judgment, despite Village Fuel's motion seeking that relief.  (Report, p. 7).

Indeed, the only cross-claims this Court found not to be seeking equitable relief were GHI *and* Village Fuel's dueling cross-claims for equitable restitution.  Magistrate Judge Ellis properly found that Village Fuel did not prevail in prosecuting its own equitable restitution cross-claim against GHI, or even in defending against GHI's equitable restitution cross-claim, because this Court dismissed both of those claims as not cognizable under ERISA.  (Report, p. 6).  While Village Fuel continues to assert that its cross-claim against GHI was vastly different from GHI's cross-claim for restitution, it has never convincingly demonstrated any distinction.  Accordingly, Magistrate Judge Ellis's finding that Village Fuel did not prevail on its equitable restitution cross-claim or in the defense of GHI's equitable restitution cross-claim was correct.  (Report, pp. 6-7).  Indeed, Village

Fuel's claim of "success" on this point is the technical or inconsequential "win" that the Supreme Court has routinely rejected as being insufficient to award *any* fees. *See Hewitt* v. *Helms*, 482 U.S. 755, 763 (1987) (finding the plaintiff's "favorable judicial statement of law in the course of litigation" did not make him a prevailing party for which fees could be granted because he ultimately did not prevail on his claim)*; see also*, *Rhodes* v. *Stewart*, 488 U.S. 1, 4 (1988).  Further, to the extent this result is deemed a "success," it is a success for GHI as well, since it resulted in dismissal of Village Fuel's sole claim against GHI.  Thus, the two rulings offset as far as "success on the merits" is concerned.

This Court also denied Village Fuel's motion for summary judgment dismissing GHI's cross-claim for reformation.  (*Id.*, p. 22).  The reformation cross-claim sought to reform the group contract between Village Fuel and GHI to conform with N.Y. INS. LAW §3231, which requires that minimum eligibility requirements be met.  Since the Court determined that the Plan did set these minimums (Bernstein Dec., Ex. "R," p. 3), there was no reason for GHI to further pursue its reformation claim.  Therefore, GHI's decision to withdraw this cross-claim was not based on Village Fuel's defense, but rather on the Court's legal rulings demonstrating that reformation was unnecessary.

Magistrate Judge Ellis found Village Fuel had some "success on the merits" with respect to GHI's cross-claim for reformation because this Court noted, in *dicta*, that this cross-claim was "dubious" to the extent it sought monetary damages from non-party medical care providers. (Report, p. 10) (citing decision at Bernstein Dec., Ex. "R," 22, n.7).  Notably, however, this Court did *not* find that GHI's reformation cross-claim lacked merit.  To the contrary, the Court found that GHI's reformation cross-claim presented factual issues that needed to be addressed at trial. (Bernstein Dec., Ex. "R," p. 22).  Furthermore, while this Court stated that GHI's cross-claim for reformation was "dubious" to the extent that it sought "to recover payments made to a third-party medical services provider *on behalf of* an ERISA plan beneficiary" (*id.*, p. 22, n. 7), it is respectfully

11

submitted that GHI never made such claim.  GHI's reformation cross-claim only sought an "Order reforming the Group Policy issued to co-defendant, Village Fuel, so that it reflects the terms and conditions GHI would have offered and co-defendant would have initiated and reviewed, had the co-defendant accurately represented the true facts concerning plaintiff's status[;i.e.] that the Group Contract for Community Rated Small Groups issued by GHI to co-defendant be reformed to exclude plaintiff and his dependents from coverage under the plan."  (Bernstein Dec., Ex. "H,"¶71). Accordingly, Village Fuel's claim of "success" in defending against this cross-claim is misplaced because it is based on a claim for relief that GHI had never alleged, and which the Court did not dismiss on Village Fuel's motion.

Village Fuel exaggerates its claim of "success" following the Court's ruling on the parties' competing summary judgment motions.  Following that ruling, Village Fuel still faced having to go to trial to prove that it did not misrepresent Scarangella's eligibility to enroll in the Plan, and also explain why it submitted a materially false New York State tax record to GHI in support of its application for group coverage; why it did not keep actual time records of when employees worked; and finally, explain how it only paid a master plumber minimum wage.  Village Fuel also had to convince a finder of fact that the minimum wage payments by Village Fuel to Scarangella, which were evidenced by forged checks deposited back into the account from which they were drawn, constituted payment of even minimum wage amounts.  While Village Fuel purports to minimize these fraudulent activities, they actually formed the predicate for the entire lawsuit.  Indeed, had Village Fuel not engaged in these activities, this litigation would have never been commenced.

If this matter had not been settled between GHI and Scarangella, then Village Fuel would have been required to prove the merits of its defenses.  Village Fuel's surmise, wishful thinking, and abject mischaracterizations of the reasons why GHI withdrew its reformation claim, or why it settled with Scarangella, are wholly insufficient to support a fee award because they lack the "judicial

imprimatur" on the parties' change in circumstance.  *See Buckhannon Board & Care Home, Inc.*, *supra.*, p. 5; *Enright*, 2001 WL 546838, at *3.   Accordingly, this Court should overrule Village Fuel's objection on this point, reject the recommendations set forth in the Report and hold that Village Fuel did not demonstrate any success on the merits based on this Court's decision and order on the competing summary judgment motions.

## C.   Village Fuel Cannot Claim Success On The Merits For GHI's Settlement With Scarangella

Village Fuel claims it had success on the merits because GHI settled with Scarangella. (Village Fuel's Objections, p. 2 of 12). But as Magistrate Judge Ellis correctly concluded, "Village Fuel lacks standing to claim a success based on the benefit conferred on an adverse party."  (Report, p. 11).  It is worth noting that Scarangella was pursuing a claim for benefits against *both* Village Fuel and GHI.  (Bernstein Dec., Ex. "E").  Manifestly, Village Fuel does not have Constitutional standing or the requisite statutory standing under ERISA to pursue an award of fees for GHI's settlement with Scarangella.  *See* ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B); *see also Kendall* v. *Employees Retirement Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009) ("A plan participant suing under ERISA must establish both statutory standing and constitutional standing, meaning the plan participant must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty.").  Village Fuel must demonstrate that *its* position and defense in this lawsuit resulted in its own success on the merits; not that Scarangella had some success.

The factual record shows that following the April 30, 2009 pre-trial conference with the Court, GHI resolved its disputes with Scarangella.  Although the terms of the settlement are confidential, the agreement has been provided to the Court under seal. (O'Mahony Dec., Ex. "J").  As the Court can see, all of Scarangella's claims, including any claim for Scarangella's attorney's fees were resolved by this agreement.  Also, the settlement amount is significantly lower than the amount

demanded in the Complaint, and that includes the amount paid for attorney's fees.  Village Fuel played no role and did not participate in the settlement.  As part of the settlement, Scarangella also agreed to dismiss his claims against GHI with prejudice.  (O'Mahony Dec., Ex. "J").  At that point, since further litigation against judgment-proof Village Fuel was economically pointless, GHI voluntarily dismissed its remaining cross-claims.  (Bernstein Dec., Ex. "V").  Village Fuel continues to incorrectly assert that GHI's reason for voluntarily dismissing its cross-claims against it following settlement with Scarangella was merely an excuse to avoid a trial.  This argument rings hollow.  GHI had no reason to pursue its claims against Village Fuel any further because it had no assets to pay any potential judgment or to satisfy any award of attorney's fees.  GHI saw no purpose to pursuing a Pyrrhic victory — that is, a judgment against a party with no assets to satisfy it.  This is why GHI advised the Court that it was withdrawing its remaining claims.  The Court then dismissed the settled action in its entirety with prejudice and without costs or fees to any party.   (Bernstein Dec., Ex. "W").  Village Fuel seeks an award of attorney's fees as a reward for continuing to litigate for litigation's sake and the opportunity to generate a fee, but not for any efforts to actually defend its assets from the consequences of this lawsuit.  Such behavior should not be encouraged with an award of fees.

## POINT II

### VILLAGE FUEL'S ARGUMENT THAT IT IS INAPPROPRIATE TO REDUCE AN ATTORNEY'S FEE AWARD FOR UNSUCCESSFUL CLAIMS IS BASELESS

Village Fuel argues that it was wrong for Magistrate Judge Ellis to recommend a reduction in the recommended attorney's fee award based on his finding that Village Fuel had limited success on GHI's cross-claim for reformation.  (Obj., p. 6 of 12).  Village Fuel argues that the application of a two-third reduction of its attorney's fees claim was improper under *Hensley* v. *Eckerhart*, 461 U.S. 424

(1983).[5]  In actuality, however, Village Fuel's representation of the ruling in *Hensley* is contrary to the

Supreme Court's holding in that case.

In *Hensley*, the plaintiffs sought attorney's fees and costs after obtaining "substantial" relief

on their constitutional claims against the defendant based on defendants treatment of patients at a

state owned facility.  461 U.S. at 438.  The District Court reduced the fee award requested because

of the inexperience of one of plaintiff's counsel.  *Id.* at 429.  The Eighth Circuit affirmed the award.

*Id.*  The U.S. Supreme Court granted *certiorari* to consider the issue, and held that:

> Where the plaintiff has failed to prevail on a claim that is distinct in
> all respects from his successful claims, *the hours spent on the unsuccessful
> claim should be excluded in considering the amount of a reasonable fees*.  Where
> a lawsuit consists of related claims, a plaintiff who has won
> substantial relief should not have his attorney's fee reduced simply
> because the district court did not adopt each contention raised.  But
> where the plaintiff achieved only limited success, the district court
> should award only that amount of fees that is reasonable in relation
> to the results obtained.

461 U.S. at 440 (emphasis added).  The Supreme Court further ruled that "[a] reduced fee award is

appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as

a whole."  *Id.*  The Supreme Court also recognized that a "district court may attempt to identify

specific hours that should be eliminated, or it may simply reduce the award to account for the

limited success."  *Id.* at 436-37.

Applying the Supreme Court's rulings in *Hensley*, Village Fuel's fee request should have been

reduced substantially below the $101,950.03 recommended by Magistrate Judge Ellis.  First, Village

Fuel did not obtain any "substantial relief" based on its own efforts.  After the competing summary

judgment motions were decided, Village Fuel faced a trial on *all of the same issues* that were alleged in

---

[5] GHI objects to the reduction by only two-thirds because Village Fuel was unsuccessful in its cross-claim against GHI and did not prevail in its defense against Scarangella's claims, which were not factored into Magistrate Judge Ellis's calculations.  As a result, the attorney's fee award should not have been greater than one-fifth of the requested fees amount, using this pure "mathematical" assessment.  GHI, however, objects to such an approach in any event.

Scarangella's Complaint and in GHI's cross-claims. The only notable change was that GHI and Village Fuel's cross-claims for restitution against each other had been dismissed by the Court. (Bernstein Dec., Ex. "R"). This is not "substantial relief" and therefore, Village Fuel is not entitled to all of the attorney's fees it seeks in this case.

Second, *Hensley*, the Court ruled that in circumstances where a fee award is appropriate, it is also appropriate to reduce a fee request to limit the award to only that work applicable to the part of the case in which the party had some success. Here, Magistrate Judge Ellis found that Village Fuel had some success on the merits of GHI's reformation claim (a finding GHI disputes). If this Court accepts Magistrate Judge Ellis's reasoning, however, the specific entries in Village Fuel's attorney's time records relating to its defense of the reformation claim are nominal at best. (Quadrino Dec., Ex "C," p. 42) (amounting to no more than nine hours of time). Similarly, if the Court decided to apply a percentage reduction, Village Fuel's fee request should be substantially reduced to reflect that, of the forty-nine pages of briefing it submitted in support of its motion for summary judgment, and in opposition to GHI's motion for summary judgment, a total of 3 pages related to the issue on which it purportedly prevailed; i.e. 6% of Village Fuel's time is was spent on this purportedly successful defense. (Doc. Nos. 60, pp. 22-24; 64, p. 25).

Third, the Court should actually reduce Village Fuel's fee award to *zero* because it never refuted GHI's cross-claims that it had misrepresented Scarangella's eligibility to enroll in the Plan. In *Farrar* v. *Hobby*, 506 U.S. 103, 109-11 (1992), the district court awarded the plaintiffs $280,000 in attorney's fees after they had "prevailed" at trial, obtaining a nominal judgment for $1 out of the $17 million they had initially demanded. The Supreme Court ruled that when a party obtains this type of "technical" win, attorney's fee awards may be properly reduced to an amount consistent with the result. *Id.* at 576-77. The Supreme Court ruled, "[a]fter all, where *the only* reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is

16

no fee at all." *Id.* at 577 (italics in original).  Here, there has never been a judicial finding that Scarangella was eligible to enroll in the Plan.  (Bernstein Dec. Ex. "R").  It would therefore be unjust for this Court to award any attorney's fees to Village Fuel based on its purported technical victory because it has not proven that it was not liable for its misrepresentations of Scarangella's eligibility to enroll in the Plan.

Fourth, the Court should consider the *Chambless* factors, in determining whether any attorney's fee award is appropriate under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).  *Chambless* v. *Master, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987); *see Hardt*, 130 S.Ct. at 2154, n. 1. Magistrate Judge Ellis considered those factors in his Report.  (Report, pp. 12-19).  Notably, Village Fuel's objection fails to address those factors in connection with its attorney's fee application.  (Doc. No. 139).  GHI respectfully refers the Court to its discussion of the *Chambless* factors in its objections to the Report, which are incorporated herein by reference.  (Doc. No. 138, pp. 9-21).  An award of attorney's fees to Village Fuel, a company that sold off all of its assets during this litigation and has no assets to satisfy either a judgment or a fee award, would only serve to encourage parties with no stake in the litigation to continue the litigation in the hopes of generating a fee without any concern that it would face any similar liability if it is ultimately unsuccessful.

## CONCLUSION

For the foregoing reasons, this Court should overrule Village Fuel's objections to United States Magistrate Judge Ronald Ellis's Report and should not award any attorney's fees and costs to Village Fuel.

NY/624095v1

Dated:  New York, New York
           November 30, 2010

                                        Respectfully Submitted,


                                        s/_____
                                        Michael H. Bernstein (MB 0579)
                                        John T. Seybert (JS 5014)
                                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                          *Attorneys for Defendant*
                                          *Group Health Inc.*
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202
                                        [SDMA File No. 03188-132541]

18

## CERTIFICATE OF SERVICE

I, **JOHN T. SEYBERT**, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT GROUP HEALTH INC.'S RESPONSE TO VILLAGE FUEL's OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** was served via ECF And Regular Mail on this 30th day of November, 2010, upon the following:

>Richard J. Quadrino Esq.
>Quadrino & Schwartz
>666 Old Country Road
>Garden City NY 11530
>Business Phone:  (516) 745-1122
>Business E-mail:  rjq@quadrinoschwartz.com

s/_____
JOHN T. SEYBERT (JS 5014)

Dated:     New York, New York
           November 30, 2010

NY/624095v1