UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NICHOLAS SCARANGELLA,                    Civil Action No.:
                                         05 CV 5298 (RJS) (RLE)
                                  Plaintiff,

   -against-

GROUP HEALTH INC. and SCARANGELLA &
SONS, INC. d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

                                  Defendants.

-------------------------------------------------------------------X

### DEFENDANT SCARANGELLA & SONS, INC. d/b/a VILLAGE FUEL'S NOTICE OF NEW DEVELOPMENTS CONCERNING THE PARTIES' OBJECTIONS TO MAGISTRATE ELLIS' REPORT AND RECOMMENDATION DATED OCTOBER 26, 2010

Defendant Scarangella & Sons, Inc. d/b/a Village Fuel ("Village Fuel") respectfully submits this Notice of New Developments to advise the Court of several recent decisions which are relevant to the parties' Objections to Magistrate Judge Ellis' Report and Recommendation dated October 26, 2010 (Doc. Nos. 138 and 143) and the parties' responses to those objections (Doc. Nos.142 and 144):

1) McKay v. Reliance Standard Life Ins. Co., 428 Fed. Appx. 537(6th Cir. June 27, 2011)(copy attached);

2) Zacharkiw v. Prudential Ins. Co. of America, 2012 WL 39870 (E.D.P.A. Jan. 6, 2012)(copy attached);

3) Olds v. Ret. Plan of Int'l Paper Co., Inc., 2011 WL 2160264 (S.D. Ala. June 1, 2011)(copy attached);

4) Holstrom v. Met. Life Ins. Co., 2011 WL 2149353 (N.D. Ill. May 31, 2011)(copy attached);

      5)      <u>Hewel v. Long Term Disability Income Plan For Choices Eligible Emps. Of Johnson & Johnson</u>, 2010 WL 2710582 ( D.N.J. 2010)(copy attached);

      6)      <u>Howley v. Mellon Fin. Corp.</u>, 2011 WL 2600664 (D.N.J. June 27, 2011)(copy attached).

In <u>McKay</u>, the United States Court of Appeals for the Sixth Circuit affirmed an award of attorneys fees to a plaintiff based upon a finding that he achieved 'some success on the merits" by achieving a remand from the district court to the carrier for further consideration of his claim, even though the carrier ultimately denied the claim and the district court and Court of Appeals affirmed the denial of his benefit claim. The Court of Appeals affirmed the district court's finding that the plaintiff's receipt of "another shot at his claimed benefits" was "some success on the merits" as required by <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 130 S.Ct. 2149, 2152, 176 L.Ed.2d 998 (2010).

The <u>McKay</u> decision is also significant because it cites to the Supreme Court's <u>Hardt</u> decision. Notably, the <u>Warner</u> decision cited by Group Health Inc. ("GHI") in its January 17, 2012 letter does not cite to <u>Hardt</u> and refers to the anachronistic and legally erroneous "prevailing party" standard that <u>Hardt</u> held is inapplicable to ERISA fee awards.

The <u>Zacharkiw</u>, <u>Holstrom</u>, and <u>Hewel</u> decisions awarded fees to ERISA plaintiffs following insurers' voluntary decisions, following the commencement of litigation, to either pay benefits or remand the claim back to the carrier for further consideration. The decisions set forth the rationale for finding the voluntary decisions by the carriers to have been caused by the litigation efforts and to constitute "some success on the merits." The decisions also discuss how the award of attorneys fees will deter benefit administrators from wrongful conduct.

The <u>Olds</u> decision awarded attorneys fees where a claimant obtained a remand to the carrier for a "full and fair review" of his claim based upon the defendant's violation of ERISA and its implementing regulations. In doing so, the district court found that the claimant's attainment of a remand, after prevailing

on his argument that the defendant violated his procedural right to a full and fair review, was "some success on the merits " entitling him to an award of fees under Hardt.

Finally, the Howley decision held that a defendant's "abdication of fiduciary responsibilities" and "disingenuous nature of [its] claims as to the [claimant's] employment status" justify a finding of culpability weighing in favor of an award of fees. The decision also recognized that fees should be awarded even for claims on which the party was unsuccessful "where the overwhelming legal issue that drove this litigation is the one on which [the party] prevailed." 2011 WL 2600664 at *2.

Dated: Garden City, New York
February 22, 2012

                                          Respectfully submitted,
                                          QUADRINO SCHWARTZ

                    By:    s/ William J. O'Mahony
                            William J. O'Mahony
                            Attorneys for *Village Fuel*
                            666 Old Country Road - Ninth Floor
                            Garden City, New York 11530
                            (516) 745-1122