UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————

No. 05 Civ. 5298 (RJS)

———————————————

NICHOLAS SCARANGELLA,

Plaintiff,

VERSUS

GROUP HEALTH INC. and SCARANGELLA & SONS, INC. d/b/a VILLAGE FUEL,

Defendants.

———————————————

OPINION AND ORDER
July 3, 2012

———————————————

RICHARD J. SULLIVAN, District Judge:

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that his wife was wrongfully denied benefits under the terms of an employee benefits plan that was insured by Defendant Group Health Inc. ("GHI") and administered by Plaintiff's employer, Defendant Scarangella & Sons, doing business as Village Fuel ("Village Fuel"). In answering Plaintiff's Complaint, GHI asserted counterclaims against Plaintiff and crossclaims against Village Fuel under ERISA. Village Fuel also brought a crossclaim against GHI. After the Court ruled on Defendants' cross motions for summary judgment, GHI settled with Plaintiff and voluntarily dismissed its crossclaims against Village Fuel. Village Fuel subsequently moved for attorneys' fees under ERISA against GHI.

Presently before the Court is the Report and Recommendation ("Report") of the Honorable Ronald L. Ellis, Magistrate Judge, regarding Village Fuel's motion for attorneys' fees, as well as objections and responses to objections from both Village Fuel and GHI. For the reasons stated below, the Court adopts the Report in part, but concludes that Village Fuel is not entitled to an award of attorneys' fees.

I. BACKGROUND

In early 2002, Village Fuel entered into a contract with GHI, whereby GHI agreed to provide health insurance coverage to Village

Fuel's employees.[1] On June 1, 2002, Plaintiff – an employee of Village Fuel – enrolled in the GHI program and received health insurance coverage for approximately two years. In 2004, however, GHI reviewed Plaintiff's eligibility for benefits and concluded that Village Fuel had falsely represented that Plaintiff was eligible for coverage as a full-time employee. In July 2004, GHI informed Village Fuel that it was retroactively terminating health insurance coverage for Village Fuel's employees, effective June 1, 2002, due to alleged inaccuracies in the documents submitted in support of Village Fuel's initial application for health insurance coverage.

After the termination of coverage, Village Fuel informed GHI that its termination was "shocking" and that the decision would be "vigorously opposed." *Scarangella*, 2009 WL 764454, at *6 Nevertheless, GHI, Village Fuel, and Plaintiff attempted to resolve alleged discrepancies with regard to Plaintiff's employment. *See id.* at *5-6. When the parties were unable to resolve these disputes, GHI and Plaintiff both initiated lawsuits.

A. Procedural History

After it terminated insurance coverage in July 2004, GHI commenced an action against Village Fuel in New York State Supreme Court, New York County, seeking equitable rescission of the insurance policy it had issued to Village Fuel and recovery of the value of the benefits it paid under the health insurance plan. After filing a responsive pleading in October 2004, Village Fuel removed the state court action to the Southern District of New York in March 2005. The case was assigned to Judge Karas. In April 2005, GHI filed a motion to remand the action to the New York Supreme Court.

In June 2005, while GHI's motion to remand was pending, Plaintiff commenced the present action, which was also assigned to Judge Karas. Subsequently, GHI and Village Fuel agreed to dismiss the removed action. On August 30, 2005, GHI filed its Answer in this matter, which contained claims for (1) equitable restitution, (2) equitable rescission, and (3) equitable reformation, asserted as counterclaims against Plaintiff and crossclaims against Village Fuel. In September 2005, Plaintiff and Village Fuel filed responsive pleadings in connection with GHI's claims. In its pleading, Village Fuel also filed a crossclaim against GHI for equitable restitution.

The case was reassigned to my docket on September 4, 2007. Following discovery, on December 3, 2007, GHI filed a motion for summary judgment. Plaintiff and Village Fuel filed opposition papers to the motion, and Village Fuel also filed its own motion for summary judgment. By Memorandum and Order dated March 24, 2009, this Court granted in part and denied in part GHI's motion, granted in part and denied in part Village Fuel's motion, and entered partial summary judgment in favor of Plaintiff, *sua sponte*, dismissing GHI's and Village Fuel's equitable restitution claims.

After the Court's ruling, the remaining claims consisted of (1) Plaintiff's claims against Village Fuel and GHI, and (2) GHI's crossclaims and counterclaims for equitable rescission and equitable reformation. 2009 WL 764454, at *22. As mentioned above, Plaintiff settled with GHI and subsequently

---

[1] The Court presumes familiarity with its Opinion and Order dated March 24, 2009, in which the facts underlying this case were discussed extensively. *See Scarangella v. Group Health Inc.*, No. 05 Civ. 5298 (RJS), 2009 WL 764454 (S.D.N.Y. Mar. 24, 2009).

withdrew his claim against Village Fuel, and GHI voluntarily dismissed its remaining crossclaims against Village Fuel. (VF Mem. at 13.) The case was closed in July 2009. (Doc. No. 102.)

On August 11, 2009, Village Fuel filed the present motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), requesting an award of $303,814.32. This Court referred the motion to Judge Ellis on August 12, 2009.

### B. Judge Ellis's Report and Recommendation

Judge Ellis filed his Report and Recommendation regarding Village Fuel's application for attorneys' fees on October 26, 2010. Judge Ellis made three distinct findings regarding the propriety and amount of such an award. First, Judge Ellis analyzed whether Village Fuel was a "prevailing party" or had achieved "some degree of success" on its claims that would, under *Hardt v. Reliance Standard Life Insurance Company*, 130 S. Ct. 2149 (2010), justify the award of fees. Judge Ellis concluded that Village Fuel did not prevail in prosecuting its equitable restitution claim against GHI or in defending against GHI's equitable restitution claim, because this Court dismissed both claims as not cognizable under ERISA. (Report at 6.) Judge Ellis also found that Village Fuel did not have success on the merits in defending against GHI's rescission crossclaim, because the Court did not dismiss that claim on summary judgment. (*Id.* at 7.) Furthermore, Judge Ellis found that the settlement between GHI and Plaintiff did not constitute "success on the merits" for Village Fuel, because the substantive arguments advanced against GHI by Village Fuel and Plaintiff were wholly distinct. (*Id.* at 11.) However, Judge Ellis found that Village Fuel had "some degree of success" with regard to GHI's equitable reformation claim, because, in his estimation, the Court's comments "indicate its opinion regarding [Village Fuel's] likelihood of success on the merits." (*Id.* at 10.)

Second, Judge Ellis applied the five factors under *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987), to determine whether an award of attorneys' fees was appropriate. After analyzing each factor, Judge Ellis concluded that such an award was warranted.

Third, Judge Ellis limited the fee award pursuant to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), to a "reasonable amount," which he found to be $101,950.03. Even though Village Fuel had asked for $303,814.32 in attorneys' fees and costs, Judge Ellis found $101,950.03 to be "reasonable" because he subtracted the portion of fees incurred before the federal court assumed jurisdiction and then awarded one-third of that amount because Village Fuel had only obtained success on one out of the three claims.

### C. Parties' Objections

Both parties filed objections to Judge Ellis's Report (Doc. Nos. 138, 140), as well as responses to the other's objections (Doc. Nos. 143, 144).

GHI objects that Village Fuel cannot be considered a "prevailing party," and that an award of fees and costs was inappropriate. Alternatively, GHI argues that even if Judge Ellis was correct that Village Fuel had obtained *some* success on its claims, the award was still unwarranted under the five-factor test in *Chambless*.

In contrast, Village Fuel agrees with Judge Ellis's finding that it had obtained "some success on the merits" concerning

3

GHI's equitable reformation claim.[2] However, Village Fuel argues that it should receive a judgment in the sum of $282,315.45 instead of the "one third" figure that Judge Ellis recommended. Village Fuel argues that it should receive the "entire amount incurred" because (1) Village Fuel "achieved a 100% successful result against GHI," (2) the approach employed by Judge Ellis in reducing the award "is directly contrary to . . . U.S. Supreme Court precedent," and (3) GHI "lost everything in this case across-the-board." (Doc. No. 140 at 2.)[3] Village Fuel further contends that Plaintiff's success in having GHI's claims against him dismissed or settled should be regarded as a victory for Village Fuel as well, because of Village Fuel's "effort to assist in the joint defense." (*Id.* at 7.)

In addition to their objections, the parties made various letter submissions dated February 24, 2011, February 25, 2011, January 17, 2012, and February 22, 2012, regarding "new developments" relevant to the motion.

II. STANDARD OF REVIEW

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, motions for attorneys' fees should be treated as "dispositive pretrial matter[s]" for the purposes of reviewing objections to a magistrate judge's decision.[4] Accordingly, the Court will review *de novo* those portions of Judge Ellis's Report to which the parties objected. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); *see also Choudhury v. Barnhart*, No. 04 Civ. 142 (RJH/AJP), 2005 WL 2592048, at *1 (S.D.N.Y. Oct. 11, 2005) (applying the same standard of review regarding a magistrate judge's decision on attorneys' fees in a social security case).

III. DISCUSSION

A. Standard for Attorneys' Fees in ERISA Cases

Under ERISA, district courts have the discretion to award "a reasonable attorney's fee and costs of action to [a participant, beneficiary, or fiduciary]." 29 U.S.C. § 1132(g)(1). Although the plain language of the statute indicates that fees and costs can be awarded to any party, the Supreme Court recently clarified in *Hardt* that in ERISA cases, "absent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees." 130 S. Ct. at 2158 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). A claimant does not satisfy the "some degree of success on the merits" requirement with "'trivial success on the merits' or a 'purely procedural victor[y],' but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688, n.9).

---

[2] Village Fuel did not directly object to Judge Ellis's findings that it had not obtained success on the merits with regard to other claims. (Doc. No. 143 at 19-22.)

[3] Because the page numbers in Village Fuel's Objections brief are inconsistent, the Court refers to the ECF page numbers on the document.

[4] Although the Court checked the box on the Referral Order beside "Specific Non-Dispositive Motion/Disputes" (Doc. No. 103), which Village Fuel insists means that the Report and Recommendation is reviewed at the "clearly erroneous" standard (Doc. No. 143), the standard governing a magistrate judge's recommendation on a motion for attorneys' fees is specifically set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 54(d)(2)(D), 72(b)(3). The Court will abide by that standard.

If the court finds that the claimant had some success on the merits, it must then determine whether an award of attorneys' fees is appropriate. *Hardt*, 130 S. Ct. at 2157. As Judge Ellis set forth in his Report, the court may consider five factors to determine the appropriateness of a fee award: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* at 2154 n.1 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993)); *see also Chambless*, 815 F.2d 869. Finally, the court must limit the award to a reasonable amount. *Id.* at 2155 (citing *Hensley*, 461 U.S. at 433).

In this case, the Court need not look past the first prong of the test to determine that Village Fuel is not entitled to an award of attorneys' fees.

### B. Village Fuel Did Not Obtain Success On the Merits

A party must have "some degree of success on the merits" in order for an award of attorneys' fees to be appropriate. In *Hardt*, for instance, the plaintiff challenged the defendant insurance company's denial of benefits. After rejecting motions for summary judgment filed by both plaintiff and defendant, the district court in *Hardt* found "compelling evidence" that the plaintiff was totally disabled and stated that it was "inclined to rule in [her] favor." 130 S. Ct. at 2154. Nevertheless, the court remanded the denial of benefits decision and ordered the defendant to "adequately consider[] all the evidence [or else] judgment will be issued in favor of [plaintiff]." *Id.* The defendant conducted further review, found plaintiff eligible for the benefits at issue, and paid plaintiff past-due benefits. *Id.* Thereafter, the district court granted plaintiff's subsequent motion for attorneys' fees under § 1132(g)(1). *Id.* In affirming the district court's award, the Supreme Court rejected the defendant's argument that "a court order remanding an ERISA claim for further consideration can never constitute 'some success on the merits,' even if such a remand results in an award of benefits." *Id.* Although the plaintiff did not prevail on summary judgment, she was nonetheless awarded attorneys' fees because the district court's emphatic language made it clear that it had effectively found that plaintiff had won on the merits and would enter judgment in her favor.

The Second Circuit has not specifically defined what minimum amount of success constitutes "some degree of success on the merits." However, at least one Second Circuit case has recognized that parties "achieved both prevailing party status and some degree of success on the merits . . . [where] the district court granted summary judgment [on the merits] in their favor and we affirmed." *See Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011). Courts in this district have also held that a plaintiff who obtained the relief that she sought in her complaint obtained "some success." *See Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 540 (S.D.N.Y. 2011). On the other hand, the Second Circuit found no success on the merits when the party seeking attorneys' fees had lost his case after a bench trial. *See Katzenberg v. Lazzari*, 406 Fed. App'x 559, 563 (2d Cir. 2011).

As set forth below, the Court finds that Village Fuel has not achieved sufficient

5

success on the merits on any claim to warrant the award of attorneys' fees and costs.

### 1. Equitable Restitution Claims

GHI and Village Fuel both made claims under the theory of equitable restitution, which were both dismissed by this Court. The Court disposed of GHI's claim because it concluded that the relief sought by GHI under the theory of "equitable restitution" was, in fact, a claim for legal damages, which are unavailable under section 502(a)(3) of ERISA. *Scarangella*, 2009 WL 764454, at *15. Village Fuel's claim for equitable restitution was dismissed for the same reasons. *Id.* at *20.

Judge Ellis properly notes in the Report that the District Court's language did not imply that either party was any more successful on the merits, and that both parties' claims suffered from the same deficiencies. (Report at 7.) Therefore, as Judge Ellis found, neither party can be considered to have prevailed on this claim.

In objecting to the Report, Village Fuel recharacterizes GHI's dismissed claim as having "failed entirely," and states that Village Fuel achieved "100% success" in defeating GHI's legal claims. (*See* Doc. No. 140 at 2.) This is a gross mischaracterization of the procedural history, however. While GHI's claim against Village Fuel was dismissed, this cannot constitute "success on the merits," as the Court dismissed both equitable restitution claims on purely procedural grounds. *Hardt*, 130 S. Ct. at 2158. Accordingly, the Court cannot, and does not, find that Village Fuel achieved the requisite degree of success on the merits to warrant attorneys' fees.

### 2. GHI's Equitable Rescission Claim

Alleging that Plaintiff and Village Fuel obtained coverage by means of fraud, deceit, and trickery, GHI filed crossclaims against both Plaintiff and Village Fuel, seeking "an Order partially rescinding the GHI insurance coverage from its inception and determining that all GHI insurance coverage for plaintiff and his dependents under the Plan is void *ab initio*." *Scarangella*, 2009 WL 764454, at *16. After both GHI and Village Fuel moved for summary judgment, this Court found that *neither* party was entitled to summary judgment because "there are disputed issues of material fact with regard to whether a misrepresentation was made to GHI, and whether any such misrepresentation was material." *Id.* at *19. In so holding, the Court did not signal that either party had obtained any success on the merits.

Nor did Village Fuel achieve "success on the merits" when GHI voluntarily dismissed the rescission claim after settling with Scarangella. As Judge Ellis noted, courts traditionally have found a prevailing party where there was a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). This includes either "an enforceable judgment against the defendant or comparable relief through consent decree or settlement." *Nicholas v. Taylor County Bd. of Educ.*, 7 F. Supp. 2d 789, 792 (N.D. W.Va. 1998) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)) (internal quotation marks omitted). The change in the parties' relationship must be judicially sanctioned – a party's voluntary change in conduct, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary

6

judicial *imprimatur*." *Buckhannon*, 532 U.S. at 605.[5]

In the instant case, the Court agrees with Judge Ellis and concludes that GHI's voluntary dismissal of the rescission claim after settling with Scarangella lacks the judicial *imprimatur* necessary to make Village Fuel the prevailing party.

### 3. GHI's Settlement with Plaintiff

In a related argument, Village Fuel asks this Court to consider the settlement between GHI and Plaintiff as evidence of Village Fuel's success on the merits, because, after settling with Plaintiff, GHI voluntarily dismissed all claims against both Plaintiff and Village Fuel.[6] Judge Ellis's Report found that the settlement between GHI and Scarangella did not constitute success on the merits for Village Fuel. Once again, the Court wholly concurs.

As an initial matter, Village Fuel's argument that it should be considered the "prevailing party" based on the settlement between GHI and *Plaintiff* is contrary to logic and without support in the case law.

To the extent that Village Fuel relies on *Taaffe v. Life Insurance Company of America* for the proposition that "a settling party in an ERISA action could be a 'prevailing party' entitled to attorneys' fees, irrespective of the reason that the case settled," the Court finds that case to be inapposite and ultimately unpersuasive. First, the plaintiff in *Taaffe* sought attorneys' fees after she, *personally*, settled with the defendant. In this case, GHI settled with *Plaintiff*, not Village Fuel. Additionally, the Court in *Taaffe* found that the plaintiff had "achieved more than 'some success on the merits' because [defendant] has provided her with everything she demanded in her complaint." 769 F. Supp. 2d at 542. Here, Village Fuel cannot claim such a victory, as Village Fuel's crossclaim against GHI was likewise dismissed. Furthermore, the thrust of Village Fuel's pleadings was that it had not misrepresented Plaintiff's employment status. However, this Court expressed no opinion regarding the relative merit of that contention. *See e.g.*, *Adler v. Raynor*, No. 09 Civ. 8877 (DLC) (THK), 2011 WL 5024412, at *3 (S.D.N.Y. Oct. 20, 2011) (finding that plaintiff had not met the standard of "some degree of success on the merits" based on a settlement agreement, when there was a discrepancy between what was alleged in the complaint and what had been achieved in settlement).

Thus, the Court is unprepared to grant Village Fuel's attorneys' fees based on GHI's settlement with Plaintiff.

### 4. Equitable Reformation Claim

In its crossclaims against Village Fuel, GHI sought equitable reformation of the group policy to reflect the terms and conditions GHI would have offered Village Fuel if it had not allegedly misrepresented Scarangella's status.[7] Both parties moved

---

[5] Judge Ellis found the "catalyst theory" – under which a party is considered the "prevailing party" when his lawsuit is a substantial factor in inducing another party to cease the challenged behavior – inapplicable in the instant case. *Buckhannon* 532 U.S. at 605. As Judge Ellis noted, "the catalyst doctrine does not apply to attorneys' fee applications under ERISA." *Enright v. NYC Dist. Council of Carpenters Welfare Fund*, No. 99 Civ. 671 (SAS), 2001 WL 546838, at *3 (S.D.N.Y. May 22, 2001).

[6] Plaintiff's attorneys' fees were settled with GHI as part of the settlement agreement.

[7] GHI's reformation cross-claim sought "an Order reforming the Group Policy issued to co-defendant, Village Fuel, so that it reflects the terms and conditions GHI would have offered and co-defendant would have initiated and reviewed, had the co-

7

for summary judgment, and this Court denied both motions, finding that there was a factual dispute as to whether Village Fuel materially misrepresented Scarangella's eligibility.

Although the Court did not definitively suggest that one party would likely prevail at trial, Judge Ellis nonetheless found that Village Fuel obtained some degree of success on this claim, based on his belief that this Court's language *signaled* Village Fuel's likelihood of success on the merits were the case to proceed to trial. Specifically, Judge Ellis relied on the Court's assertion that it was "unaware of any instance in which a court in this District has granted equitable reformation for the purpose of permitting an insurance company to recover via restitution the benefits that it previously paid to an ERISA plan beneficiary." *Scarangella*, 2009 WL 764454, at *20. Additionally, the Report relied on this Court's comment in a footnote that "a reformation claim under ERISA by an insurer to recover payments made to a third-party medical services provider *on behalf of* an ERISA plan beneficiary appears to be even more dubious than a claim to recover payments made directly to that beneficiary." *Id.* at n.7 (emphasis in original).

GHI argues that this language cannot form the basis for an award of attorneys' fees, because the Court did not suggest that GHI's reformation crossclaim lacked merit – rather, the Court found that the crossclaim "presented factual issues that needed to be addressed at trial." (Doc. No. 144 at 11.)

Additionally, GHI argues that its reformation cross-claim was not dismissed, and no final dispositive ruling was made on it, since GHI voluntarily withdrew its claim as part of a later settlement. Thus, GHI argues that its voluntary withdrawal, like the equitable rescission claim above, lacks the necessary judicial *imprimatur* to make Village Fuel the prevailing party. Therefore, GHI argues that it was inappropriate for Judge Ellis to recommend an award of fees or costs based on the Court's denial of summary judgment on this claim.

The Court agrees with GHI. Despite the Court's reference to the "dubious" nature of the reformation claim to the extent that it sought to "recover payments made to a third-party medical services provider *on behalf of* an ERISA plan beneficiary," the Court nevertheless recognized that "at least one court in this District has suggested, without so holding, that reformation is available in a claim brought under section 502(a)(3) of ERISA." *Scarangella*, 2009 WL 764454, at *20. More significantly, the Court explicitly stated that it "need not resolve this [legal] issue at this time in light of the factual disputes regarding the basic elements of GHI's reformation claim." *Id.* Consequently, the Court did not suggest that Village Fuel was likely to prevail *on the merits* with respect to the entire claim, as the district court did in *Hardt*. Furthermore, the Court *denied* Village Fuel's motion for summary judgment on this claim, as it did with regard to the equitable rescission claim – for which Judge Ellis found that Village Fuel had not obtained "some success on the merits." Thus, the fact that GHI later voluntarily dismissed the reformation claim against Village Fuel, without more, is insufficient to constitute even partial success on the merits. *Cf. Reimann v. Prudential Ins. Co. of Am.*, No. 10-CV-456, 2010 WL 4116743, at *2 (E.D. Wis. Oct. 19, 2010) (refusing to award plaintiff attorneys' fees

---

defendant accurately represented the true facts concerning plaintiff's status[; i.e.,] that the Group Contract for Community Rated Small Groups issued by GHI to co-defendant be reformed to exclude plaintiff and his dependents from coverage under the plan." (Dec'l of Michael H. Bernstein, dated Feb. 5, 2010, Doc. No. 128, Ex. H ¶ 71.)

8

when defendant voluntarily reinstated plaintiff's benefits after plaintiff filed her complaint because "[t]hough it seems very likely that Prudential violated ERISA, the court cannot say that [plaintiff] achieved any success based on the actual merits in this case [because n]o merits were ever reached").

The Court therefore finds that Village Fuel did not obtain "some success on the merits" with regard to GHI's equitable reformation claim.

### C. *Chambless* Factors

Because the Court finds that Village Fuel was not the "prevailing party," and that it did not obtain any success on the merits, analysis of whether attorneys' fees are appropriate under the rubric of the Second Circuit's guidance in *Chambless* is unnecessary.

### IV. CONCLUSION

Under ERISA, "the [district] court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Guided by *Hardt*, as well as this Circuit's precedent, this Court concludes that Village Fuel did not obtain the minimum amount of success to constitute "some degree of success on the merits." Accordingly, Village Fuel's motion for attorneys' fees is denied. In all other respects, the Court adopts Judge Ellis's thorough and well-reasoned Report.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: July 3, 2012
       New York, New York

* * *

Defendant Group Health Inc. is represented by Michael H. Bernstein and John T. Sybert, of Sedgwick LLP, 125 Broad Street, New York, New York 10004.

Defendant Village Fuel is represented by Richard J. Quadrino, William James O'Mahony, and Michail Zolotoff Hack, of Quadrino & Schwartz, P.C., 666 Old Country Road, Garden City, New York 11530.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-3-12
```