UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICHOLAS SCARANGELLA,                                    Civil Action No.:
                                                                              05 CV 5298 (RJS) (RLE)
                                   Plaintiff,

    -against-
                                                                              **DECLARATION OF**
GROUP HEALTH INC. and SCARANGELLA &        **RICHARD J. QUADRINO**
SONS, INC. d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

                                   Defendants.
------------------------------------------------------------------X

  RICHARD J. QUADRINO, an attorney admitted to practice before the Court, declares pursuant to 28 U.S.C. 1746, under penalties of perjury, that the following is true and correct:

  1. I am a partner in the firm Quadrino Schwartz, with offices located at 233 Broadway, New York, New York and 666 Old Country Road, Garden City, New York. Our firm has Represented Village Fuel in this action from the time that it was initially commenced by GHI in state court, through and including all stages of the proceedings in this Court after removal.

  2. This Declaration is submitted in support of Village Fuel's motion for legal fees in the above matter, pursuant to ERISA. This Declaration addresses the relevant experience of Village Fuel's counsel, the reasonableness of the number of hours expended, and the reasonableness of the hourly rates that should be used for the calculation of a fee award.

  3. This matter involved the rights and legal relationships of an employee, his spouse, an employer, and a health insurer under an ERISA-governed health insurance policy issued by Group Health, Inc. ("GHI"). The issues presented in the case included: (1) the applicability of ERISA as a threshold matter, (2) the underwriting and issuance of insurance policies governed by ERISA, (3)

the terms of coverage under the ERISA plan, (4) the procedural rights of the employer and employee under the governing regulations promulgated by the Department of Labor, and (5) the myriad of issues concerning the rights of the parties in litigation, including the standard of review, scope of review, discovery rights, and the viability of various legal claims under ERISA.

**Experience and Reputation of the Quadrino Schwartz Firm**

4. Quadrino Schwartz has been representing clients in insurance matters and ERISA-governed insurance matters since its inception in 1996. The firm has a national practice in ERISA and non-ERISA governed insurance claims, ERISA appeals, and ERISA litigation. The founding partners and other attorneys in the firm have published articles regarding ERISA issues, spoken at national conferences, and litigated various matters in this District and many other Districts around the United States, including ERISA class actions.

5. A number of the firm's ERISA cases have addressed cutting edge issues, have succeeded on behalf on ERISA beneficiaries, and resulted in published decisions, including:

- Scarangella v. Group Health Inc., Slip Copy, 2009 WL 764454, 46 Employee Benefits Cas. 1747 (S.D.N.Y., March 24, 2009);

- In re UnumProvident Corp. ERISA Benefits Denial Actions, 245 F.R.D. 317, 2007 WL 2505559, 42 Employee Benefits Cas. 1361(E.D.Tenn., September 04, 2007);

- Peck v. Aetna Life Ins. Co., 495 F.Supp.2d 271, 2007 WL 1598107 (D.Conn., June 01, 2007);

- Morgenthaler v. First Unum Life Ins. Co., 2006 WL 2463656 (S.D.N.Y., August 22, 2006);

- Lijoi v. Continental Cas. Co., 414 F.Supp.2d 228, 2006 WL 322229 (E.D.N.Y., February 13, 2006);

- Napoli v. First Unum Life Ins. Co., Not Reported in F.Supp.2d, 2005 WL 167598 (S.D.N.Y., January 25, 2005);

2

- Pearl v. Monarch Life Ins. Co., 289 F.Supp.2d 324, 2003 WL 22461963, 31 Employee Benefits Cas. 1936 (E.D.N.Y., October 30, 2003);

- Napoli v. First Unum Life Ins. Co., 78 Fed.Appx. 787, 2003 WL 22454481 (2nd Cir., October 29, 2003);

- Keir v. UnumProvident Corp., 2003 WL 2004422, 30 Employee Benefits Cas. 1598 (S.D.N.Y., April 29, 2003);

- Connors v. Connecticut General Life Ins. Co., 272 F.3d 127, 2001 WL 1464528, 27 Employee Benefits Cas. 1014 (2nd Cir., November 19, 2001);

- Searles v. First Fortis Life Ins. Co., 98 F.Supp.2d 456, 2000 WL 679892 (S.D.N.Y., May 24, 2000).

**Richard J. Quadrino**

5.  Your Declarant (Mr. Quadrino) has been practicing law since 1985, was admitted to practice in the Southern and Eastern Districts of New York in 1993, and has been actively handling ERISA-governed claims, ERISA appeals, and litigation of ERISA-governed matters since 1994.

6.  Over the past 15 years, Your Declarant has litigated both ERISA-governed and non-ERISA governed employee benefit cases in New York and throughout the United States in various Districts, having been admitted *pro hac vice* on numerous matters. Your Declarant has also litigated ERISA-governed class actions both in New York and in Districts outside New York. Our firm has consistently employed at least six (6) attorneys devoted full time to handling such claims, ERISA appeals, and litigating such cases, including in Districts around the United States.

7.  You Declarant has spoken at national seminars and to industry groups on ERISA issues over the past 10 years and has participated and attended conferences addressed to these issues. As such, Your Declarant has gained familiarity with the skills, experience, and success rates of the

various attorneys practicing in this field throughout the country and become familiar with the reasonable hourly rates charged to be charged for services on these matters.

**William O'Mahony**

8. Mr. O'Mahony is 1993 graduate of the University Pittsburgh School of Law. He is admitted to the Bar of the States of New York, New Jersey and Indiana. He is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the Northern District of Indiana, and the Western District of Michigan.

9. From September 1993 to December 1996, he was a litigation associate at the law firms of Rowe, Foley & Gardner and Huelat & Gardner, where he handled the defense of insureds in product liability, general liability, and employment discrimination claims and represented insurance carriers in insurance coverage and bad faith litigation. Thereafter, he was employed by Condon & Forsyth as a litigation associate representing international airlines in complex litigation arising from aviation crash disasters and cargo losses. From October 1997 to April 1004, he was an associate at the law firm of Rivkin Radler and Kremer LLP/Rivkin Radler LLP, where he worked in the Corporate and Professional Liability Practice Groups and was responsible for the investigation and defense/prosecution of complex corporate and commercial claims, including contract, unfair competition, trade secret and restrictive covenant litigation, corporate dissolution proceedings and shareholder disputes, and the defense of professional liability and officer/director liability claims.

10. In April 2004, Mr. O'mahony joined the law firm of Quadrino Schwartz and became a Partner in 2006. He has concentrated on insurance coverage litigation, ERISA litigation, and complex litigation. He has litigated various ERISA issues in many cases, conducting all aspects of

the litigation on behalf of the firm's clients.

**Michail Z. Hack**

11.     Michail Hack received his bachelor's degree from Michigan State University and his Juris Doctorate from Touro Jacob D. Fuchsberg Law Center in 2000.  He has participated in the strategy and litigation of ERISA class actions commenced by Quadrino Schwartz and is an accomplished ERISA practitioner and litigator.  Mr. Hack has devoted all of his nearly 10 years of practice to all aspects of ERISA jurisprudence, including the claims process governed by the Department of Labor Regulations, the ERISA appeals process, and the myriad of issues that arise in ERISA litigation.

12.     Mr. Hack has co-authored and published articles in the New York Law Journal on ERISA jurisprudence that address cutting-edge issues affecting the rights of ERISA beneficiaries.

**Hourly Rates**

13.     Recently, ERISA practitioners in this Court, with extensive experience in this field of practice, have been awarded hourly rates between $500 and $600 per hour under ERISA's fee-shifting statutory provisions.  In one such recent case, Judge Sullivan, the Judge on this case, used an hourly rate of $560 per hour in an ERISA legal fee award.

12.     The current hourly rates charged to the firms clients for Mr. Quadrino, Mr. O'Mahony, and Mr. Hack are:  $475 for Mr. Quadrino, $375 for Mr. O'Mahony, and $325 for Mr. Hack.  These rates will be increased next year to $500, $400, and $350 respectively.  There have been incremental increases in the hourly rates of $25 per hour per attorney over the past years.  At the time that this case was commenced in 2004, the rates of Messrs. Quadrino, O'Mahony, and Hack

were thus the older rates from five years ago; i.e., $350 for Mr. Quadrino, $250 for Mr. O'Mahony, and $200 for Mr. Hack. See the retainer agreement between Village Fuel and Quadrino Schwartz, annexed hereto as Exhibit A.

13.     Annexed hereto is the Declaration of Scott Reimer, an seasoned ERISA practitioner in this Court.  In his Declaration, he details his extensive ERISA experience, his knowledge of the Quadrino Schwartz firm and its attorneys, and his opinion regarding the firm's rates.  At the time of his Declaration, the firm had not yet implemented the 2009 rate increase and thus the rate for Mr. Quadrino at that time was $450 per hour and the rates for Messrs O'Mahony and Hack were $350 and $300 respectively.

14.     Mr. Reimer's opinion is that these rates, from mid-2009, are "wholly reasonable and, if anything, well below current market rates" See the Reimer Declaration at ¶ 18.  Indeed, it was Mr. Reimer's client who was the recipient of the award referenced above, ordered by Judge Sullivan, where Mr. Reimer's rate of $560 per hour was used for the award. See Zoller v. INA Life Insurance Company of New York, et al., No. 06-cv-112 (RJS) at Docket Entry Nos. 99 and 84.

**Time Expended on this Matter**

15.     The total number of hours expended to date on this matter, by the attorneys noted above (including paralegal time) has been 928.00 hours.

16.     The time records were kept contemporaneously during the five years that this litigation progressed.  The complete details, including every entry by every attorney and paralegal, is annexed hereto as Exhibit C.   For the Court's convenience, there is a cover sheet summarizing the time, by category, which reveals the following breakdown:

| Category | Total Hours – Per Category |
|---|---|
| **Pleadings** [review, strategy, drafting responses, analysis, and communications regarding same] | **11.50** |
| **Settlement Efforts** [meetings, consultations with client, communications with adversary, communications with court and mediator, preparation for mediation sessions, review of documents and communications regarding same for mediation purposes, and negotiations and discussions during formal mediation sessions and thereafter] | **87.25** |
| **Discovery** [Review and analysis of document requests, deposition requests, interrogatories, requests for admissions, and subpoenas served by GHI; strategy regarding same; communications with adversary, the court and client regarding disputes; court conferences in state court prior to removal regarding same; drafting of responses and negotiations regarding same; propounded document requests, interrogatories, and deposition notices to GHI and communications with adversary regarding same; review and analysis of materials and information produced; conducted / defended seven (7) depositions] | **261.25** |
| **Motions** [legal research, strategy, conferences, review and analysis of arguments, and drafting and editing regarding GHI's motion to remand, GHI's motion for summary judgment, and Village Fuel's motion for summary judgment against GHI] | **341.25** |
| **Court Conferences / Oral Arguments** [preparation, consultations with client; communications with court, client, and GHI regarding logistics for conferences regarding status, oral arguments regarding motions, and post summary judgment and pre-trial issues] | **148.25** |
| **Miscellaneous** | **8.75** |
| **Legal Fee Motion** [legal research, evaluation of issues, strategy conferences, communications with client and the court, drafting of pre-motion conference correspondence, oral argument at pre-motion conference; drafting of brief, declarations and review and analysis of supporting materials regarding same] | **69.75** |
| **Total** | **928.00** |

17. There were disbursements expended by village Fuel in this matter in the sum of $12,141.19, for items such as deposition transcripts, online research fees, travel expenses, and overnight delivery charges (see Exhibit D).

18. The amount of hours expended was reasonable and necessary to defend this case. The issues were myriad and complex, GHI pushed and forged ahead at every turn, and litigated every issue that it could possibly litigate. It must be noted that while the caption indicates that the employee, Nicholas Scarangella, was the Plaintiff, the caption is from a separate case commenced by Nicholas Scarangella to preserve his rights under the health insurance plan prior to the expiration of his 2-year contractual statute of limitations. This action had been originally commenced by GHI in Supreme Court, New York County, solely against Village Fuel, and then removed by Village Fuel to this Court. At the oral argument on the remand motion filed by GHI, Judge Karas obtained agreement for all parties to plead their claims within the context of the separate action filed by Nicholas Scarangella. The GHI-initiated action was then dismissed. Thus, the litigation originally commenced and driven throughout by GHI, proceeded under the above caption.

19. All of the work performed on behalf of Village Fuel was in response to the action commenced against it by GHI and was directed toward trying to convince GHI to settle the case, to dispute its allegations of "fraud" against Village Fuel, and to assert the rights of Village Fuel and its employees under ERISA.

20. Indeed, over eighty-seven (87.25) hours were spent attempting to settle this case, all driven by Village Fuel. We invoked the court's rules and requested that Judge Karas (previously assigned) employ the mediation program. We worked with the mediator and the mediation office

to schedule and conduct follow up sessions, all to no avail. In fact, we repeatedly warned counsel for GHI that they could not obtain the relief they sought, i.e., a monetary award against Village Fuel, based upon the Supreme Court precedent regarding equitable vs. legal relief. Moreover, Your Declarant repeatedly indicated to GHI, both to its outside counsel and in-house counsel representative, that there was never any fraudulent conduct on Village Fuel's behalf. Despite these warnings and indications, GHI insisted that Village Fuel was a "fraud" and that it should pay the bulk of the approximate $400,000 of health insurance claims of its employee, rather than GHI. Notably, GHI ultimately, after refusing to acknowledge these warnings and indications, dropped the case completely against Village Fuel and paid 100% of all of the health insurance claims outstanding against Nicholas Scarangella's wife, including Mr. Scarangella's claim for ERISA attorney's fees. Thus, the many hundreds of hours of time expended after the mediation process broke down was all due to GHI's intransigence and litigious activity.

21.     Some of Village Fuel's efforts were geared toward assisting Nicholas Scarangella, Village Fuel's employee, in his dispute with GHI. That dispute was caused by GHI's wholly improper denials of the health insurance claims filed on behalf of Nicholas Scaranella's wife. There was virtually no litigation activity between Nicholas Scarangella and Village Fuel (we attended Nicholas Scarangella's deposition).

22.     Due to some of the inherent overlap that may exist between work by a team of attorneys on a case and some of the inefficiencies that may occur from time to time, Village Fuel offers to voluntarily reduce the total fee claim by an across-the-board cut of ten per cent (10%). This reduction is made to assist the Court in reaching a determination, but is not an admission that there has been any such overlap or inefficiency. In addition, while the law is clear that current rates are

to be used for the reasonable fee calculation [see village Fuel's Memorandum of Law at p.21], in order to accentuate the reasonableness of Village Fuel on this motion, it will only request the use of the older, mid-2009 rates for purposes of the fee calculation for the amount requested as an award herein.

23. The total value of the time reflected on the last page of the time record, using the older, mid-2009 hourly rates, is $324,081.25. After a 10% reduction, the claim herein amounts to $291,673.13. Accordingly, Village Fuel hereby requests an award of $291,673.13, plus disbursements in the amount of $ 12,141.19.

24. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____/s/_____
RICHARD J. QUADRINO

Dated:      Garden City, New York
            December 15, 2009