# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

**MANDATE**

U.S.D.C. - S.D.N.Y.
1:05-cv-05298-RJS-RLE

U.S.D.C. -S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC. #: _____
DATE FILED: October 1, 2013

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand and thirteen,

Before: PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
JANE A RESTANI,
*Judge.**

---

Nicholas Scarangella,

    Plaintiff - Counter Defendant,

Scarangella & Sons, Inc., as Administrator of the Village Fuel Employee Benefits Plan, DBA Village Fuel,

    Defendant - Cross Defendant - Cross Claimant - Appellant,

v.

Group Health, Inc.,

    Defendant - Counter Claimant - Cross Defendant - Appellee.

**JUDGMENT**
Docket No. 12-2750

---

The appeal in the above captioned case from a decision of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the decision of the district court is VACATED and the case is REMANDED in accordance with the opinion of this court.

    For The Court:

    Catherine O'Hagan Wolfe,
    Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 10/01/2013**

\*     The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

12-2750-cv
Scarangella & Sons, Inc. v. Group Health, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: April 12, 2013            Decided: September 10, 2013)

Docket No. 12-2750-cv

_____

NICHOLAS SCARANGELLA,

*Plaintiff - Counter Defendant*,

and

SCARANGELLA & SONS, INC., AS ADMINISTRATOR OF THE VILLAGE FUEL EMPLOYEE BENEFITS PLAN, D/B/A VILLAGE FUEL,

*Defendant - Cross Defendant - Cross Claimant - Appellant*,

v.

GROUP HEALTH, INC.,

*Defendant - Counter Claimant - Cross Defendant - Appellee*.

_____

Before:

    HALL and DRONEY, Circuit Judges, and RESTANI, Judge.[*]

_____

    Appeal from the judgment of the United States District Court for the Southern District of New York (Sullivan, <u>Judge</u>) finding Defendant - Cross Defendant - Cross Claimant - Appellant

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Scarangella & Sons, Inc., as Administrator of the Village Fuel Employee Benefits Plan d/b/a Village Fuel ("Village Fuel") ineligible for an award of attorney's fees. We hold that the district court erred in applying the standard for a party to be eligible for attorney's fees in an action pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (2009). Accordingly, the order of the district court is VACATED, and the case is REMANDED for the district court to determine the amount, if any, of an award of reasonable attorney's fees.

---

        RICHARD J. QUADRINO, Quadrino Schwartz, P.C., Garden City, New York, *for Defendant - Cross Defendant - Cross Claimant - Appellant*.

        MICHAEL H. BERNSTEIN (JOHN T. SEYBERT, *on the brief*), Sedgwick LLP, New York, New York, *for Defendant - Counter Claimant - Cross Defendant - Appellee*.

---

RESTANI, *Judge*:

    Appellant Village Fuel appeals the district court's denial of attorney's fees in this ERISA action. The district court held that Village Fuel was ineligible for attorney's fees because it "was not the 'prevailing party,' and . . . it did not obtain any success on the merits." Although the district court appeared to rely upon the Supreme Court's standard for determining eligibility for an award of attorney's fees, as set out in Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149 (2010), it erred in interpreting that standard and applying it in this case. As a result, we vacate the court's decision and remand for the district court to apply the appropriate standard and to exercise its discretion in determining to what extent, if any, Village Fuel is entitled to an award of reasonable attorney's fees.

## BACKGROUND

    This long, contentious litigation stems from a benefits dispute under an employee benefits plan (the "Plan") insured by Defendant - Counter Claimant - Cross Defendant -

2

Appellee Group Health Insurance, Inc. ("GHI") and administered by Village Fuel. Plaintiff Nicholas Scarangella ("Scarangella") was provided insurance under the Plan as an employee of Village Fuel. The Plan provided family coverage, which applied to Scarangella's wife. After Scarangella's wife incurred substantial medical expenses, GHI initiated an investigation into whether Scarangella was an eligible employee under the Plan.[1] Based on its investigation, GHI determined that Scarangella was not an eligible employee.[2] As a result, GHI purported to retroactively rescind the entire insurance policy issued to Village Fuel and denied reimbursement for medical expenses claimed by Scarangella's wife. GHI then brought suit in New York state court seeking rescission and restitution from Village Fuel under state-law-based contract claims. Prior to trial, Village Fuel removed the case to federal court, claiming GHI's causes of action were preempted under ERISA. GHI moved to remand the case to state court, but while the motion was pending, Scarangella filed an action against GHI and Village Fuel under ERISA, alleging that his wife was wrongfully denied benefits under the terms of the Plan. The parties eventually agreed to voluntarily dismiss the state action and instead assert cross-claims as defendants in Scarangella's federal action.

In response to Scarangella's complaint, GHI asserted three counterclaims seeking rescission and/or reformation of the Plan so as to exclude Scarangella and his dependents from coverage in addition to restitution of previously conferred benefits. GHI also cross-claimed

---

[1] The Plan defined eligible employees as those employed "Full-Time" for at least three months prior to enrollment. GHI became suspicious of expenses incurred by Scarangella's wife because Village Fuel is a Long Island, New York-based company and her high medical expenses were incurred in Florida.

[2] GHI took action based on what it claimed were fraudulent certifications by Village Fuel that Scarangella was an eligible employee. It grounded its conclusion on differing versions of inaccurate state payroll tax documents as well as the amount of wages paid to Scarangella.

3

against Village Fuel for rescission/reformation of its policy to exclude Scarangella from the Plan as well as restitution for previously conferred benefits.[3]  Finally, Village Fuel cross-claimed against GHI for restitution in the event that Village Fuel was required to pay any damages to Scarangella.[4]  Both GHI and Village Fuel filed cross-motions for summary judgment.  In a detailed opinion, the district court dismissed both GHI's and Village Fuel's claims for restitution, holding that the money damages sought were not equitable remedies and therefore not permitted under ERISA.  It also noted concern with some of GHI's remaining claims to the extent that they sought the same relief of money damages, a form of relief the district court found likely not permitted under ERISA, even when equitable rescission or reformation might be allowed.  In particular, the district court found that no court within the Southern District of New York had equitably reformed an insurance plan contract so that an insurance company could then recover benefits via restitution, calling GHI's claim to recover benefits paid to providers "even more dubious."  It also noted, with respect to GHI's rescission claim, that courts rarely permit equitable rescission where the court cannot easily restore the pre-agreement status quo.  Because the court found that material facts related to GHI's rescission and reformation claims remained in dispute,[5] however, it denied Village Fuel's motion for summary judgment as to these claims.

---

[3] These cross-claims differed from GHI's claims in the state action.  In the state case, GHI sued to rescind the entire insurance policy, covering all employees of Village Fuel, and sought restitution for claims paid on behalf of <u>all</u> of Village Fuel's employees, less premiums.  In the federal case, GHI sought to rescind or reform only the coverage extended to Scarangella and his dependents and sought restitution for claims paid on their behalf.

[4] This claim was akin to an indemnification claim that never materialized, as Village Fuel was never found liable to Scarangella for any damages.

[5] Disputed material facts included whether Scarangella was an eligible employee under the Plan and whether accurate employment information was provided by Village Fuel to GHI.

4

Following summary judgment, GHI continued settlement negotiations with Scarangella. After briefing and a hearing addressing which remaining issues would be tried, GHI and Scarangella settled their respective claims. The settlement paid a confidential sum to resolve the claims brought by Scarangella in his complaint. As a result, GHI and Scarangella voluntarily dismissed with prejudice their remaining claims against each other, and Scarangella dismissed its outstanding claims against Village Fuel. GHI also dismissed its remaining claims against Village Fuel, and the district court entered an order dismissing the action with prejudice but without costs. Subsequently, Village Fuel moved for attorney's fees, and the matter was assigned to a magistrate judge for a report and recommendation.

In its application for attorney's fees from GHI, Village Fuel contended that it was entitled to fees as a "prevailing party," although it claimed that a lower standard applied in ERISA cases. GHI contended that Village Fuel was not a prevailing party, both because Village Fuel had lost its own cross-claim on summary judgment and also because Village Fuel could not claim success based on the settlement between GHI and Scarangella, to which Village Fuel was not a party. The magistrate judge found that under Hardt,[6] Village Fuel had achieved some degree of success on the merits, and applying the factors set out in Chambless,[7] recommended a partial award of

---

[6] Hardt was decided after initial briefing on the attorney's fee issue, but the magistrate judge relied upon it in his report and recommendation.

[7] Chambless sets out five factors to guide district courts in exercising their discretion in awarding a reasonable attorney's fee. They are:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

(continued...)

5

attorney's fees.[8] Both parties objected to aspects of the magistrate judge's report and recommendation. Upon review, the district court determined that Village Fuel was ineligible for attorney's fees under ERISA.[9] First, the district court held that Village Fuel could not claim the dismissal of GHI's restitution claim as success on the merits, because the dismissal was procedural in nature and both parties had failed on their respective restitution claims. Second, the district court found that the voluntary dismissal of the remaining claims lacked the judicial imprimatur necessary to qualify as litigation success, emphasizing that neither party won on summary judgment. As a result, without reaching the magistrate judge's discussion of the Chambless factors, the district court found Village Fuel statutorily ineligible for an award of attorney's fees and denied its application.

Village Fuel appealed, contending that the district court erred in its interpretation of the appropriate standard for an award of attorney's fees in ERISA cases. It urges us to reverse the district court and award it attorney's fees, and to adopt the analysis of the Chambless factors as set forth in the report and recommendation of the magistrate judge. GHI argues that the district court properly determined that Village Fuel had not achieved any success on the merits and

---

[7](...continued)
Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

[8] The magistrate judge found that Village Fuel had not prevailed on GHI's claims of restitution or rescission. His decision was based on Village Fuel's loss on its own restitution claim and his characterization of the district court's disposition of the rescission claim as a procedural victory. In the eyes of the magistrate judge, Village Fuel's degree of success was based on the district court's characterization of GHI's reformation claim as "dubious" in the district court's order denying summary judgment.

[9] As explained below, the district court mentioned the Hardt standard when arriving at this conclusion, but it also referred several times to the prevailing party standard and case law associated with this standard.

6

therefore correctly denied attorney's fees. It further contends that a proper application of the Chambless factors results in no fee award, especially when combined with other claimed deficiencies in Village Fuel's fee request. Because the district court did not rely entirely on the correct legal standard in evaluating Village Fuel's eligibility for attorney's fees post-Hardt, we vacate and remand to the district court.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over this ERISA-matter pursuant to 29 U.S.C. § 1132(e). We have jurisdiction over this appeal under 28 U.S.C. § 1291, because it is an appeal from a final order of the district court. See Farbotko v. Clinton Cnty., 433 F.3d 204, 205 (2d Cir. 2005). In reviewing the district court's denial of an application for attorney's fees, our review is for abuse of discretion. Id. at 208. A court necessarily abuses its discretion when it applies an incorrect legal standard. Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008). We review questions of law regarding the appropriate legal standard in granting or denying attorney's fees de novo. See Perez v. Westchester Cnty. Dep't of Corr., 587 F.3d 143, 149 (2d Cir. 2009) (reviewing legal question of prevailing party status de novo).

## ANALYSIS

Under ERISA, "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court recently resolved a conflict among the Circuit Courts of Appeal interpreting this broad clause. See Hardt, 130 S. Ct. at 2156 n.2 (collecting conflicting cases from the Circuit Courts of Appeal). Prior to Hardt, some circuits permitted only "prevailing parties" to recover attorney's fees. Id. Other circuits, including ours, recognized that ERISA does not contain a prevailing party standard and instead provides district

7

courts with broader discretion in determining when and to whom attorney's fees should be awarded. See id. (citing Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995)). In Hardt, the Supreme Court ultimately agreed with our interpretation of the threshold legal standard for determining whether a party is eligible for attorney's fees in an ERISA case. See id. at 2157–58.

In Hardt, the plaintiff sued the benefit administrator and underwriter of her long-term disability insurance plan to recover benefits that she claimed were wrongly denied. Id. at 2152–54. In evaluating cross-motions for summary judgment, the district court found that the insurance company had failed to comply with the requirements of ERISA in evaluating Hardt's claim, such that its determination was unreasonable as a matter of law, in the light of compelling evidence of Hardt's disability. Id. at 2154. Instead of awarding Hardt the benefits she claimed, however, the district court employed the often-used procedural remedy of a remand to the insurance company for it to reevaluate Hardt's claim in compliance with ERISA. Id. In its remand order, the court highlighted the merits of Hardt's claim, warning the insurance company that judgment would be entered in favor of Hardt if it failed to properly consider all record evidence on remand. Id. After reevaluating Hardt's application for benefits, the insurance company paid all of Hardt's claimed expenses, and Hardt moved for attorney's fees. Id. The district court granted Hardt's motion, finding that she was a prevailing party and eligible for fees under the Fourth Circuit's five-factor test for exercising discretion in awarding a reasonable fee. Id. at 2155. The Fourth Circuit reversed on the grounds that Hardt was not a prevailing party because she lacked a court order conferring the sought-after benefits. Id. (noting the Fourth Circuit's reliance on Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598 (2001)).

8

On appeal, the Supreme Court reversed the Fourth Circuit, finding that it had improperly applied a prevailing party standard that was not contained within the text of the statute. Id. at 2156. In particular, the Supreme Court rejected the Fourth Circuit's reliance on Buckhannon, noting that the statutes analyzed in that case—the Americans with Disabilities Act ("ADA") and the Fair Housing Amendments Act ("FHAA")—had provisions awarding attorney's fees to prevailing parties only. See id. at 2157. As a result, the Court held that the proper standard for finding a party eligible for attorney's fees in ERISA cases is "some degree of success on the merits." Id. at 2158 (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). A party does not meet this standard "by achieving trivial success on the merits or a purely procedural victory," but it does meet the standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. (internal quotation marks and brackets omitted). The Court ultimately decided that Hardt had "achieved far more than 'trivial success on the merits' or a 'purely procedural victory'" and therefore was eligible for attorney's fees. Id. at 2159 (quoting Ruckelshaus, 463 U.S. at 688 n.9). Notably, the Court did not reach the question of whether a remand order, without more, is sufficient to show some degree of success on the merits. Id. at 2159 (explaining that the district court's remand order made clear findings that the insurance company had failed to comply with ERISA and that Hardt was likely totally disabled based on compelling evidence). Hardt also permitted the use of the five-factor tests adopted by most Circuit Courts of Appeals to channel discretion in awarding reasonable fees to eligible parties, but held that courts were not required to use them. Id. at 2158 n.8.

9

The present case raises the question, in part, that the Supreme Court did not resolve in Hardt: what must a party achieve or obtain to show some degree of success on the merits. GHI argues that the Court's standard in Hardt merely requires less of a showing of success by a party, i.e. a party may prevail only partially on its claims and yet be eligible for fees, but Hardt does not alter the substance of what a party must achieve: favorable judicial action on the merits. Village Fuel contends that Hardt rejected the application of Buckhannon in its entirety with respect to ERISA cases. Accordingly, Village Fuel argues that neither Buckhannon's prevailing party requirement nor its judicial imprimatur requirement are applicable here, and success on the merits may come in a variety of forms, including some instances of voluntary dismissal. The Supreme Court in Hardt appears to have left room for many factual scenarios to satisfy the standard of some success on the merits. We agree that here Village Fuel has demonstrated some degree of success on the merits as the result of court action, and the district court applied the statutory threshold inconsistently with Hardt and Ruckelshaus.

### A. Village Fuel Obtained Some Degree of Success on the Merits in Defeating GHI's Restitution Claim

Turning to the present case, one of GHI's three cross-claims against Village Fuel was dismissed on Village Fuel's motion for summary judgment. The other two claims survived summary judgment but were voluntarily dismissed following a settlement agreement with Scarangella, an agreement to which Village Fuel was not a party. Beginning with the claim dismissed on summary judgment, it appears clear that Village Fuel obtained at least "some degree of success on the merits" through the dismissal of GHI's restitution claim, and the district court erred in classifying this success as merely a procedural victory.

10

The Supreme Court has held previously that a dismissal for failing to state a legally cognizable claim is a "judgment on the merits." See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501–02 (2001) ("The original connotation of an 'on the merits' adjudication is one that actually 'passes directly on the substance of [a particular] claim' before the court." (quoting Restatement (Second) of Judgments § 19, Comment a, at 161) (alterations in original)). In the context of ERISA, the Seventh Circuit held that defendants had "met their initial burden of establishing 'some degree of success on the merits'" under Hardt when the district court dismissed some of plaintiff's claims for failure to state a claim. Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical Coll. of Wisc., 657 F.3d 496, 501, 506 (7th Cir. 2011). We find this conclusion consistent with traditional notions of adjudication on the merits.

In its summary judgment order, the district court found that GHI's restitution claim against Village Fuel sought legal money damages that were not available under ERISA as a matter of law. As a result, the district court dismissed the cause of action because GHI had failed to state a legally cognizable claim. This is analogous to the dismissal of an action for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). While the district court suggested that this dismissal was merely procedural in nature, we find that conclusion difficult to square with case law distinguishing a decision on the merits from a procedural decision.

Additionally, the district court's consideration of Village Fuel's defeat on its own restitution claim at this stage was erroneous. First, Village Fuel's claim was essentially one for indemnification, and it was likely to be mooted given the district court's skepticism of GHI's ability to recover money damages from Scarangella under any legal theory. Second, application

11

of the "some degree of success on the merits" standard indicates that both GHI and Village Fuel obtained some degree of success by defeating the other's claim, not that neither party did. This conclusion is consistent with the Supreme Court's direction to engage in a limited review at this threshold stage in the attorney's fees analysis, examining only whether a party obtained some success on some issue, independent of other claims in the case.[10] See Hardt, 130 S. Ct. at 2158 (warning courts not to conduct "a lengthy inquiry into the question [of] whether a particular party's success was substantial or occurred on a central issue" (internal quotation marks and brackets omitted)). Accordingly, based on Village Fuel's success in defeating GHI's restitution claim, we vacate the district court's finding that Village Fuel was ineligible for a fee award.

**B. Under ERISA, a Favorable Court Judgment is Not Required to Satisfy the Threshold for Awarding Attorney's Fees.**

As to the two remaining GHI claims against Village Fuel that were voluntarily dismissed with prejudice by GHI after its settlement with Scarangella, we hold that the district court again improperly relied upon pre-Hardt jurisprudence in requiring Village Fuel to show that the relief it obtained was the result of a court judgment or consent decree.

Hardt established that the lead case for ERISA attorney's fee applications is Ruckelshaus, not Buckhannon. Hardt, 130 S. Ct. at 2157. Albeit in dicta, the Supreme Court in Ruckelshaus noted that Congress intended the broader attorney's fees provision in the analogous Clean Air Act to permit an award of attorney's fees even in "suits that forced defendants to abandon illegal conduct, although without a formal court order." Ruckelshaus, 463 U.S. at 687 n.8.

---

[10] This is not to say, however, that the court cannot consider Village Fuel's loss on its own claim when the court exercises its discretion, especially when weighing the relative merits of the parties' positions. See Chambless, 815 F.2d at 871 (identifying factor four as "the relative merits of the parties' positions").

12

Additionally, the Court explained that the more expansive provision within the Clean Air Act was intended "to eliminate both the restrictive readings of 'prevailing party' adopted in some [cases] . . . and the necessity for case-by-case scrutiny by federal courts into whether plaintiffs prevailed 'essentially' on 'central issues.'" Id. at 688 (referring in part to the "minority" of courts that had "denied fees to plaintiffs who lacked a formal court order granting relief"). By contrast in Buckhannon, the Supreme Court restricted the ability of a party to obtain prevailing party status, where the statute mandates such status, by requiring a party to demonstrate that its success bore judicial imprimatur, such as through a final judgment or consent decree. 532 U.S. at 604 ("These decisions, taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.").

     Even after Buckhannon, however, we have permitted a party to meet the higher prevailing party standard even when success did not come in the form of a court judgment, but rather through an out of court agreement, even one disclaiming liability, caused in some way by court action. See Perez, 587 F.3d at 150–51 (noting that although Buckhannon rejected the "catalyst theory"[11] generally for prevailing party statutes, the Supreme Court "did not suggest that one of these two conditions [(a merits decision or consent decree)] was necessary for a party to prevail"). Additionally, the Supreme Court's narrowing of the application of this theory in Buckhannon was within the context of statutes imposing the stricter prevailing party standard. See Buckhannon, 532 U.S. at 609 (interpreting attorney's fee provisions within the ADA and

---

[11] "Under the catalyst theory, a plaintiff prevailed for the purpose of fee-shifting provisions whenever her lawsuit 'had sufficient merit to withstand a motion to dismiss' and 'brought about a voluntary change in the defendant's conduct.'" Perez, 587 F.3d at 150 (quoting Buckhannon, 532 U.S. at 601, 605).

13

FHAA); see also N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cnty. Taxi & Limousine Comm'n, 272 F.3d 154, 158–59 (2d Cir. 2001) (applying judicial imprimatur requirement to § 1988 cases). After Buckhannon, there is a split of authority within the federal courts as to the application of the catalyst theory in cases brought under statutes not requiring parties to demonstrate prevailing party status, although in many cases the courts have resolved the question easily on the facts of the case because the involvement of the court prior to settlement was minimal. See, e.g., Tyler v. Salazar, 2012 U.S. Dist. LEXIS 108510, at *18–20 (D. Minn. June 27, 2012) (collecting cases); see also Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1121 n.1 (9th Cir. 2010) (assuming without deciding that catalyst theory is still viable); Loggerhead Turtle v. County Council, 307 F.3d 1318, 1325 (11th Cir. 2002) ("Buckhannon does not invalidate use of the catalyst test as a basis for awarding attorney's fees under the [Endangered Species Act] . . . ."). We recognize that in the light of the Supreme Court's adoption of the Ruckelshaus standard, as opposed to the Buckhannon standard, in evaluating ERISA fee applications, the catalyst theory remains a viable means of showing that judicial action in some way spurred one party to provide another party with relief, potentially amounting to success on the merits.

  Certainly, a party that obtains relief due to the voluntary conduct of another party after minimal litigation in the district court is unlikely to succeed in demonstrating that the impetus for the relief was some action by the court related to the merits of the case. Where, however, the parties already have received a tentative analysis of their legal claims within the context of summary judgment, a party may be able to show that the court's discussion of the pending claims resulted in the party obtaining relief. This is in line with the underlying policy considerations of ERISA that we are to construe broadly. Slupinski v. First Unum Life Ins. Co.,

14

554 F.3d 38, 47 (2d Cir. 2009) ("'ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating' employee benefits rights . . . ." (quoting Chambless, 815 F.2d at 872)). This also appears compelled by the facts and holding in Hardt, which although reserving judgment on whether a remand order without more amounts to success on the merits, clearly held that a remand order opining positively on the merits of the plaintiff's claim was sufficient. 130 S. Ct. at 2159. Further, while we are mindful of the Supreme Court's admonition that we should avoid a "lengthy inquir[y] into the question [of] whether a particular party's success was 'substantial' or occurred on a 'central issue,'" id. at 2158 (alterations in original), we are also hesitant to create an extra-statutory rule requiring success be obtained only by court order. See also id. at 2156 (critiquing the Court of Appeals for the Fourth Circuit because its "decision adding that term of art[, prevailing party,] to a fee-shifting statute from which it is conspicuously absent more closely resembles 'invent[ing] a statute rather than interpret[ing] one.'" (quoting Pasquantino v. United States, 544 U.S. 349, 359 (2005)). Doing so also could have the adverse impact of discouraging settlement where a plan beneficiary is forced to bring potentially expensive litigation in order to obtain the benefits or process rightfully owed to them, only to be denied the right to seek attorney's fees.[12]

Applying this standard to the present case,[13] a question of fact exists as to the reason for GHI's dismissal of the remaining causes of action against Village Fuel. On the one hand, GHI

---

[12] Of course, settling parties could agree by contract to waive the ability to seek attorney's fees as consideration for any settlement.

[13] We note that the catalyst theory has been applied traditionally in the context of a plaintiff obtaining out-of-court relief through settlement, resulting in dismissal of the case. See, e.g., Buckhannon, 532 U.S. at 627–28 (Ginsburg, J., dissenting) (summarizing applications of the catalyst theory). We see no reason for refusing to extend the same analysis to the facts of the present case where the standard calls for consideration of the context and motives underlying the relief obtained by Village Fuel.

15

asserts that the dismissals resulted from its determination that success on its claims would amount to only a pyrrhic victory in the light of its belief that Village Fuel had become a judgment-proof entity. On the other hand, Village Fuel argues that the dismissals were spurred by the summary judgment order that was skeptical of both of GHI's remaining claims, or at a minimum, of GHI's requested relief to the extent that it was similar to the money damages sought and denied under GHI's restitution claim. Because the district court is in the best position to decide this factual question of causation, we remand it to the district court to decide in the first instance, in the light of the standard enunciated above.[14]

### C. Chambless Factors

Village Fuel argues that should we agree with its arguments that it achieved some degree of success on the merits, we need not remand because the record already contains an analysis of the Chambless factors within the report and recommendation of the magistrate judge. Because we remand to the district court, which did not previously review this aspect of the magistrate judge's report and recommendation, we believe the more prudent route is to remand for the district court to consider these factors in the first instance.[15]

---

[14] In remanding, we recognize that even if the two claims that were voluntarily abandoned by GHI were not dismissed in part as a result of the court's summary judgment order and post-summary judgment comments, Village Fuel would remain eligible for attorney's fees under ERISA based on GHI's failed restitution claim. We also note that our case law allows reductions in attorney's fees based on partial success, so long as the reduction is not mathematically based solely on the number of claims won or lost. Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983) (rejecting strict mathematical reduction based on number of claims won or lost); Kassim v. City of Schenectady, 415 F.3d 246, 255–56 (2d Cir. 2005) (permitting partial reduction based on partial success). Because, however, a determination of this issue may impact the analysis of the district court in setting the amount of a reasonable fee, we remand it to the district court.

[15] Similarly, because the calculation of attorney's fees may change, we need not address at this juncture other issues related to alleged deficiencies in their calculation.

16

## CONCLUSION

For the reasons discussed above, the decision of the district court is VACATED, and this matter is REMANDED to the district court for further proceedings to determine a reasonable amount of attorney's fees, if any, to be awarded to Village Fuel. The clerk is directed to refer any further appeal following remand to this panel.