UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NICHOLAS SCARANGELLA,

                Plaintiff,

05-cv-5298 (RJS)(RLE)

- vs -

GROUP HEALTH and SCARANGELLA & SONS, INC.,
d/b/a VILLAGE FUEL, as Administrator of the
VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

                Defendants.
-------------------------------------------------------------------x

## VILLAGE FUEL'S SUPPLEMENTAL MEMORANDUM
## IN SUPPORT OF MOTION FOR ALLOWANCE OF LEGAL FEES

Quadrino Schwartz
Attorneys for Defendant *Village Fuel*
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

Counsel:

Richard J. Quadrino

## INTRODUCTION, PROCEDURAL HISTORY, AND FACTS

This matter returns to this Court from the United States Court of Appeals for the Second Circuit *via* the Mandate filed on October 1, 2013 upon a Judgment of that Court that vacated the Opinion and Order of this court dated July 3, 2012 denying Village Fuel's motion for the allowance of legal fees and remanding that motion back to this Court. Nicholas Scarangella and Scarangella & Sons, Inc. d/b/a Village Fuel, v. Group Health Inc., 731 F3d 146, 56 Employee Benefits Cas. 2313 (2nd Cir., 2013).

For the pertinent procedural history and factual background of this matter, please see pp. 2 through 7 of the Second Circuit's Opinion and Order.

The Second Circuit held that Village Fuel had achieved the threshold of some degree of success on the merits in accordance with the Supreme Court's decision in Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149 (2010).  The only remaining questions on Village Fuel's fee motion are (1) whether fees should be allowed, and/or whether the Chambless factors would potentially be used by this Court, as a guide; and (2) if fees are allowed, what is the proper amount to be allowed.

In Point I of this Memorandum, Village Fuel respectfully inquires as to whether this Court already adopted Magistrate Judge Ellis' findings as to Village Fuel's satisfaction of all five of the Chambless factors, in its Opinion and Order dated July 3, 2012.

If the Court did not already adopt Magistrate Judge Ellis' findings, Village Fuel contends in Point II that application of the Chambless factors are not required, as the Supreme Court held in Hardt, but that, in any event, if the Court decides to use the factors as a guide, the prior findings were thorough and well reasoned and should not be disturbed.

2

In Point III, Village Fuel requests that this Court refrain from ordering the parties and the Court to engage in and conduct additional complex fact-finding proceedings.

Accordingly, Village Fuel hereby respectfully requests that this nearly 10-year-old dispute[1] be concluded at this stage and that there be an allowance of fees and expenses to Village Fuel the sum of $508,234 (see the accompanying Supplemental Declaration and annexed exhibits as to the amount requested).

**Point I**

**THIS COURT MAY HAVE ALREADY ADOPTED THE
MAGISTRATE JUDGE'S FINDINGS THAT VILLAGE FUEL
<u>SATISFIED ALL OF THE CHAMBLESS FACTORS</u>**

In this Court's Opinion and Order dated July 3, 2012, the Court wrote:

- "For the reasons stated below, the Court adopts the Report, in part, but concludes that Village Fuel is not entitled to an award of attorney's fees" (Page 1 of 9);

- " . . . analysis of whether attorney's fees are appropriate under the rubric of the Second Circuit's guidance in Chambless is unneccesary" (Page 9 of 9); but

- " . . . Village Fuel's motion for attorney's fees is denied. <u>In all other respects</u>, the court adopts Judge Ellis' thorough and well-reasoned Report" (emphasis added); (Page 9 of 9) (emphasis added).

While this Court disagreed with the Magistrate Judge's Report and Recommendation as to the threshold question of some degree of success on the merits, explicit adoption of all other portions of the Report and Recommendation and the initial finding that the Report and Recommendation was adopted "in part" raises the question as to whether this Court found the Magistrate Judge's <u>Chambless</u> analysis thorough and well reasoned and that it agreed

---

[1] GHI sent a letter purporting to rescind the entire group health plan in July, 2004 and sued Village Fuel in New York State Supreme Court in August, 2004.

with it and would have allowed fees, if the threshold had been met, but declined to question the analysis due to this Court's ruling on the threshold issue. If the Court had intended to adopt the findings, then Village Fuel contends that satisfaction of all of the five factors[2] resolves the allowance of fees issue, leaving only the second question as to the proper amount to be allowed. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2d Cir.1987)("abuse of discretion" to refuse to allow attorney's fees when all five factors are satisfied).

If, however, this Court did not adopt the Magistrate Judge's Chambless findings, Village Fuel respectfully requests that either the Court exercise its discretion to allow fees without the need to employ or use the Chambless factors as the Supreme Court held in Hardt and as other courts have so held)[3], or, that this Court adopt those findings now, especially since the third "common benefit" factor has been further bolstered in this case by the Second Circuit's Opinion and Order (effectively making attorneys' fees more readily available to a larger audience of participants, beneficiaries and fiduciaries in ERISA actions).

---

[2] It was an apparent oversight for the Magistrate Judge to treat the factors as six factors instead of five, because the culpable conduct or bad faith prong is one factor, and a finding of either will satisfy that one prong. Accordingly, the Magistrate Judge indeed found that all five factors were satisfied (due to the finding of GHI's conduct as culpable).

[3] "Because these five factors bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section". Hardt,130 S.Ct. at 2158.

4

## Point II

## IN THE ALTERNATIVE, THIS COURT SHOULD NOT DISTURB THE THOROUGH AND WELL REASONED FINDINGS OF THE MAGISTRATE JUDGE AS TO THE CHAMBLESS FACTORS

As noted above, the Supreme Court, in Hardt, held that the five prongs or factors contained in Chambless or similar cases previously used as a guide in other Circuits "bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, [and thus] they are not required for channeling a court's discretion when awarding fees under this section". If this Court, however, determines that it had not already adopted the Magistrate Judge's findings as to Village Fuel's satisfaction of all five factors and decides to now re-visit all of these issues, Village Fuel respectfully:

- relies upon and incorporates its prior arguments, contained in the fee motion, originally filed on December 15, 2009 [Document No. 119, at pp. 15-24];

- refers the Court to the findings in the Report and Recommendation of Magistrate Judge Ellis on these issues [Document No. 137 at pp. 12-19];

- contends that GHI did indeed act in bad faith, for the reasons contained in Village Fuel's initial submission [Document No. 119 at pp. 20-21]; and also because GHI never explained why Village Fuel was even a necessary party to this case, after it shifted its strategy after removal to this Court and it dropped its claim to rescind the entire group plan and merely sought to "partially rescind the coverage" only as to Plaintiff Nicholas Scarangella, Village Fuel's employee, and only sought in its FIRST CROSS CLAIM that the Court issue an order only as to Nicholas' "certificate of coverage" [Document No. 11 at pp. 10-11];

- notes that the Second Circuit's holding and its guidance to other courts and litigants in the Opinion and Order in this case, clarified the standard for the allowance of fees, by finding that even success on a motion to dismiss can constitute some degree of success on the merits, thereby effectively making attorneys' fees

more readily available to a larger audience of participants, beneficiaries and fiduciaries in ERISA actions and thus bolstering the third "common benefit" factor.

### Point III

### THE FULL AMOUNT OF FEES SOUGHT BY VILLAGE FUEL SHOULD BE ALLOWED AT THIS STAGE OF THE PROCEEDINGS, AND IT IS RESPECTFULLY SUBMITTED THAT THIS COURT NEED NOT ENGAGE IN FURTHER FACT FINDING PROCEEDINGS

For the reasons stated in the accompanying Supplemental Declaration and the annexed exhibits, Village Fuel respectfully submits that the requested amount of fees and expenses in the sum of $508,234 is reasonable.

As previously argued in Village Fuel's Rule 72 Objection to the Magistrate Judge's Report and Recommendation, a reduction in the requested amount is not warranted, in accordance with the controlling principles in Hensley v. Eckerhart, 461 U.S. 424 (1983).

It is respectfully contended that the Second Circuit's comments as to questions of fact did not require or mandate further discovery and an evidentiary hearing upon remand, but rather deferred to this Court as to any such issues. Village Fuel contends, as previously argued, that GHI's purported reasons for dismissing its claims in the 11th hour, just prior to trial, are not genuine or credible and that the Court can find in Village Fuel's favor here, just as it could do on a summary judgment motion when a party bears the burden of coming forward with admissible evidence and fails to do so, thus failing to create a genuine issue of fact [e.g., GHI knew about the sale of Village Fuel's assets for two years prior to its dismissal of the remaining two claims; it submitted no affidavits as to its contentions and simply relied upon comments of counsel in a memorandum].

However, if the Court wishes to engage in fact finding as to the intent of GHI in dismissing its two remaining cross claims, then Village Fuel will need to obtain discovery, in advance of an evidentiary hearing, so that it can discover and proffer to the Court the reasons why GHI made its decision, in July of 2009, to dismiss its remaining claims against Village Fuel. We are not aware of any legal authority that would mandate acceptance of GHI's counsel's self serving reasons, and we respectfully contend that it would be a denial of due process to refuse to permit Village Fuel to employ the ordinary tools and processes of discovery and an evidentiary hearing in the event that this Court were to find these issues relevant or determinative on the amount of fees to be awarded.

Based upon the foregoing, upon all prior proceedings and submissions in the docket, and upon the holdings of the Second Circuit, it is respectfully requested that this Court now bring to a close this long running and contentious litigation and enter an Order allowing fees and expenses to Village Fuel, in the sum of $508,234.

Dated:    Garden City, New York
          December 23, 2013

                                      Respectfully Submitted,

                                      QUADRINO SCHWARTZ

                        By:    _____/s/_____
                                 Richard J. Quadrino