UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NICHOLAS SCARANGELLA,

Plaintiff,

- vs -

05-cv-5298 (RJS)(RLE)

GROUP HEALTH, Inc. and SCARANGELLA & SONS,
INC., d/b/a VILLAGE FUEL, as Administrator of the
VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

Defendants.

------------------------------------------------------------------------x

## VILLAGE FUEL'S REPLY BRIEF ON ITS SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ALLOWANCE OF LEGAL FEES, UPON REMAND FROM THE SECOND CIRCUIT

Quadrino Law Group, P.C.
Attorneys for Defendant *Village Fuel*
105 Maxess Road, Suite 124 South
Melville, New York 11747
(631) 574-4550

Counsel:

Richard J. Quadrino

## PRELIMINARY STATEMENT

For the reasons stated in all of prior briefing on this motion and the additional reasons below, Village Fuel respectfully seeks an allowance of fees in the sum of $508,234.

## POINT I

## VARIOUS UNDISPUTED FACTS AND PROCEDURAL HISTORY THAT BEAR UPON THIS MOTION RENDER GHI's ARGUMENTS IRRELEVANT, MOOT OR ENTIRELY UNFOUNDED

The following undisputed facts and undisputed procedural history have a bearing upon the various issues raised by GHI in its supplemental opposition brief and are recited here, for the convenience of the Court, due to the voluminous record in this matter. As will be demonstrated below, these facts render GHI arguments either irrelevant, moot, or entirely unfounded.

A. **The ERISA Governed Group Health Insurance Policy At Issue In This Litigation Was Not The Initially Issued Policy That GHI Has Litigated And Complained About, But Rather A Second, New Policy – The Validity of Which Has Never Been Questioned – Issued Upon A Renewal After The First Year Of Coverage**

As demonstrated in the original fee motion [Document No. 119] in Village Fuel's Memorandum of Law ("Memorandum") and the supporting evidence cited to in the record, the original group health plan was issued as an annual group health plan effective for one year; i.e., from June 1, 2002 through May 31, 2003. See the Memorandum [Document No. 119] at pp. 2-5. As explained in the Memorandum, there were no representations or false representations as to Nicholas Scarangella's weekly work hours made in the 2002 underwriting process and thus there could never have been a basis for rescission of that

original group plan, effective from June 1, 2002 through May 31, 2003.  In any event, upon its expiration, GHI issued a new, renewal contract on June 1, 2003 and it sought additional information from Village Fuel in connection with the second, different, and subsequent plan that commenced on June 1, 2003 and was to expire on May 31, 2004. Id., at pp. 5-7 and the supporting evidence cited therein. Thus, when the second group plan "passed re-qualification", the first contract was not only expired, but it was superseded by a new and different contract / plan, based upon a new and different set of underwriting information. Id.

Indeed, in approving this second contract, specific employment information was requested and received by GHI regarding Nicholas, and GHI was satisfied that the information met its stated criteria, detailed in its letters to Village Fuel, and GHI thus specifically approved Nicholas as a member / employee under the second, subsequent group contract / plan. Id.

In the nearly 10 years that this litigation has been pending, GHI has never – in any brief, affidavit, or submission of any kind – challenged the truthfulness of the information submitted by Village Fuel in support of the issuance of the second, subsequent group health plan. And it was this under this second, different, and new plan that health insurance claims were filed by or on behalf of Plaintiff Nicholas Scarangella's ill wife, Carolyn, under which GHI initially paid $60,000 and then denied claims for an additional $350,000. See the Court's Amended Opinion And Order on the parties' summary judgment motions, dated March 24, 2009 at p.7, citing to the evidence in the record, that the Carolyn Scarangella health insurance claims at issue in this case were for dates of service between "late-February 2004 and January 2005" [Document No. 94]. Thus, it is only this second,

3

subsequently issued group plan that was at issue in this litigation because that plan was the plan that governed Mrs. Scarangella's subject health plan claims.

Despite the foregoing, every time GHI has made allegations about the Village Fuel group health plans, it erroneously refers only to the initial, expired, superseded 2002 group plan and the underwriting activity that took place prior to the issuance of that first group plan in 2002. Indeed, even on its supplemental submission on this fee motion, GHI:

> ▸ persists in referencing the 2002 underwriting information from the irrelevant, superseded, initial group plan; and

> ▸ failed, once again, to challenge the validity of the second, subsequent group plan and the truthful information provided by Village Fuel that was accepted by GHI and used to designate the second plan as valid, having "passed re-qualification".

Therefore, all commentary, arguments, and points GHI has attempted to make– and continues to make – about Village Fuel and its position in this litigation as to the first year's group plan are both legally and factually irrelevant and have no bearing upon the Chambless factors or any of the other points raised by GHI in connection with the initially issued – but superseded and irrelevant – 2002 group health plan. Accordingly, the Court should not consider any such contentions of GHI in connection with this motion.

**B.    The Very Significant Voluntary Settlement Entered Into By GHI On The Eve of Trial Both Undercuts And Speaks Volumes About GHI's Position On The Legal and Factual Issues In This Litigation**

As noted in this Court's Amended Opinion And Order on the parties' summary judgment motions, dated March 24, 2009, there was a body of evidence showing that Nicholas Scarangella was working 20 hours per week, comprised of both the sworn

deposition testimony of two witnesses, plus a body of documentary evidence. [Document No. 94, at pp. 14-15]. And as the Court may recall, while this factual issue related to Plaintiff Nicholas Scarangella's eligibility, GHI sued – and for 5 years pursued – Village Fuel, as the employer, alleging that it was Village Fuel's alleged conduct in obtaining the group plan that somehow made it liable to GHI under the theories it espoused in the three cross-claims that GHI asserted against Village Fuel [Document No. 11, at pp. 10-13].

GHI has repeatedly attempted to claim that its position in this litigation was strong and it has repeatedly attempted to disparage both Nicholas Scarangella and Village Fuel, his employer. Of course, GHI was free to go to trial in 2009, proffering whatever proof it believed it had on the pertinent matters and to cross examine the other parties' witnesses in a simple trial addressing the few factual issues that remained after the denial of its summary judgment motion against Plaintiff and dismissal of its equitable restitution claim against Village Fuel.

Instead, GHI, entered into a settlement agreement, on the eve of trial, and dismissed its remaining cross claims against Village Fuel, as it was being pressed by this Court in a series of three Orders as to whether there was any viability as to its claims that remained after the Court's Order on summary judgment [Document Nos. 98, 99, 101, and 102].

In the view of Magistrate Judge Ellis, when considering Village Fuel's subpoena of the settlement agreement, the amount of the settlement was indeed relevant to the culpability of GHI in this matter:

Mr. BERNSTEIN:

. . . . It's really irrelevant. It doesn't really pertain to anything

5

that Mr. Quadrino is talking about.

THE COURT:

But doesn't it affect the argument that you just made as to the
weakness of Mr. Scarangella's case to the extent that – I mean
it's always a situation in settlements, for example, to the extent
that they're public obviously, as to what percentage of the
claim is paid, whether it's insurance or personal injury or
contract or whatever. So that if somebody makes a claim for
$100,000 and the defendant pays $10,000, that may say
something about the strength of the claim. On the other hand,
if the defendant pays $90,000, that may say something else
about the strength of the claim.

Exhibit "A" to the Reply Declaration of Richard J. Quadrino submitted herewith.

It is respectfully contended, as Magistrate Judge Ellis asserted, that GHI's

**[REDACTED ]** was highly significant, substantially undercuts, and speaks volumes about

GHI's culpability in this matter [see confidential settlement agreement at Document Nos.

125 and 135].

### C.   After The Second Circuit's Comments and This Court's Order Affording GHI An Opportunity to Proffer Facts To Contradict Village Fuel's Contention That GHI's Voluntary Dismissal Of Its Remaining Two Cross Claims Against Village Fuel On The Eve of Trial Was Due to A Complete Lack of Merit, GHI Has Refused To Proffer Any Such Sworn Facts, Conceding This Point Entirely

In the Second Circuit's opinion and order, the Court highlighted a "question of fact"

that existed regarding GHI's purported reason for dismissing its remaining cross claims

against Village Fuel.  GHI had been aware of Village Fuel's closure of its business and sale

of its assets in 2007, two years prior to GHI's dismissal of it cross claims in 2009, yet it had

alleged repeatedly that Village Fuel's purported lack of assets was the true reason for its

decision to dismiss its claims on the eve of trial.  Village Fuel, on the other hand has

steadfastly contended that GHI was fully aware of its inability to succeed at trial against Village Fuel, both factually and legally.

GHI made its decision to dismiss its two remaining cross claims against Village Fuel in conjunction with its decision to settle with Plaintiff [Document Nos. 99 and 101 as to the reformation claim] and after being criticized and pressed by the Court as to the viability of its remaining rescission cross claim against Village Fuel. See Document No. 99: "GHI . . . . disregarded the Court's Order" as to its failure to inform the Court as to whether it would proceed with the rescission claim and the issuance of a *sua sponte* order to show cause against GHI requiring an explanation by GHI as to how its claim could lawfully proceed, in light of the Court's Order on summary judgment. See also, Document No. 101, requiring GHI to appear for oral argument regarding same, and Document No. 102, in which the Court acknowledged receipt of GHI's letter to the Court as to its decision to dismiss its rescission cross claim against GHI and the Court's prompt dismissal thereof, with prejudice.

In light of the Second Circuit's comments, this Court issued an Order on October 21, 2013 stating . . . "IT IS HEREBY ORDERED that the parties shall submit a joint letter, no later than October 31, 2013, informing the Court whether any party seeks to submit additional briefs *or affidavits* in light of the Second Circuit's decision and, if so, proposing a jointly acceptable briefing schedule" (emphasis added). In the subsequent joint October 31, 2013 letter to Court, the parties stated: "At this juncture GHI has not determined whether it seeks to submit anything further . . . the parties propose the following agreed upon briefing schedule. Village Fuel shall submit its briefs *and/or affidavits* by December

6, 2013. GHI shall submit papers in opposition or in further support of its position, **and/or affidavits**, if any, by January 10, 2014 (emphasis added)."

GHI was aware of Village Fuel's position that factual disputes as to its reasons for its voluntary dismissals on the eve of trial would require discovery and an evidentiary hearing as to GHI's internal discussions and deliberations. See the Reply Declaration of Richard J. Quadrino, submitted herewith, at ¶ 4. In light of the foregoing, GHI's subsequent submission to this Court, dated February 14, 2014 is a legal brief of its counsel only and no declaration or affidavit as to these facts was submitted. GHI thus deliberately chose to avoid going on record, under oath, as to its reasons for dismissing its case completely against Village Fuel.

Accordingly, Village Fuel's assertions as to the reasons for the dismissals against Village Fuel remain uncontradicted and GHI has factually conceded that it terminated its claims on the eve of trial due to a lack of merit and a lack of chance of success at trial.

## POINT II

### GHI HAS CONCEDED THAT IF FEES ARE ALLOWED, THERE WOULD BE NO REDUCTION OR APPORTIONMENT AS TO VILLAGE FUEL's QUANTUM OF SUCCESS

As this Court may recall, Village Fuel filed a Rule 72 Objection to Magistrate Judge Ellis' allowance of fees to Village Fuel because the allowance was reduced by two thirds and Village Fuel argued that under the Supreme Court's rule in Hensley v. Eckerhardt, 46 U.S. 424 (1983) a reduction should not be made if a party's success is not partial or limited [Document No.140 at pp. 3-7]. GHI had contended, in both this Court and the Second Circuit, that its voluntary dismissals of the rescission and reformation cross claims was due

to Village Fuel's purported lack of assets, and that such dismissals, with prejudice, should not be viewed as success by Village Fuel but rather as some sort of a voluntary business made decision by GHI. However, after being given an opportunity to provide sworn facts on these matters, GHI has abandoned its position, refused to provide a declaration, affidavit, or internal GHI documents, and thus conceded that if fees are allowed the Supreme Court's Hensley rule will control and the allowance would not be subject to any proportional reduction for any alleged "partial" success.

Indeed, in Point IV of GHI's Supplemental Brief in Opposition, dated February 14, 2014 – in which it addresses the amount of a fee allowance – GHI has not cited to Hensley and specifically did not argue that Village Fuel's success here was "partial" or "limited". Moreover, GHI did not request that this Court engage in any such analysis and did not request any apportionment of the fee allowance on any such grounds, thereby abandoning its prior position.

GHI's abandonment of any such apportionment or reduction should also be considered against the backdrop of the Second Circuit's comments in this case. The Court noted that when a party obtains relief *via* the adversary's abandonment of claims in the later stages of a case and after the trial court has provided commentary or initial rulings or analysis of the claims, a party may be able to show that the court's discussion resulted in the party obtaining relief. Scarangella v. Group Health, Inc., 731 F3d 146 (2nd Cir., 2013). The Court also stated:

> This is in line with the underlying policy considerations of ERISA that we are to construe broadly. Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 47 (2d Cir.2009) ("ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating' employee benefits rights

9

. . . .") (quoting <u>Chambless</u>, 815 F.2d at 872). This also appears compelled by the facts and holding in <u>Hardt</u>, which although reserving judgment on whether a remand order without more amounts to success on the merits, clearly held that a remand order opining positively on the merits of the plaintiff's claim was sufficient. 130 S.Ct. at 2159.

731 F.3d at 155.

Accordingly, if fees are allowed, the success of Village Fuel here should not be considered partial or limited, especially since no reduction or proportional allowance is requested by GHI here, and also in light of the Second Circuit's comments, noted above, referencing the Supreme Court's <u>Hardt</u> decision addressing similar circumstances.

Quite simply, GHI had pled three cross claims against Village Fuel: the first was dismissed by this Court on summary judgment and the remaining two were dismissed by the Court, with prejudice, after GHI abandoned the claims on the eve of trial, under the uncontested factual circumstances indicated above, in Point I.C., at pp. 6-8.

## Point III

### AS TO THE <u>CHAMBLESS</u> FACTORS (1) THE SUPREME COURT HELD THAT SUCH FACTORS ARE NOT REQUIRED FOR CONSIDERATION, (2) THE COURT MAY HAVE ALREADY IMPLICITLY ADOPTED THE MAGISTRATE's FINDINGS IN VILLAGE FUEL's FAVOR, AND (3), IN <u>ANY EVENT, THE FACTORS WEIGH IN VILLAGE FUEL's FAVOR</u>

Village Fuel hereby incorporates and reiterates its arguments and citations to facts and legal authorities as to the <u>Chambless</u> factors in: (1) Village Fuel's original motion for the allowance of fees, (2) Village Fuel's Rule 72 Objection to the Magistrate Judge's Report and Recommendation and opposition to GHI's Rule 72 Objection to same, and (3) Village Fuel's Supplemental Memorandum and accompanying Declaration and exhibits dated

December 23, 2013.

Village Fuel respectfully reiterates that this Court's statement that is "adopts" the Magistrate Judge's Report and Recommendation "in all other respects" other than the threshold "some success" portion does raise the question as to what this Court adopted. The only other portions of the Report and Recommendation, other than the some degree of success prong, were the Chambless analysis and evaluation of the proper amount of the fees allowed. Accordingly, Village Fuel respectfully seeks clarification on this point and if indeed the Court was referring to the Magistrate Judge's Chambless analysis as "thorough and well reasoned", then the Court should determine that fees are to be allowed and proceed directly to Point IV, below, regarding GHI's contentions challenging the amount of the fees to be allowed.

Village Fuel also respectfully reiterates that the Supreme Court noted in Hardt that since the five factor tests used by Circuit Courts (Chambless in this Circuit) " . . . bear no relation to §1132(g)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under [§1132(g)]". If the Court does, however, use the factors as a guide, it is clear that the party seeking the fee allowance need not show all five factors in his or her favor, and no one particular factor is dispositive. Slupinska v. First Unum, 554 F.3d 38,47 (2nd Cir. 2009). And if the Court were to evaluate the factors and find all five factors weigh in Village Fuel's favor, it would be, according the Second Circuit in the Chambless case itself, an abuse of discretion to refuse to allow fees. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2nd Cir. 1987).

We also note at the outset the admonition of the Supreme Court in Hensley that "a request for attorney's fees should not result in a second major litigation". 461 U.S. 437.

11

GHI has attempted, however, both in its various challenges and again in Point III of its Supplemental Brief, to reargue, recast, revisit and re-litigate every aspect of this litigation, violating the foregoing admonition, and it has also proffered various misleading and irrelevant points, as discussed below.

### Factor One: Culpable Conduct *or* Bad Faith

GHI presses, mentions, and incessantly argues that it did not act in "bad faith", simply ignoring that this Chambless factor is in the disjunctive: culpable conduct *or* bad faith. Village Fuel respectfully refers the Court to the prior briefing, referenced above, defining culpable conduct as merely "blameable" or "at fault". See, e.g., Slupinska, supra at 48.

Here, GHI was culpable, at a minimum, because it failed to engage in fair and open-minded consideration of the claim, it violated ERISA, and breached its fiduciary duties as a claims administrator of an ERISA benefit plan.  GHI (1) ignored the request of Pat Scarangella that GHI provide him with the documents that it claimed were false so that he could review and "clarify" (see citations to the record in Village Fuel's original Memorandum at p.17), (2) ignored the request of Village Fuel's attorney, Joel Sikowitz, that GHI hold its purported rescission "in abeyance until all aspects of this file are properly analyzed" (same), (3) refused to conduct a meaningful and thorough investigation by speaking with Village Fuel regarding its insurance application and Nicholas Scarangella's employment, and (4) by filing a lawsuit against Village Fuel immediately after advising Village Fuel of the concerns it had, GHI failed to engage in a fair and open-minded consideration of the claim, thus breaching its fiduciary duty as claims administrator of an ERISA benefit plan.

As noted above, all of the complaints of GHI and its entire focus upon the original group plan, commencing in 2002, were irrelevant, however, because that group plan expired and replaced with a second plan, commencing on June 1, 2003, with the employer and Nicholas Scarangella both being re-certified. Thus, the second group plan was issued based upon Village Fuel's submission of different information to GHI in January 2004. And it is was that second policy that was really at issue in this case, since Mrs. Scarangella's treatment and subsequent claims were for dates of service under the second, different policy. See Point I.A., *supra*, at pp. 2-4. Accordingly, GHI's various and sundry attempts to disparage Village Fuel or Mr. Scarangella are on facts that were never truly at issue here, thereby fostering needless and meritless litigation and wasting the time of both the Court and the parties and their counsel. That misleading conduct, in and of itself, renders GHI clearly culpable.

Notwithstanding the irrelevance of the facts as to underwriting of the 2002 group plan, Village Fuel notes that by suing to rescind the plan immediately, GHI deprived both Village Fuel and Nicholas Scarangella of the opportunity to submit an appeal of its decision and to have a "full and fair" review upon appeal of an adverse benefit determination and, therefore, violated the applicable ERISA regulations. See 29 C.F.R. § 2560.503-1. GHI's assertion that Plaintiff could have received a full and fair review from an entity that had already made up its mind to commence litigation to rescind the Village Fuel group contract is clearly not credible. This conduct also renders GHI culpable here.

GHI also engaged in culpable conduct by violating the ERISA regulations relevant to claims procedures. Specifically, this Court found in the March 24, 2009 Amended Opinion and Order that the EOB forms submitted by GHI in support of its motion for

13

summary judgment failed to comply with 29 C.F.R. § 2560.503-1(g)(ii) because GHI's adverse benefit determinations failed to reference the specific plan provisions on which the determinations were based. See Amended Opinion and Order dated March 24, 2009 at p. 12. This Court also noted in the Order that the record suggested GHI's adverse benefit determinations were untimely under the DOL Regulation. Id. GHI's violations of these regulations were material because the purpose is to permit a claimant to provide evidence to challenge the alleged basis for an adverse benefit determination and to foreclose the plan administrator from devising post-hoc rationalizations for the denial in subsequent litigation. Such post hoc rationalization of denials prevent a claimant from adequately disproving the plan administrator's contentions supporting its denial and as such would not afford a claimant an opportunity to offer information to clarify the plan administrator's erroneous findings.

In Lao v. Hartford Life Ins. Co., 2004 WL 1175751 (D. Minn. 2004), the Court explained the rationale for rejecting post-hoc rationales for claims decisions advanced for the first time in subsequent litigation:

> [a]lthough Hartford suggests it could have denied [the] claim on a number of other bases, the Court is free to ignore ERISA plan interpretations that did not actually furnish the basis for a plan administrator's benefit decision. Marolt v. Alliant Tech Systems, Inc., 146 F.3d 617, 620 (8th Cir., 1998) (emphasis added). Because any other approach would allow ERISA claimants to be "sand bagged by after the fact plan interpretation devised for purposes of litigation," Id., the Court would "not consider [Hartford's] post hoc rationales."

Lao, 2004 WL 1175751. Accord, Lauder v. First Unum Life Ins. Co., 284 F.3d 375 (2d Cir. 2002).

14

Here, GHI exploited its failure to comply with the DOL regulation by advancing a post-hoc rationale for its claims decision in litigation, thereby breaching its fiduciary duty once again. At the time of GHI's attempted rescission of the Village Fuel policy, GHI Special Investigations Unit Member Geraldine Brand summarized GHI's purported concerns concerning Nicholas Scarangella's employment status in July 13, 2004 email: (1) the NYS 45 for the first quarter of 2002 that was submitted with the group application did not match the NYS 45 submitted in July 2004 in response to the request from the GHI SPIU, (2) the social security number for Nicholas Scarangella on the NYS 45s and W-2's submitted to GHI in July 2004 did not match the social security on the enrollment application, (3) the address for Nicholas Scarangella provided on the enrollment application is a Florida address, and (4) all doctors seen by Carolyn Scarangella from December 2002 to July 2004 were in Florida.   Notably, no mention is made of any concern by GHI concerning the timing of Nicholas Scarangella's application / enrollment in the Village Fuel plan and whether he was employed 3 months prior to enrolling, arguments that GHI only advanced for the first time in litigation, as a post-hoc / surprise rationale. See the citations to the record in the original Memorandum on this motion, at pp.18-19 [in the litigation GHI raised for the first time the issue of a possible error in a NYS-45 prepared by Village Fuel's accountant as a misrepresentation and argued that Nicholas Scarangella was not eligible to enroll in the plan on the asserted grounds that he was not employed by Village Fuel for 90 days at the time of his enrollment].

GHI also breached its fiduciary duty as claims administrator by purporting to rescind the entire Village Fuel group contract when it knew no false representations were contained on the application and that the alleged misrepresentations were not material.

See Memorandum of Law in Support of Village Fuel's Cross-Motion for Summary Judgment at pp. 9-21 and Reply Memorandum of Law in Further Support of Village Fuel's Cross-Motion for Summary Judgment at pp. 6-10.  Notably, the testimony of Mary Venis, Small Group Underwriting Manager for GHI, confirms that any errors in Nicholas Scarangella's social security number were non-material because GHI would not utilize a potential subscriber's social security number in determining whether to issue a community-rated small group policy, and would not conduct background checks on potential subscribers because the premiums for "community rated" policies are not experience rated. See the citations to the record in the original Memeorandum at pp. 19 -20. Moreover, Village Fuel's accountant advised GHI in July 2004 that he was responsible for the error in Nicholas Scarangella's social security number. Id. Incredibly, GHI's witness, Ms. Brand testified that as of the date of her deposition, GHI did not know which NYS 45 had been filed with New York State by Village Fuel for the First Quarter of 2002 despite GHI's assertions that Village Fuel submitted a "false" NYS 45 for that quarter to GHI with its application. Id.  In addition, GHI had inquired, prior to the issuance of the policy, regarding the discrepancies in employment dates listed in the application and the W-2 submitted with the application and was advised by Village Fuel that Nicholas Scarangella had previously worked off the books. Id.  Once again, these 2002 facts are not relevant, but even if they were, GHI conduct was culpable at every turn.

Many aspects of the foregoing conduct was directed at, involved, and targeted Village Fuel, involving its attorney, its President, and its efforts to assist its employee. It was also the party initially sued in state court, necessity expenditure of legal fees and the mounting of the defense that ensued.  Thus, it is simply not credible for GHI to argue, as

it did on Page 9 of its Supplemental Brief that its conduct was solely directed at Plaintiff Nicholas Scarangella and not Village Fuel.  The vast record here belies this groundless contention.

Finally, GHI is further culpable because its legal department was involved in the decision to attempt to rescind the Village Fuel policy and knew the requirements of ERISA, but failed to comply with them. In addition, GHI's legal department had to have been aware of the U.S. Supreme Court's decisions in Great West and Sereboff, which established that the equitable restitution cause of action it asserted against Village Fuel sought monetary relief that is unavailable to it under ERISA.

On page "6" of its Supplemental Brief, GHI stated that "In order to meet its burden under this factor, Village Fuel must show that GHI brought its cross claims against it in bad faith". This is obviously an entirely incorrect statement of the law, completely ignoring the culpable conduct aspect of this factor.  GHI then proceeded in its Brief, in trying to allege that it did not act in bad faith, discuss all of the irrelevant 2002 facts regarding the original underwriting for the expired, superseded, and irrelevant group plan.  The Court should not be diverted by these incorrect statements of the law and GHI's focus upon irrelevant facts unrelated to its conduct: conduct that was clearly culpable under the circumstances here.

Moreover, the Court should consider GHI's current insistence as to its conduct and its attack upon Village Fuel against the backdrop of its **[REDACTED]** and its subsequent abandonment of all of its claims.  Clearly, GHI's various arguments here amount to nothing more than an attempt to distract, distort, and divert the Court from its commencement and pressing of 5 years of litigation on grounds that were obviously found to ultimately be or admittedly without merit and dismissed, with prejudice.

Accordingly, there is no basis upon this record to disturb the Magistrate Judge's finding that this factor weighs in favor of Village Fuel.

### The Ability To Satisfy a Fee Award Is Not A "Neutral" Factor

GHI's argument here is simply unfounded and quite frankly incomprehensible. GHI is obviously a large corporate entity with sufficient assets to satisfy an allowance of fees, and Village Fuel was a small family business that collapsed during the pendency of this litigation. Quite simply, this factor is in Village Fuel's favor, as the Magistrate Judge found.

### The Relative Merits of the Parties' Positions

GHI's main claim against Village Fuel was dismissed by the Court, as a matter of law, upon summary judgment, based upon previously established U.S. Supreme Court precedent. GHI's Supplemental Brief, on Page 12, diverted into an irrelevant discussion of whether its claim was "colorable" and then contends that it did not act in bad faith. But the simple and uncontested fact remains that its equitable rescission claim was untenable as a matter of law, with Village Fuel obtaining dismissal in its favor. How can GHI contend that the merits were in its favor when its claim was dismissed with prejudice?

As to the two remaining cross claims of GHI, dismissed with prejudice on the eve of trial after 5 years of litigation, Village Fuel respectfully refers to (1) the comments of the Second Circuit as to these claims, (2) Point I.C., above, regarding GHI's failure to dispute Village Fuel's contention that GHI abandoned the claims due to a lack of merit, (3) the Courts successive Orders in 2009, on the eve of trial, pressing GHI as to these claims and referencing the inability of GHI to pursue equitable rescission because it could restore the status quo (as opposed to legal rescission, which was legally precluded), (4) Village Fuel's prior briefing on the original motion, and (5) the findings of the Magistrate Judge.

Based upon the dismissal of all of GHI claims against Village Fuel and since Village Fuel was successful against GHI across the board[1], this factor weighs in Village Fuel's Favor.

### The Outcome of the Litigation Conferred a Common Benefit Upon All GHI Small Group Health Contract Holders and Their Employees

For a review and analysis of this factor, see Village Fuel's original Memorandum in support of this motion, at p. 22.  Please also see the Magistrate Judge's findings on this factor, finding that this factor weighed in Village Fuel's favor.

In addition to the many common benefits, referenced above, Village Fuel's defense of this matter resulted in GHI abandoning its original claim to rescind the entire Village Fuel health plan (in the state court litigation – see the Reply Declaration filed herewith). GHI dropped that claim and shifted, when it admitted that ERISA applied to this case and re-plead its claims in this Court, to a claim to only rescind Nicholas Scarangella's certificate of insurance.  That cleared all other employees to continue receiving medical treatment and payment on their health care claims.

### An Allowance of Fees Will Deter Other ERISA Claims Administrators From Engaging In Conduct Similar to GHI Here

Village Fuel respectfully relies upon its prior briefing on the original motion.

---

[1] See the Second Circuit's comments regarding Village Fuel's cross claim that was dismissed against GHI, which was an unripe, hypothetical indemnification claim that never came to fruition. As such, it should not enter the analysis here.  In any event, the merits as to all other claims weigh in Village Fuel's favor here.

**Point IV**

## THE AMOUNT OF FEES REQUESTED ARE FAIR AND REASONABLE

The Court is respectfully referred to the prior briefing on the issues raised in GHI Supplemental brief in its Point IV, as to the amount to be allowed.

All records as to descriptions and time spent were contemporaneous, as indicated in the previously filed Declarations and the rates were calculated using current rates, pursuant to the prevailing law, cited in Village Fuel's moving papers, the Reply on the original motion, and in accordance with prevailing rates as detailed in the motion and Supplemental submissions on December 23, 2013.  Accordingly GHI's contentions are clearly without merit.

## CONCLUSION

Based upon the foregoing, upon all prior proceedings and submissions in the docket, and upon the holdings of the Second Circuit, it is respectfully requested that this Court enter an Order allowing fees and expenses to Village Fuel, in the sum of $508,234.

Dated:     Melville, New York
           March 7, 2014

                                        Respectfully Submitted,
                                        QUADRINO LAW GROUP


                                   By:  _____/s/_____
                                        Richard J. Quadrino