ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008
www.sedgwicklaw.com  212.422.0202 *phone*  212.422.0925 *fax*

# Sedgwick LLP

*Michael Bernstein*
*michael.bernstein@sedgwicklaw.com*

March 10, 2014

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-14
```

*Via Email* - sullivannysdchambers@nysd.uscourts.gov
Hon. Richard J. Sullivan
United States District Court Judge
United States District Court For The
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

IT IS HEREBY ORDERED THAT Village Fuel shall respond to this letter no later than March 13, 2014.

Re: *Nicholas Scarangella* v. *Group Health Inc., et al.*
    Civ. Act. No. 05 Civ. 5298(RJS)(RLE)
    File No.: 03188-132541


SO ORDERED
Date: 3/10/14  RICHARD J. SULLIVAN U.S.D.J.

Dear Judge Sullivan:

This office represents the defendant Group Health Inc. ("GHI") in the above-referenced action. We write to object to defendant Scarangella & Sons, Inc. d/b/a Village Fuel's ("Village Fuel") untimely and oversized supplemental Reply Brief (Doc. No. 167) in further support of its request for attorney's fees, and request that it be stricken. We also request that Village Fuel's corresponding "Reply Declaration" (Doc. No. 168), submitted in connection with the Reply Brief, also be stricken because it raises new facts and arguments not raised in its original submission on remand.

Village Fuel filed its Reply Brief on March 8, 2014, which is one day after the brief was due. GHI consented to Village Fuel's prior request for a one-week extension of time, giving Village Fuel three weeks from the day it received GHI's opposition brief to prepare its reply. By letter endorsement dated February 26, 2014, this Court granted Village Fuel's request for an extension of time to file its Reply Brief from February 28, 2014 to March 7, 2014. (Doc. No. 166). The Court also further directed that that it would not grant Village Fuel any further extensions of time. (*Id.*). Therefore, Village Fuel was fully-aware that its Reply Brief was due to be filed no later than March 7, 2014, but still failed to file its reply papers on time and as directed by the Court.[1]

Village Fuel's Reply Brief also fails to comply with your Honor's Individual Rules of Practice. Most notably, it exceeds the Court's page limitation for reply papers by double the allowed amount. Specifically, Your Honor's Individual Rule 2B limits reply briefs to ten pages. Village Fuel's Reply Brief is twenty pages. (Doc. No. 167). No request to file an oversized brief was made to the Court and thus leave to file such brief was not granted. Village Fuel's belated and oversized reply is also missing a table of contents, which is yet another violation of your Honor's Individual Rules of Practice.

---

[1] Notably, this is at least the third time that Village Fuel has filed its papers after the court-ordered deadline for doing so. (*Compare* Doc. Nos. 160 *with* 158; *see also* Doc. No. 141). Clearly, the court's prior tolerance of Village Fuel's flagrant violation of such court-ordered deadlines has lead Village Fuel to believe it can unilaterally flout such orders and file its papers whenever it wants.

Hon. Richard J. Sullivan
Re: Nicholas Scarangella v. Group Health Inc., et al.
    Civ. Act. No. 05 Civ. 5298(RJS)(RLE)
Page 2

Perhaps even more importantly, Village Fuel's Reply Brief is improper because it includes arguments and evidence that it simply did not reference in its opening brief on remand. Indeed, Village Fuel's opening brief was only seven pages long and failed to discuss the merits of its claim for attorney's fees, except in vague terms. (Doc. No. 160). It appears that Village Fuel's plan was to wait until its reply to advance its substantive arguments in support of its claim for attorney's fees in order to make sure that GHI could not respond to them. This is improper and not permitted in a reply. In this regard, Village Fuel argues for the first time in its Reply Brief that: (1) a "new" policy was issued in 2002, rendering its original material misrepresentations to GHI, which were made at the time it first applied for coverage, irrelevant (pp. 2-4); (2) GHI was required to submit affidavits regarding the reasons it settled with plaintiff Nicholas Scarangella in order to oppose Village Fuel's request for attorney's fees (pp. 7-8) ; (3) it was entitled to protection under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"), the same as any participant or beneficiary covered under the ERISA plan (although Village Fuel is neither) (pp. 13-14); and (4) GHI advanced *post-hoc* rationalizations for termination and rescission, which are not allowed under ERISA (pp. 14). All of these specious arguments could have, and should have, been made in Village Fuel's opening brief so that GHI could present rebuttal arguments in its opposition brief. Village Fuel's Reply Brief is therefore improper and should be stricken. *See Cioffi v. Averill Park Central School Dist. Bd. of Educ.*, 444 F.3d 158, 169 (2d Cir. 2006); *Global Crossing Estate Representative v. Winnick*, 04 CIV.2558(GEL), 2006 WL 2212776, *11 (S.D.N.Y. Aug. 3, 2006).

Accordingly, we respectfully request that the Court strike Village Fuel's Reply Brief and corresponding Reply Declaration because they violate you Honor's Individual Practices and improperly include arguments that were not first advanced in its opening brief.

Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

cc: Richard J. Quadrino Esq.
rjq@QuadrinoLawGroup.com

## CERTIFICATE OF SERVICE

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED MARCH 10, 2014** was served via Email on this 10th day of March, 2014, upon the following:

Richard J. Quadrino Esq.
Quadrino Law Group
105 Maxess Road I Suite 124 South
Melville, New York 11747

s/_____
JOHN T. SEYBERT (JS 5014)

Dated: New York, New York
March 10, 2014