

105 Maxess Road | Suite 124 South
Melville, New York 11747
T: 631.574.4550  F: 631.574.4401
E: rjq@QuadrinoLawGroup.com

**New York City Office:**
The Woolworth Building
233 Broadway | 5th Floor
New York, New York 10279

*Reply Mail to Melville Office Address*

March 11, 2014

<u>*via Email:*  sullivannysdchambers@nysd.uscourts.gov
and via ECF</u>

Hon. Richard J. Sullivan
U.S. District Court, SDNY
500 Pearl Street - Room 640
New York, New York 10007

    Re:    <u>Scarangella v. Group Health Inc.
               Civ. Action No.: 05 Civ. 5298 (RJS)(RLE)</u>

Dear Judge Sullivan:

      The undersigned represents Scarangella & Sons, d/b/a Village Fuel ("Village Fuel") in the above matter. This letter is submitted in response to GHI's letter to Your Honor dated March 10, 2014 requesting the Court to strike Village Fuel's Reply papers on its supplemental submission as to its fee motion, on remand from the Second Circuit. For the reasons stated below, we respectfully request that GHI's application be denied in its entirety.

      GHI stated in its March 10th letter that Village Fuel's Reply Brief was filed "one day" after it was due. GHI failed to inform the Court, however, that it was not one day late, but rather 6 minutes, having been filed via the ECF system at 12:06 a.m., 6 minutes after midnight on March 7, 2014 [Docket No. 167]. We note, as the undersigned informed the Court in our letter dated February 26, 2014 seeking additional time for this submission, that work delays have occurred due to the various time-consuming activities associated with the undersigned's separation from Quadrino Schwartz, P.C., the formation of a new firm, and the associated logistical, administrative, business, and client issues related thereto. These cumulative delays played a part in missing the midnight deadline by 6 minutes, especially since the undersigned personally finalized the papers and made the ECF filing, with certain unanticipated administrative tasks contributing to the overall filing delay.

      In any event, we respectfully request that since Village Fuel, through its counsel, was acting in good faith here and there is no prejudice to GHI, the Court should find this

Hon. Richard J. Sullivan
March 11, 2014
Page 2

6 minute delay as excusable neglect and we hereby request a 6-minute extension of time, pursuant to Fed.R.Civ.Proc. 6(b)(1)(B). We note that GHI made a prior objection in this case to a 22-minute filing delay and the Court granted a 22-minute extension and found excusable neglect under the prior circumstance. [Document No. 141].

As to the page length of Village Fuel's Reply Brief, we respectfully note that the current submissions here were in a procedural context not found in any particular rule; i.e. they were filed pursuant to Your Honor's October 22, 2013 Order and the subsequent Joint Letter of the Parties dated October 31, 2013, upon remand from the Second Circuit. No page limits were set in the Court's October 22, 2013 Order and GHI did not seek any page parameters in the Joint Letter.

Indeed, it should be noted that GHI's counsel personally indicated to the undersigned, prior to this particular round of submissions, that "everything that needed to be said to the court on these issues has already been said". Thereafter, GHI informed the Court, in the October 31, 2013 Joint Letter that:

> At this juncture GHI has not determined whether it seeks to submit anything further . . . GHI shall submit papers in opposition or in further support of its position, and/or affidavits, *if any,* by January 10, 2014.

(emphasis added). Despite these statements, GHI then filed a 25-page opposition Memorandum, re-raising and re-litigating many aspects of this extended litigation, warranting, we believe, a thorough response that properly placed GHI's arguments in context.

Because issues were raised by the Second Circuit and other issues were left unresolved, and because the briefs are supplementary to prior motions, yet they needed to also address the Second Circuit's comments on issues raised by the appellate panel in its Opinion and Order on remand, the briefs, we believe, were not typical submissions. Your Honor's Individual Practices refer generally to motions, but these submissions are both supplements to an existing motion that had been previously decided, with the Order on the motion vacated by the appellate panel, against the backdrop of nearly 10 years of litigation, and we had not considered this round of submissions to be a motion in the typical or classical sense.

We also respectfully note that Individual Practice 2B affords the party seeking relief a total of 35 pages of briefing in memoranda; i.e. 25 pages in the opening memorandum and 10 pages in reply. Village Fuel's total briefing here is 8 pages less than the allotted 35 pages since the initial memorandum was 7 pages and the reply was 20, for a total of 27 pages.

In any event, if the Court considers the 10-page limit in Individual Practice 2B to be applicable to the circumstances here, Village Fuel respectfully seeks leave for the Court to accept for filing the 20-page Brief submitted by Village Fuel on Reply. We apologize to the Court for not recognizing this issue or seeking this relief earlier, and we kindly note that we made efforts to incorporate by reference prior briefing and evidence in the record, when possible, but the sheer volume of evidentiary and legal material referenced by GHI in its opposition and the 10 year history of the case warranted, we respectfully contend, the size of the response in Reply. Accordingly, Village Fuel respectfully requests that GHI's application be denied and that the Court accept for filing, *nunc pro tunc*, Village Fuel's 20 page Reply. In the alternative, Village Fuel seeks leave to re-file a 10 page Reply brief. In addition, enclosed herein is a Table of Contents for Village Fuel's Reply memorandum.

As to GHI's contention that the Reply Brief contains new information, the contention is incorrect on all counts. GHI first claims in its letter to Your Honor that Village Fuel's arguments regarding GHI referencing and litigating about the wrong group plan, throughout 5 years of litigation, is something that "includes arguments and evidence that it simply did not reference in its opening Brief on remand". However, the opening brief at Pages 5 and 7 specifically incorporated Village Fuel's original papers on the fee motion [Document No. 119]. The opening sentence of Point I.A. in the Reply Brief then specifically referred to Document 119:

> <u>As demonstrated in the original fee motion</u> [Document No. 119] in Village Fuel's Memorandum of Law ("Memorandum") and the supporting evidence cited to in the record, the original group health plan was issued as an annual group health plan effective for one year; i.e., from June 1, 2002 through May 31, 2003. See the Memorandum [Document No. 119] at pp. 2-5. As explained in the Memorandum . . . .

(emphasis added). GHI has always ignored this point, refusing to contradict it, refute it, or even comment upon it. <u>See</u> GHI's opposition to the original fee motion, which makes no effort to dispute these uncontroverted facts, based upon GHI's own documents and other business records GHI produced in discovery [Document No. 127]. Accordingly, Village Fuel's reiteration of the point here, especially in light of GHI spending 16 pages in its opposition on the irrelevant underwriting facts regarding issuance of the superseded and expired 2002 group plan – yet again – warranted Village Fuel's response on the issue. <u>See</u> GHI's Supplemental Brief in Opposition, at pp. 4-20 [Document 163].

GHI next claims ignorance that it could have submitted affidavits to this Court along with its opposition papers and that Village Fuel's arguments about its failure and refusal to do so come as a surprise to GHI. The Second Circuit highlighted a "question of fact" as to GHI's contention as to why it abandoned its cross claims on the eve of trial [Nicholas

Hon. Richard J. Sullivan
March 11, 2014
Page 4

Scarangella et al. v. Group Health Inc., 731 F3d146,155-156 (2nd Cir., 2013)], and this Court's Order dated October 21, 2013 specifically asked whether GHI intended to submit any "affidavits". In addition, the GHI acknowledged in the October 31, 2013 Joint Letter to the Court that it was provided an opportunity to submit "affidavits". We therefore do not comprehend GHI's position here. GHI was not "required" to submit affidavits (see GHI's March 10, 2014 letter to Your Honor). It had the opportunity to contest the facts and Village Fuel's contentions, but simply chose not to do so. Village Fuel has simply pointed out in a Reply – as any party would do when, for example, a summary judgment opponent fails to dispute facts – that facts are unopposed and that the party had a chance to submit opposing facts and did not do so. Indeed, in Village Fuel's initial Memorandum, the issue as to these contested questions of fact was discussed and highlighted, along with a reference to an analogy to summary judgment, noting that a court can resolve a factual question in a party's favor when the adversary

> bears the burden of coming forward with admissible evidence and fails to do so, thus failing to create a genuine issue of fact [e.g., GHI knew about the sale of Village Fuel's assets for two years prior to its dismissal of the remaining two claims; it submitted no affidavits as to its contentions and simply relied upon comments of counsel in a memorandum].

See Village Fuel's initial memorandum, after remand, dated December 23, 2013, at p. 6. [Document No. 160]. Accordingly, since GHI was fully aware of Village Fuel's position from the explicit comments above, its contention in its March 10th letter to Your Honor that this is a new argument " . . that [Village Fuel] simply did not reference in its opening brief on remand" is belied by the uncontested facts here.

GHI also claims that Village Fuel made a new argument as to GHI not affording it or its attorney an opportunity to contest its purported rescission in 2004, but Village Fuel indeed made this point repeatedly in its original Motion [Document No. 119 at pp. 7-8, 17, and 20], which was incorporated by reference in Village Fuel's supplemental Brief here. Thus, this also was not a "new" point in the Reply.

And finally, GHI complained in the March 10th letter to Your Honor that GHI's *post-hoc* rationalizations in this litigation, as explained in the Reply, was somehow new, yet this argument was contained in the original fee Motion filed by Village Fuel [Document No. 119, at pp. 18-19], and also incorporated by reference in Village Fuel's supplemental submission.

*Hon. Richard J. Sullivan*
*March 11, 2014*
*Page 5*

  Based upon the foregoing, it is respectfully submitted that GHI's application to strike Village Fuel's Reply Brief be denied in all respects and that the Court extend the filing date by 6 minutes and accept an enlargement of Village Fuel's Reply Memorandum to 20 pages.

               Respectfully submitted,

               Quadrino Law Group, P.C.

        By: _____
               Richard J. Quadrino

cc: Michael Bernstein, Esq. (*via* email and ECF)
   John T. Seybert, Esq. (*via* email and ECF)

# TABLE OF CONTENTS

**POINT I**

**VARIOUS UNDISPUTED FACTS AND PROCEDURAL HISTORY THAT BEAR UPON THIS MOTION RENDER GHI's ARGUMENTS IRRELEVANT, MOOT OR ENTIRELY UNFOUNDED** . . . . . . . . . . . 2

    A.    The ERISA Governed Group Health Insurance Policy At Issue In This Litigation Was Not The Initially Issued Policy That GHI Has Litigated And Complained About, But Rather A Second, New Policy – The Validity of Which Has Never Been Questioned – Issued Upon A Renewal After The First Year Of Coverage . . . . . . 2

    B.    The Very Significant Voluntary Settlement Entered Into By GHI On The Eve of Trial Both Undercuts And Speaks Volumes About GHI's Position On The Legal and Factual Issues In This Litigation . . 4

    C.    After The Second Circuit's Comments and This Court's Order Affording GHI An Opportunity to Proffer Facts To Contradict Village Fuel's Contention That GHI's Voluntary Dismissal Of Its Remaining Two Cross Claims Against Village Fuel On The Eve of Trial Was Due to A Complete Lack of Merit, GHI Has Refused To Proffer Any Such Sworn Facts, Conceding This Point Entirely . . 6

**POINT II**

**GHI HAS CONCEDED THAT IF FEES ARE ALLOWED, THERE WOULD BE NO REDUCTION OR APPORTIONMENT AS TO VILLAGE FUEL's QUANTUM OF SUCCESS** . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Point III**

**AS TO THE CHAMBLESS FACTORS (1) THE SUPREME COURT HELD THAT SUCH FACTORS ARE NOT REQUIRED FOR CONSIDERATION, (2) THE COURT MAY HAVE ALREADY IMPLICITLY ADOPTED THE MAGISTRATE's FINDINGS IN VILLAGE FUEL's FAVOR, AND (3), IN ANY EVENT, THE FACTORS WEIGH IN VILLAGE FUEL's FAVOR** . . . . . . . . . . . . . . 10

**Point IV**

**THE AMOUNT OF FEES REQUESTED ARE FAIR AND REASONABLE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20