UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICHOLAS SCARANGELLA,

                      Plaintiff,

    -against-

GROUP HEALTH INC. and SCARANGELLA & SONS, INC.,
d/b/a VILLAGE FUEL, as Administrator of the VILLAGE
FUEL EMPLOYEE BENEFITS PLAN,

                      Defendants.
------------------------------------------------------------------------X

Civil Action No.:
05 CV 5298 (RJS) (RLE)

**GHI'S RESPONSE TO VILLAGE FUEL'S NOTICE OF SUPPLEMENTAL AUTHORITY**

DOCUMENT ELECTRONICALLY FILED

      GROUP HEALTH INC. (hereinafter "GHI"), by its attorneys, Sedgwick LLP, respectfully submits this Response to Scarangella & Sons, Inc. d/b/a/ Village Fuel's ("Village Fuel") Notice of Supplemental Authority (Doc. No. 172) regarding the U.S. Court of Appeals for the Second Circuit's recent decision in *Donachie* v. *Liberty Life Assurance Co. Of Boston*, __ F.3d __, 2014 WL 928971 (2d Cir. 2014).  In *Donachie*, the plaintiff was a participant in an ERISA[1]-governed long term disability ("LTD") plan who was found to have wrongfully been denied benefits.  The district court *sua sponte* granted the plaintiff summary judgment and ordered the defendant plan to pay him all past due LTD benefits.  *Id.* at *2.  The district court, however, denied the plaintiff's application for attorney's fees under 29 U.S.C. §1132(g)(1) based on its finding that the defendant's conduct did not rise to the level of bad faith. The Second Circuit reversed, finding that the district court abused its discretion by failing to consider all five factors enunciated in *Chambless* v.*Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987).  2014 WL 928971, at *4.  Specifically, the Second Circuit found that the district court erred by failing to consider whether the defendant's conduct was "culpable" and also did not consider the relative merits of the parties' positions.

---

[1] The term "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*

In its Notice, Village Fuel argues that the holding in *Donachie* allows this Court to award it fees without considering the *Chambless* factors because it need only consider whether there was "some degree of success on the merits" under *Hardt* v. *Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010), and that if it is inclined to deny the application, it must provide "some particular justification" for doing so. Village Fuel's assertions and its interpretation of *Donachie* are entirely without merit and a complete misstatement of the Second Circuit's holding. Initially, the ruling in *Donachie* involved a *participant* seeking to enforce his rights to benefits; not a shell corporation defending its fraudulent misrepresentations to an insurance company. Indeed, the Second Circuit noted in *Donachie* that "Congress intended the fee provisions of ERISA to encourage *beneficiaries* to enforce their statutory rights." 2014 WL 928971, at *3 (quoting *Slupinski* v. *First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) (emphasis added)). Manifestly, Village Fuel is not a beneficiary.

Second, and perhaps more importantly, *Donachie* in no way vacated or overruled the Second Circuit's decision in *Scarangella* v. *Group Health Inc.*, 731 F.3d 146 (2d Cir. 2013) as Village Fuel suggests. Rather, the Second Circuit in this case remanded the attorney's fee issue back to this Court so that it can consider the *Chambless* "factors in the first instance." 731 F.3d at 156. There is nothing in the Second Circuit's holding in *Donachie* that changes this mandate. Thus, the majority of points made by Village Fuel in its Notice are incorrect and should therefore be rejected by this Court.

Dated:   New York, New York
         March 13, 2014

Respectfully submitted,

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)
JOHN T. SEYBERT (JS-5014)
SEDGWICK LLP
Attorneys for Defendant
GROUP HEALTH INC.
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202

TO:

Richard J. Quadrino Esq.
Quadrino Law Group
105 Maxess Road I Suite 124 South
Melville, New York 11747
(631) 574-4550
(631) 574-4401
rjq@QuadrinoLawGroup.com

DOCS/18536659v1

## CERTIFICATE OF SERVICE

      I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached was served via ECF on this 13th day of March, 2014, upon the following:

>Richard J. Quadrino Esq.
>Quadrino Law Group
>105 Maxess Road I Suite 124 South
>Melville, New York 11747
>rjq@QuadrinoLawGroup.com

                                                          s/
                                                   JOHN T. SEYBERT (JS-5014)

Dated:    New York, New York
               March 13, 2014