UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
NICHOLAS SCARANGELLA,

                Plaintiff,

-against-

GROUP HEALTH INC. and SCARANGELLA &
SONS, INC. d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

                Defendants.
---------------------------------------------------------------X

Civil Action No.:
05-cv- 5298 (RJS) (RLE)

**SUPPLEMENTAL
DECLARATION OF
RICHARD J. QUADRINO
IN SUPPORT OF MOTION
FOR ATTORNEY'S FEES**

Richard J. Quadrino, an attorney admitted to practice before this Court, declares pursuant to 28 U.S.C. 1746, under penalties of perjury, that the following is true and correct:

1.    I am a partner in the firm Quadrino Schwartz, located at 666 Old Country Road, Garden City, New York. Our firm has represented Scarangella & Sons, Inc. d/b/a Village Fuel (Village Fuel) in this action from the time that it was initially commenced by Group Health, Inc (GHI) in state court, through and including all stages of the proceedings in this Court after removal, and on appeal and reversal to and from the Second Circuit U.S. Court of Appeals.

2.    I submit this Declaration in further support of Village Fuel's motion for an allowance of attorney's fees in this matter.

3.    Annexed hereto as Exhibit "A" is the Declaration of the undersigned, filed by Village Fuel, along with the motion for legal fees when it was originally filed on December

1

15, 2009, along with the annexed Declaration of Scott Riemer, Esq., filed therewith on December 15, 2009 [Document No. 113 and 113-3].[1]

4. As to the ERISA experience of the undersigned and our firm, please note that we have continued to practice in the field of ERISA-governed health insurance, since the time of the filing of the prior Declaration in support of this motion, and thus the experience of Village Fuel's counsel is more extensive than when the instant motion was previously filed.

5. The undersigned has been representing parties in ERISA-governed health insurance matters throughout the United States, in various States, over the last several years. The representation has involved consulting, claims management, and litigation in U.S. District Courts in several States.

6. The undersigned has been interviewed and quoted by several national media outlets over the past two years, all involving ERISA-governed health insurance matters. Various national magazines and online publications have published articles authored by the undersigned over the past two years, all dealing with ERISA-governed health insurance. The undersigned has also been invited to speak on these matters, including a paid speaking engagement at a national hospital association.

7. The hourly rates of the undersigned and other attorneys and professionals in our firm, as of 2009, were addressed by attorney Scott Riemer, in his above referenced Declaration. Mr. Riemer, a nationally known ERISA practitioner with 24 years of ERISA litigation experience, stated that the rates of the attorneys in our firm, at that time, in 2009,

---

[1] References in brackets in this format refer to this Court's Docket for this matter and the Document Number references therein.

were "wholly reasonable and, if anything, well below current market rates". See the Riemer Declaration at ¶18. Please note that Mr. Riemer's clients have recently been allowed legal fees under ERISA using an hourly rate for Mr. Reimer of $600. Levitian v. Sun Life and Health Ins. Co., 2013 WL 3829623, 8 -9 (S.D.N.Y., July 24, 2013) ("Although Mr. Riemer's rates have climbed nearly ten percent since then, the logic of awarding what private clients will pay is equally applicable. Accordingly, I find that his $600 per hour rate is reasonable"); Barrett v. Hartford Life and Acc. Ins. Co., 2012 WL 6929143 (S.D.N.Y. Nov. 9, 2012) (allowing attorneys' fees at the rates requested, including $600 per hour for Mr. Riemer). Please note that Your Honor allowed fees in an ERISA case litigated in this Court by Mr. Reimer, using $560 per hour as his rate, in 2009. Zoller v. INA Life Insurance Company of New York, et al., No. 06-cv-00112 (Hon. Richard J. Sullivan) at Docket Entry Nos. 99 and 84.

8. Since 2009, the hourly rates of the undersigned and the attorneys and paralegal in our firm (or attorney previously in our firm who worked on this matter) have increased, as follows:

- Richard J. Quadrino: from $450 (per hour) to $495 (per hour);

- Evan S. Schwartz: from $450 to $495;

- William J. O'Mahony (former partner): from $350 to $375[2];

- Michail Z. Hack: from $300 to $375;

---

[2] Mr. O'Mahony is now a partner at the firm Sepe & O'Mahony and the undersigned has now been informed that Mr. O'Mahony routinely charges and is compensated by clients of his firm at the rate of $390 per hour on litigation matters. However, to be conservative, we are using a rate of $375 for Mr. O'Mahony as a rate that we would be charging if he were still with our firm.

3

     ▸     G. Wielgus (paralegal): from $150 to $175

9.    The gross amount of legal fees[3] allowed to Village Fuel by Magistrate Judge Ellis, in his Report and Recommendation filed on October 26, 2010, after being adjusted downward for time spent litigating in New York Supreme Court, prior to removal, and after accepting Village Fuel's voluntary across-the-board reduction of ten (10%) per cent, was in the sum of $270,548 in legal fees and expenses of $11,767, for a total of $282,315. [Document No. 137].

10.    The upward adjustment to the gross allowable amount for the legal fee portion of the above, to reflect current rates[4], is $27,144. That calculation was performed by our firm's Controller, and it takes into account – and thereby reduced the rate increase – due to Village Fuel's voluntary across-the-board reduction of ten (10%) per cent.

11.    Accordingly, the total adjusted gross amount of legal fees and expenses for the initial fee and expense submission in this matter is now in the sum of $309,459.

12.    The initial fee submission, referenced above, included all legal work and expenses incurred up to and including December 9, 2009, when our firm was in the process of drafting and preparing the motion for legal fees [Document No. 113-4].

---

[3] Magistrate Judge Ellis first determined the gross allowable amount and then reduced that gross amount by two-thirds, based upon a view that Village Fuel had achieved some success on one cause of action, but not on two others. Village Fuel filed a Rule 72 Objection as to the two-thirds reduction and maintains, upon the U.S. Supreme Court authority of <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983), that the reduction was erroneous. <u>See</u> Village Fuel's Supplemental Memorandum in Support of its Motion for Legal Fees, filed in conjunction with this Declaration.

[4] Current hourly rates are to be used in ERISA legal fee submissions. <u>Le-Blanc-Sternberg v. Fletcher</u>, 143 F3d 748,764 (2nd Cir., 1998) [citing <u>Missouri v. Jenkins</u>, 491 U.S. 274, 283–84(1989)].

4

13.     Annexed hereto as Exhibit "C" is Village Fuel's submission for time and expenses incurred from December 10, 2009 to the present. The invoice reflects the following:

▸     Legal fees of $207,818, using the current hourly rates for the attorneys listed above, and including the work of Harold J. Levy, Esq, at a rate of $375 per hour. Mr Levy is an experienced litigator who worked on the appeal to the Second Circuit in this matter. He was admitted as an attorney in New York in 1991 and has 22 years of experience litigating various complex matters, including numerous successful appeals prosecuted in both state and federal court.

▸     Expenses of $15,641. However, the expenses must be reduced by the sum of $3,901 because of the judgment for a bill of costs in that sum, regarding the appeal, which has been satisfied by GHI. Accordingly, the net expenses are $11,739[5]. See Exhibit "D", annexed hereto.

14.     The legal work and expenses reflected in Exhibit "C" cover: (1) concluding the work on the initial legal fee motion in this Court, from December 10, 2009 through March 3, 2010, (2) the legal work regarding the Rule 72 Objection litigation, in this Court, after Magistrate Judge Ellis issued his Report and Recommendation allowing fees and expenses to Village Fuel in the sum of $101,950, (3) prosecuting the appeal in the Second Circuit and motion practice in the Second Circuit, and (4) the legal work on the instant supplemental submission.

---

[5] For ease of calculation, Village Fuel has rounded off the pennies, in GHI's favor.

15.   For the same reasons delineated in the undersigned's Declaration filed in support of the initial fee submission, Village Fuel offers a voluntary across-the-board reduction in the legal fees of ten (10%) per cent.  Thus, the legal fee portion of Exhibit "C" is voluntarily reduced by Village Fuel from $207,818 to $187,036.

16.   Accordingly, Village Fuel now seeks a total allowance of fees and expenses, as follows:

- $309,459 on the initial submission;
- $187,036 for the legal fee portion on this supplemental submission;
- $11,739 for the net expenses on this supplemental submission;

17.   The total of the foregoing, which is the requested allowance in favor of Village Fuel on this motion, is $508,234.

18.   For the Court's convenience, a summary of the legal fee portion of this supplemental submission, showing a breakdown of the time spent on the four aspects of the work, delineated above, is annexed hereto as Exhibit "B".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/
Richard J. Quadrino

Dated:   Garden City, New York
         December 23, 2013