UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

NICHOLAS SCARANGELLA,                          Civil Action No.:
                                                05 CV 5298 (RJS) (RLE)
                     Plaintiff,

   -against-

GROUP HEALTH INC. and SCARANGELLA &
SONS, INC. d/b/a VILLAGE FUEL, as
Administrator of the VILLAGE FUEL EMPLOYEE
BENEFITS PLAN,

                     Defendants.

-----------------------------------------------------------------------X

**NOTICE OF NEW DEVELOPMENTS CONCERNING
VILLAGE FUEL'S SUPPLEMENTAL SUBMISSIONS TO THE
COURT UPON REMAND FROM THE SECOND CIRCUIT**

Annexed hereto are the following decisions that were issued since the close of briefing on Village Fuel's motion for legal fees in this matter that is *sub judice* since March 7, 2014:

    1.    *Demonchaux v. Unitedhealthcare Oxford*, 2014 WL 1273772 (S.D.N.Y. Mar. 27, 2014);

    2.    *Pierorazio v. Thalle Constr.*, 2014 WL 3887185 (S.D.N.Y. June 26, 2014); and

    3.    *Gross v. Sun Life Assur. Co*., 763 F.3d 73 (1st Cir. 2014).

In *Demonchaux,* the Court found that the plaintiff obtained "some degree of success on the merits" when Defendant Oxford voluntarily decided to pay her health insurance claims after the Court had issued a remand order to Oxford to reconsider the claims. The

Court held that bad faith on the party opposing the fee motion need not be established [because the relevant *Chambless* prong is satisfied by culpable conduct *or* bad faith, citing to *Donachie v. Liberty Life Assur. Co.,* 745 F.3d 41 (2nd Cir. 2014)]. Moreover, hourly rates of $600 per hour for partners, $500 per hour for associates, and $175 to $200 per hour for paralegals were held to be fair and reasonable rates. 2014 WL 1273772 at *7.

In *Pierorazio*, the Court allowed legal fees in an ERISA-governed deferred compensation litigation that settled prior to the entry of any order or judgment. Since the settlement achieved what the fee seeking party sought in his pleadings (just as Village Fuel did here), the Court noted that he obtained "a complete victory", *citing to Hackett v. Standard Ins. Co.*, 2010 WL 5068098 (D.S.D. 2010), where the Court allowed fees upon so ordering a voluntary settlement that occurred prior to an order or judgment on the merits. The Court also cited to the Second Circuit's decision in this case; i.e., *Scarangella v. Group Health, Inc.*, 731 F.3d 146 (2nd Cir. 2013) for the proposition that "a court may – but need not – consider the five additional [*Chambless*] factors 'to structure its analysis'". 2014 WL 3887185, *2. The Court also noted that "ERISA's attorneys' fees provisions are to be 'liberally construed,'" and that bad faith and culpable conduct are distinct factors and either one may satisfy the relevant *Chambless* factor, (citing *Donachie v. Liberty Life Assur. Co,* 745 F.3d at 47). The Court granted the full fee requested. 2014 WL 3887185, *6.

In *Gross*, the First Circuit found that the plaintiff was entitled to attorney fees and remanded for a determination as to the proper amount of the award. The Court determined that plaintiff obtained "some degree of success on the merits" under the Supreme Court's *Hardt* standard by obtaining a prior remand order to the disability claims administrator to

reassess the merits of the plaintiff's disability claim. In considering the five *Cotrell* (the *Chambless* analog in the 1st Circuit) factors, the Court noted, consistent with the Supreme Court's holding in *Hardt* and the Second Circuit's holdings in this case; i.e., *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 152 (2nd Cir. 2013) and *Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 46-47 (2nd Cir. 2014) that the five factors do not necessarily need to be considered by a District Court. In any event, if a court does use the five factors, they are only a guide, not an exclusive list of factors to be considered, and no single factor is dispositive. Since the plaintiff in *Gross* did not yet fully succeed on the merits of her disability claim, she could not satisfy the "relative merits" factor at this stage of the litigation because the disability claim was under reconsideration on its merits. However, the Court noted that failure to satisfy this factor was not fatal because the five factors are only a guide, no single factor is dispositive, and that since plaintiff obtained some success she should not be denied fees for not achieving greater success. Thus, the First Circuit held that legal fees should be allowed. *Gross* at 85-86.

Since the briefing on the instant motion of Village Fuel for legal fees was closed on March 7, 2014, these three referenced decisions are new developments, having been published on March 27, 2014, June 26, 2014, and August 14, 2014, respectively.

Dated:     Melville, New York
           July 13, 2015

                                                      Respectfully Submitted,

                                                      QUADRINO LAW GROUP, P.C.

By:     _____/s/_____
        Richard J. Quadrino