2014 WL 1273772
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Dominique DEMONCHAUX, Plaintiff,
v.
UNITEDHEALTHCARE OXFORD and Oxford Health Plans (N.Y.), Inc., Defendants.

No. 10 Civ. 4491(DAB).
|
Signed March 27, 2014.

## MEMORANDUM AND ORDER

DEBORAH A. BATTS, District Judge.

\*1 On December 20, 2012, the Court denied the Motion for Summary Judgment of Defendant Oxford Health Plans (N.Y.), Inc., individually and s/h/a Unitedhealthcare Oxford ("Oxford" or "Defendant"), vacated Oxford's benefits determination, and remanded the case to Oxford for reconsideration.*Demonchaux v. Unitedhealthcare Oxford,* 10 Civ. 4491, 2012 WL 6700017, at \*12 (S.D.N.Y. Dec.20, 2012).[1] On May 15, 2013, Plaintiff Dominique Demonchaux ("Demonchaux" or "Plaintiff") moved for attorney's fees and costs under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g). For the reasons discussed herein, Plaintiff's Motion for Attorney's Fees and Costs is GRANTED.

### I. BACKGROUND

The facts of this case are set out in the Court's Memorandum and Order of December 20, 2012 and will not be repeated here. Plaintiff moved for attorney's fees and costs on May 15, 2013, and by letter dated July 12, 2013, Oxford advised Plaintiff that it would pay the benefits it had previously denied her. (Pl.'s Letter to Court, Sept. 12, 2013.)

### II. DISCUSSION

#### A. Legal Standard
Pursuant to 29 U.S.C. § 1132(g)(1), a court presiding over an ERISA action brought by a plan participant, beneficiary, or fiduciary may, "in its discretion[,] ... allow a reasonable attorney's fee and costs of action to either party."29 U.S.C. § 1132(g)(1)."ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating employee benefits rights."*Scarangella v. Grp. Health, Inc.,* 731 F.3d 146, 155 (2d Cir.2013) (quoting *Slupinski v. First Unum Life Ins. Co.,* 554 F.3d 38, 47 (2d Cir.2009)).

"[A] fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)."*Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). However, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees" under that section of ERISA. *Id.* at 255."A party does not meet this standard 'by achieving trivial success on the merits or a purely procedural victory,' but it does meet the standard 'if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue.' " *Scarangella,* 731 F.3d at 152 (quoting *Hardt,* 560 U.S. at 255). The Supreme Court has held that a court's "remand order opining positively on the merits of the plaintiff's claim was sufficient" to constitute success on the merits. *Id.* at 155 (citing *Hardt,* 560 U.S. at 256). In addition, the Second Circuit has held that "[w]here ... the parties already have received a tentative analysis of their legal claims within the context of summary judgment, a party may be able to show that the court's discussion of the pending claims resulted in the party obtaining relief" via the opposing party's voluntary conduct. *Id.*

\*2 "Although a court *may,* without further inquiry, award attorneys' fees to a plaintiff who has had 'some degree of success on the merits,' *Hardt* also made clear that courts retain discretion to 'consider five additional factors in deciding whether to award attorney's fees.' "*Donachie v. Liberty Life Assurance Co. of Boston,* No. 12–2996–cv, slip op. at 9 (2d Cir. Mar. 11, 2014) (quoting *Hardt,* 560 U.S. at 255 n. 8) (alterations omitted)."Those five factors, known in this Circuit as the 'Chambless factors' are:

> '(1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a

significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.' "

*Id.* at 9–10 (quoting *Hardt,* 560 U.S. at 249 n.1); *see also Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987) (describing a substantively equivalent test).

**B. Timeliness**
Oxford argues that Plaintiff's Motion is untimely. Pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i), a motion for attorney's fees "must ... be filed no later than 14 days after the entry of judgment."If no judgment is filed, however, the fourteen-day deadline does not apply. *Sakon v. Andreo,* 119 F.3d 109, 113 (2d Cir.1997) ("There having been no judgment within the meaning of Rule 54, Rule 54(d) was not applicable.").Rule 54 states, " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."Fed.R.Civ.P. 54(a). Thus, " 'judgment' means only final judgments and appealable interlocutory orders."*Sakon,* 119 F.3d at 113 (citation omitted)."A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order or resolve collateral issues."*Weyant v. Okst,* 198 F.3d 311, 314 (2d Cir.1999) (internal citation omitted) (discussing application of Rule 54's fourteen-day deadline to final judgments)."[A] district court's denial of a motion for summary judgment is generally a non-appealable interlocutory order," except in certain situations not applicable here.*Davidson v. Chestnut,* 193 F.3d 144, 147 (2d Cir.1999) (*per curiam* ); *see Kamerling v. Massanari,* 295 F.3d 206, 213 (2d Cir.2002) (describing situations in which interlocutory orders are appealable).

No final judgment has been entered in this action, as the Court has not conclusively determined Plaintiff's right to receive the contested benefits. *See* ECF Dkt., *Demonchaux v. Unitedhealthcare Oxford,* No. 10 Civ. 4491; *Viglietta v. Metro. Life Ins. Co.,* 454 F.3d 378, 378 (2d Cir.2006) (*per curiam* ) (holding that "district court's order remanding [plaintiff's] claim [to claims administrator] is not a final judgment"). Nor does the December 20, 2012 Order fall into any of the exceptions permitting appeal of an interlocutory order. *See Kamerling,* 295 F.3d at 213. Accordingly, Rule 54(d)(2)(B)(i)'s fourteen-day deadline does not apply, and Plaintiff's Motion is timely.

**C. Prematurity**

*3 Oxford argues that if Plaintiff's Motion is not dismissed as untimely, it should be dismissed as premature because no judgment has been entered in this case.

While Rule 54 provides for fees following entry of judgment, courts need not enter judgment prior to awarding attorney's fees in ERISA cases. *See, e.g., MacLeod v. Procter & Gamble Disability Ben. Plan,* 460 F.Supp.2d 340, 349–51 (D.Conn.2006) (remanding plaintiff's ERISA claim to plan administrator and granting plaintiff's motion for attorney's fees in same order, prior to entry of judgment).

Oxford supports its argument with only one case, in which the court wrote that "a party *generally* cannot move for attorneys' fees prior to judgment."*Chase Mrtg. Co.-W. v. Bankers Tr. Co.,* No. 00 Civ. 8150, 2001 WL 547224, at *4 (S.D.N.Y. May 23, 2001) (emphasis added).*Chase Mortgage Co.-West,* however, dealt neither with ERISA nor remand to an administrator; instead, that court was ruling on a motion to compel arbitration in an indemnity action. Moreover, the current version of the treatise relied on by the *Chase Mortgage* court explains that a pre-judgment motion for attorney's fees "would appear to be proper" in situations where "there is no reason to require" the movant to wait for judgment to be entered, such as when "[t]he victor is clear, the legal work is essentially over, and the movant can probably state or estimate the fee amount."Fern M. Smith, *Moore's Federal Practice* § 54.151[1] (2013). Although the Court did not declare Demonchaux the victor, there is no reason to require her to wait for judgment to be entered. As Oxford has granted her claim for benefits, the legal work is essentially over, and Plaintiff's counsel can state the fee amount. Accordingly, the Court holds that Plaintiff's Motion is not premature and will consider the merits of her fee request.

**D. Success on the Merits**
Plaintiff has achieved "some degree of success on the merits" under the Supreme Court's standard in *Hardt,* 560 U.S. at 245. *Hardt*"clearly held that a remand order opining positively on the merits of the plaintiff's claim was sufficient" to constitute some success on the merits. *Scarangella,* 731 F.3d at 155. The Court's December 20, 2012 opined positively on Plaintiff's claim when it found that Demonchaux's medical condition had likely worsened between the date when Defendant last certified her for benefits and the date when it denied her benefits. *Demonchaux,* 2012 WL 6700017, at *6. The Court also found that Plaintiff had not proved she was entitled to benefits, which is why it

remanded the action to Oxford. *Id.* at *10. However, the Court's finding that Plaintiff was not entitled to summary judgment does not negate its favorable comments as to the merits of Plaintiff's claim. *Id.* at *6. Moreover, the Court's findings that Oxford's determination was "without reason and unsupported by substantial evidence, and was therefore arbitrary and capricious," that Oxford's handling of Plaintiff's claim contradicted its own policies, and that its conflict of interest actually affected its benefits decision all point to a finding that Plaintiff achieved some success on the merits in this litigation. *Id.* at *9; *see id.* at *7–10.

**\*4** Defendant argues that the Court's denial of Demonchaux's request that the Court *sua sponte* enter summary judgment in her favor demonstrates that she achieved no success on the merits. (Def.'s Mem. Law Opp'n Pl.'s Mot. Award Attorney's Fees & Costs ("Def.'s Opp'n") 7.) As stated in the initial opinion, however, the Court denied Plaintiff's request because "the Second Circuit has 'firmly discouraged the practice' of *sua sponte* grants of summary judgment."*Demonchaux*, 2012 WL 67 00017, at *11 (quoting *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir.2000)). Moreover, a plaintiff need not win summary judgment to achieve some success on the merits. *See Hardt*, 560 U.S. at 255–56 (holding that plaintiff had achieved some success on the merits even though she "failed to win summary judgment on her benefits claim"); *see also Cook v. N.Y. Times Co. Grp. Long Term Disability Plan*, 02 Civ. 9154, 2004 U.S. Dist. LEXIS 8306, at *6 (S.D.N.Y. Apr. 13, 2004) ("[Although] plaintiff did not achieve all that she hoped for, in that the Court did not order that benefits be paid, ... there is no doubt that plaintiff prevailed in the litigation, and achieved a successful outcome by convincing the Court that the defendant had not fairly decided her claim.").

Oxford also argues that Demonchaux has not achieved some success on the merits because she "has not obtained any of the relief sought in her Complaint," instead achieving only remand. (Def.'s Opp'n 7.) This, however, is not the standard set forth by the Supreme Court. *Hardt* has "left room for many factual scenarios to satisfy the standard of some success on the merits."*Scarangella*, 731 F.3d at 152. Also of note, upon remand and admission of further evidence, Oxford reversed its prior decision and granted Plaintiff's claim for benefits. (Pl.'s Letter to Court, Sept. 12, 2013.) Thus, due in part to the Court's remand order, Plaintiff has now achieved much of the relief sought in her Complaint.

The Court's application of the *Chambless* test also weighs in favor of awarding attorney's fees to Plaintiff.

The degree of culpability factor strongly supports Plaintiff's Motion. "[A] finding of culpability involves more than mere negligence, but does not require malice or an ulterior motive."*Cohen v. Metro. Life Ins. Co.*, No. 00 Civ. 6112, 2007 WL 4208979, at *2 (S.D.N.Y. Nov.21, 2007) (citation omitted); *see also Donachie*, at 11 (slip op.) (" '[A] party need not prove that the offending party acted in bad faith' in order to be entitled to attorneys' fees.") (citation omitted)."An arbitrary and capricious determination by an administrator ... in connection with a plaintiff's claim for benefits satisfies the culpability factor."*Cohen*, 2007 WL 4208979, at *2;*see also Levitian v. Sun Life and Health Ins. Co.*, No. 09 Civ. 2965, 2013 WL 4399026, at *2 (S.D.N.Y. Aug. 15, 2013) ("[T]he culpability factor of *Chambless* is satisfied by the findings by this Court and the Second Circuit that Defendant's denial of Plaintiff's benefits was arbitrary and capricious."). Accordingly, the Court's holding that Oxford's denial of Plaintiff's claim was arbitrary and capricious suffices to show Oxford's culpability. *See Demonchaux*, 2012 WL 6700017, at *9. The Court's findings that Oxford's conflict of interest actually affected its benefits decision and that Oxford ignored its own policies in handling Demonchaux's claim heighten the degree of Oxford's culpability. *See id.* at *7–8.

**\*5** Defendant does not substantively dispute that it has the ability to satisfy an award of attorney's fees. (Def.'s Opp'n 13–14.) "[W]hile a defendant's inability to pay an award weighs in its favor, its ability to pay generally is neutral in effect."*Alfano v. CIGNA Life Ins. Co. of N.Y.*, No. 07 Civ. 9661, 2009 WL 890626, at *2 (S.D.N.Y. Apr.2, 2009) (citing *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 383 (2d Cir.2002)). At the very least, the ability to pay factor does not weigh in Defendant's favor. *See id.*

The deterrence factor weighs heavily in favor of Plaintiff. "[I]f otherwise justified, an award of attorney's fees serves to level the playing field, deterring unscrupulous or careless plan administrators, and-at a minimum-reducing any incentives insurance companies may have to wrongfully deny claimants benefits."*Id.* Here, an award of attorney's fees would serve to deter administrators from making arbitrary and capricious benefits denials, letting conflicts of interest affect their decision-making, and ignoring their own policies and procedures.

**E. The *Chambless* Factors**

The common benefit factor favors Oxford because Plaintiff "has not pointed to any common benefit beyond the deterrent effect that is taken into account in the third *Chambless* factor,"*Slupinski,* 554 F.3d at 48, nor did Plaintiff seek "to resolve a significant legal question regarding ERISA itself,"*Donachie,* at 9 (slip op.). However, "failure to satisfy the [common benefit] *Chambless* factor does not preclude an award of attorneys' fees."*Locher v. Unum Life Ins. Co. of Am.,* 389 F.3d 288, 299 (2d Cir.2004); *see also Slupinski,* 554 F.3d at 48, 56 (reversing district court's denial of plaintiff's motion for attorney's fees where common benefit factor favored defendant).

The relative merits factor favors Plaintiff. "The degree-of-culpability and relative-merits factors are closely related."*Slupinski,* 554 F.3d at 48. As discussed above, the degree of culpability factor weighs strongly in Plaintiff's favor. Defendant's denial of Plaintiff's claim was arbitrary and capricious, "forcing her to bring the present lawsuit; the relative merits of the parties' position is thus in little doubt."*Cook v. N.Y. Times Co. Long–Term Disability Plan,* No. 02 Civ. 9154, 2004 WL 203111, at *20 (S.D.N.Y. Jan. 30, 2004) (granting plaintiff's attorney's fees motion even though court denied her motion for summary judgment and remanded her benefits claim to administrator).

"[W]hile the degree of culpability and the relative merits are not dispositive under the *Chambless* five-factor test, they do weigh heavily."*Donachie,* at 11–12 (slip op.) (citation omitted). Here, where the degree of culpability, deterrence, and relative merits factors favor Plaintiff, the ability to pay factor is neutral, and the common benefit factor favors Defendant, the Court finds that Plaintiff is entitled to an award of attorney's fees and costs.

**F. The Reasonableness of the Requested Amount**

*6 Having determined that an award of fees and costs is appropriate, the next step is to determine the amount of that award. "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.' "*Millea v. Metro–N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir.2011) (citation omitted)."An attorney's hourly rate is considered reasonable when it is 'in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"*Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. ACE Scaffolding Co. Inc.,* No. 11 Civ. 8074, 2013 WL 1703588, at *4 (S.D.N.Y. Apr. 19, 2013) (citation and alteration omitted)."In determining the proper number of hours for which a [party] should be compensated, 'the district court should exclude excessive, redundant, or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims.'"*Exp. Dev. Ca. v. Bonilla,* No. 13 Civ. 4952, 2014 WL 713470, at *5 (S.D.N.Y. Feb.19, 2014) (quoting *Quarantino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir.1997)) (alteration omitted).

Defendant argues that Plaintiff should not be reimbursed for the work of attorney Deborah A. Lieber because Lieber is not admitted in this district and did not seek *pro hac vice* admission. (Def.'s Opp'n 17–18.) However, when "work is performed by multiple attorneys at the same firm, all of [the attorneys are] entitled to seek compensation under a fee-shifting statute, even if some [are] not admitted here."*Cooper v. Sunshine Recoveries, Inc.,* No. 00 Civ. 8898, 2001 WL 740765, at *2 (S.D.N.Y. June 27, 2001). That is particularly true here, where Lieber worked under the direction and direct supervision of Lisa Kantor, who was admitted *pro hac vice* in this action. (Kantor Reply Aff. ¶¶ 1–2.)

In support of its argument, Oxford cites to *Spivak v. Sachs,* 16 N.Y.2d 163, 263 N.Y.S.2d 953, 211 N.E.2d 329 (N.Y.1965), which is inapposite here.*Spivak* held that an attorney could not recover against a client for services rendered where the attorney violated N.Y. Penal Law § 270, the predecessor of N.Y. Judiciary Law § 478. *El Gemayel v. Seaman,* 72 N.Y.2d 701, 536 N.Y.S.2d 406, 533 N.E.2d 245, 248 (N.Y.1988); *Spivak,* 263 N.Y.S.2d 953, 211 N.E.2d at 330–31. Defendant does not argue that Lieber violated N.Y. Judiciary Law § 478, nor could it do so successfully. *See Brooks v. Cohen, Jayson & Foster, P.A.,* No. 08 Civ. 4462, 2010 WL 3528919, at *4 (S.D.N.Y. Aug. 26, 2010) ("[A]n out-of-state attorney admitted to practice in any federal court may appear in a specific federal case, and recover fees, if he collaborates with a New York attorney."); *In re Lite Ray Realty Corp.,* 257 B.R. 150, 155 (Bankr.S.D.N.Y.2001) (same) (citing *Spanos v. Skouras Theatres Corp.,* 364 F.2d 161 (2d Cir.1966)). Accordingly, the Court will not bar reimbursement for Lieber's work on this matter.

*7 Defendant argues that if the Court awards compensation for Lieber's work, it should reduce her proposed hourly rate of $500.00 to $300.00, the rate charged by an associate attorney admitted in this action. (Def.'s Opp'n 18.) "A reasonable hourly rate is based on 'the current prevailing market rate for lawyers in the district in which the ruling court sits.' " *Exp. Dev. Ca.,* 2014 WL 713470, at *4 (alteration and citation

omitted). "A court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district, as well as on evidence proffered by the parties." *Id.* (citation omitted). Courts within this district have regularly found $500.00 or more to be a reasonable hourly rate for a senior associate attorney, particularly one with Lieber's twenty-two years of legal experience (Lieber Decl. ¶ 2).*See, e.g., Asare v. Change Grp. of N.Y., Inc.,* No. 12 Civ. 3371, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (finding "$500 per hour for senior associate time ... [to be] reasonable based on the rates regularly charged for attorney ... time within this district"); *In re Nissan Radiator/Transmission Cooler Litig.,* No. 10 Civ. 7493, 2013 WL 4080946, at *17 (S.D.N.Y. May 30, 2013) (finding $595.00 per hour to be reasonable hourly rate for senior associate).

Defendant's sole legal support for reducing Lieber's proposed hourly rate is *Bilazzo v. Portfolio Recovery Associates, LLC,* 876 F.Supp.2d 452 (D.N.J.2012). In *Bilazzo,* a case from outside this Circuit, no member of the out-of-state firm seeking attorney's fees had been admitted *pro hac vice* to appear in the case at issue, and the firm's advertisements seeking local counsel stated that local counsel would not need to do any substantive work in the litigation. *Bilazzo,* 876 F.Supp.2d at 461–62. In contrast, Lieber was supervised by Kantor, a member of her firm whom this Court admitted *pro hac vice,* and both Kantor and local counsel did substantive work in the litigation. (Kantor Aff. Ex. G; Kantor Reply Aff. ¶¶ 1–2; Riemer Aff. Ex. K.) Accordingly, *Bilazzo* is inapposite, and the Court sees no reason to depart from the $500.00 per hour prevailing market rate for senior associates.

Defendant does not argue that the other attorneys' proposed rates are unreasonable, nor does it argue that the number of hours for which reimbursement is sought is unreasonable. (Def.'s Opp'n 17–18.) Indeed, the hourly rates proposed—$600.00 per hour for partners Lisa Kantor and Scott Riemer, $500.00 per hour for senior associates Elizabeth Green and Deborah Lieber, $300.00 per hour for associate Sharon Lee, and between $175.00 and $200.00 per hour for paralegal services—are in line with the prevailing rates in this district for similar services by lawyers and staff of reasonably comparable skill, experience, and reputation. (Pl.'s Mem. Law Supp. Award Attorneys' Fees & Costs 12–15); *see, e.g., Asare,* 2013 WL 6144764, at *19 (finding reasonable "$750 per hour for partner time; $500 per hour for senior associate time; $300 per hour for associate time and $150 per hour for paralegal/staff time"); *In re Nissan Radiator/Transmission Cooler Litig.,* 2013 WL 4080946, at *17 (finding reasonable $525 to $795 per hour for partners' time, $595 per hour for senior associate's time, and $325 to $675 per hour for associates' time); *Therapy Prods., Inc. v. Bissoon,* No. 07 Civ. 8696, 2010 WL 2404317, at *5 (S.D.N.Y. Mar.31, 2010) (finding paralegal billing rates ranging from $170 to $200 to be reasonable), report and recommendation adopted by *Erchonia Corp. v. Bissoon,* No. 07 Civ. 8696, 2010 WL 2541235 (S.D.N.Y. June 15, 2010).

*8 Moreover, upon review of the submitted time records, in combination with the Plaintiff's voluntary ten percent reduction to the overall fee request, the Court finds that the number of hours for which Plaintiff seeks reimbursement is reasonable and not excessive, redundant, or unnecessary. (*See* Kantor Aff. Ex. G; Kantor Reply Aff. Ex. A; Riemer Aff. Ex. K; Riemer Reply Aff. Ex. B); *Humane Soc'y of U.S. v. HVFG, LLC,* No. 06 Civ. 6829, 2010 WL 3322512, at *7 (S.D.N.Y. Aug. 19, 2010) (finding plaintiff's voluntary reductions, including a "15% voluntary reduction to the overall fee request, sufficient to 'trim the fat' and render a reasonable number of hours expended") (citing *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir.1998)). The Court also finds that the $1,284.30 in costs for which Plaintiff seeks reimbursement constitutes "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."(*See* Kantor Aff. Ex. H); *Febus v. Guardian First Funding Grp., LLC,* 870 F.Supp.2d 337, 341 (S.D.N.Y.2012) (citation omitted).

Accordingly, the Court awards $96,070.50 in attorney's fees and $1,284.30 in costs to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees and Costs is GRANTED. The Clerk of Court is directed to enter judgment for attorney's fees and costs against Defendant for $97,354 .80, representing $96,070.50 in attorney's fees and $1,284.30 in costs. The Clerk of Court is also directed to close the docket in this matter.

SO ORDERED.

**All Citations**

Slip Copy, 2014 WL 1273772

Footnotes

1 Shortly after the December 20, 2012 Order, the Clerk of Court terminated the docket in this matter. This action is now reopened solely for the purpose of resolving Plaintiff's Motion for Attorney's Fees and Costs.

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.