UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No. 05-cv-5298 (RJS)

NICHOLAS SCARANGELLA,

Plaintiff,

VERSUS

GROUP HEALTH, INC. AND SCARANGELLA & SONS, INC., D/B/A VILLAGE FUEL, AS ADMINISTRATOR OF THE VILLAGE FUEL EMPLOYEE BENEFITS PLAN,

Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/16

OPINION AND ORDER
February 11, 2016

RICHARD J. SULLIVAN, District Judge

Plaintiff Nicholas Scarangella commenced this action in 2005 under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that his wife was wrongfully denied benefits under the terms of an employee benefits plan that was insured by Defendant Group Health Inc. ("GHI") and administered by Plaintiff's employer, Defendant Scarangella & Sons, doing business as Village Fuel ("Village Fuel"). GHI, in answering Plaintiff's Complaint, asserted counterclaims against Plaintiff and crossclaims against Village Fuel for restitution, rescission, and reformation of its contract with Village Fuel, contending that Village Fuel had misrepresented Plaintiff's eligibility for benefits. Village Fuel thereafter responded with a crossclaim of its own against GHI for restitution based on breach of a fiduciary duty under ERISA. After the Court ruled on Defendants' cross motions for summary judgment and *sua sponte* entered partial summary judgment in favor of Plaintiff, GHI settled with Plaintiff and voluntarily dismissed its remaining crossclaims against Village Fuel. Village Fuel subsequently moved for attorneys' fees from GHI under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1). After the Court denied Village Fuel's motion, Village Fuel appealed to the Second Circuit, which remanded for further findings on the issue of attorneys' fees.

Now before the Court is Village Fuel's renewed motion for attorneys' fees. For the reasons stated below, this motion is denied.

## I. BACKGROUND

The Court presumes the parties' familiarity with the facts underlying this case, which were thoroughly discussed in the Court's March 24, 2009 Opinion and Order (Doc. No. 93 ("Summary Judgment Order")) and July 3, 2012 Opinion and Order (Doc. No. 148 ("July 3 Order")). For context, the Court briefly recites the relevant facts and procedural history below.

In 2002, GHI entered into a contract with Village Fuel to provide health insurance coverage to Village Fuel's employees. Plaintiff, an employee of Village Fuel, enrolled in that program in June 2002 and received health insurance benefits for approximately two years. However, when GHI reviewed Plaintiff's eligibility for coverage in 2004, GHI concluded that Village Fuel had falsely represented that Plaintiff was a full-time employee eligible for coverage. In July 2004, based on the alleged inaccuracies in documents submitted by Village Fuel in its initial application for health insurance coverage, GHI terminated Village Fuel's employees' health insurance coverage retroactive to June 1, 2002.

In July 2004, GHI commenced an action against Village Fuel in New York State Supreme Court, New York County, seeking equitable rescission of the Village Fuel insurance policy and recovery of the benefits paid out under that plan. After filing a responsive pleading in October 2004, Village Fuel removed the action to this Court in March 2005. GHI subsequently moved to remand the action back to state court.

On June 3, 2005, Plaintiff brought this action in the Southern District of New York against GHI and Village Fuel, alleging that GHI had wrongfully refused to pay for the cost of medical services incurred by his wife. (Doc. No. 1 ¶¶ 14-16.) While GHI's motion to remand was still pending, GHI and Village Fuel agreed to dismiss the removed action and to consolidate their suit with Plaintiff's action, asserting the claims from the removed action as cross-claims in the present case. In its Answer to Plaintiff's Complaint, GHI brought counterclaims against Plaintiff and crossclaims against Village Fuel for (1) equitable restitution, (2) equitable rescission, and (3) equitable reformation. (Doc. No. 11.) As part of its response to GHI's crossclaims, Village Fuel filed a counterclaim against GHI for equitable restitution. (Doc. No. 14.)

After the completion of discovery, GHI and Village Fuel filed cross-motions for summary judgment. On March 24, 2009, the Court issued its Summary Judgment Order granting in part and denying in part GHI's and Village Fuel's cross-motions. The Court also dismissed GHI's and Village Fuel's equitable restitution claims and *sua sponte* entered partial summary judgment in favor of Plaintiff on GHI's restitution claim. Thereafter, Plaintiff settled with GHI and subsequently withdrew his claim against Village Fuel, and GHI voluntarily dismissed its remaining crossclaims against Village Fuel. The case was closed in July 2009.

On August 11, 2009, Village Fuel filed a motion for attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), requesting an award of $303,814.32. The Court referred this motion to Magistrate Judge Ronald L. Ellis, who issued a report and recommendation finding that Village Fuel had obtained "some success on the merits" on GHI's reformation claim and that an award of $101,950.03 in fees was appropriate.

2

The Court declined to adopt that recommendation, concluding that, under *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242 (2010), Village Fuel did not obtain any degree of success on the merits on any claim. *Scarangella v. Grp. Health Inc.*, 877 F. Supp. 2d 78 (S.D.N.Y. 2012) ("*Scarangella I*"). Village Fuel subsequently appealed the Court's order, and on September 10, 2013, the Second Circuit vacated the Court's order, holding that Village Fuel did obtain "some degree of success on the merits" under *Hardt* on GHI's restitution claim. *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 152-54 (2d Cir. 2013) ("*Scarangella II*"). The Second Circuit remanded the case to this Court to determine (1) whether Village Fuel obtained success on the merits on GHI's rescission and reformation claims; (2) whether attorneys' fees for any of the claims are appropriate pursuant to *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987); and (3) if so, what the attorneys' fees should be after adjusting them pursuant to the reasonableness analysis endorsed by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In its motion now before the Court, Village Fuel asks for attorneys' fees in the sum of $508,234. (Doc. No. 177.)

## II. DISCUSSION

ERISA gives district courts discretion to award "a reasonable attorney's fee and costs of action to [a participant, beneficiary, or fiduciary]." 29 U.S.C. § 1132(g)(1). In *Hardt*, the Supreme Court clarified that a claimant may be entitled to attorneys' fees if he can show "some degree of success on the merits." 560 U.S. at 245 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

If the Court finds that the claimant had some success on the merits, it may then use its discretion to determine whether an award of attorneys' fees is appropriate. *Id.* (quoting *Ruckelshaus*, 463 U.S. at 694); *see also Donachie v. Liberty Life Assurance Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014) (stating that "courts retain discretion" to consider whether fees are appropriate). In making such a determination, courts typically consider the five factors set forth in *Chambless*, which include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. 815 F.2d at 871. Finally, if the Court finds that an award of attorneys' fees is appropriate, the Court must limit such award to a reasonable amount pursuant to *Hensley*, in which the Supreme Court stated that "[i]t remains for the district court to determine what fee is 'reasonable.'" 461 U.S. at 433.

In light of the Second Circuit's ruling, the Court finds that Village Fuel did have "some degree of success on the merits" with respect to GHI's three claims against it. Nevertheless, the Court concludes that the *Chambless* factors counsel against a fee award. Accordingly, the Court exercises its discretion to deny Village Fuel's motion for attorneys' fees.

### A. Success on the Merits

Under *Hardt*, the Court must first determine whether the party seeking attorneys' fees obtained "some degree of success on the merits." 560 U.S. at 245.

"'[T]rivial success on the merits' or a 'purely procedural victor[y]'" is insufficient to show "some degree of success on the merits." *Id.* at 255 (quoting *Ruckelshaus*, 463 U.S. at 688 n.9). Rather, a court must be able to "fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.* (internal quotation marks and citation omitted).

There are three crossclaims at issue between GHI and Village Fuel: (1) both parties' equitable restitution claims, (2) GHI's equitable rescission claim, and (3) GHI's equitable reformation claim. As the Second Circuit has already ruled that Village Fuel obtained some degree of success "in defeating GHI's restitution claim," *Scarangella II*, 731 F.3d at 153-54, the Court will address only the rescission and reformation claims, both of which were voluntarily dismissed by GHI after its settlement with Plaintiff.

In its opinion, the Second Circuit endorsed the applicability of the "catalyst theory" – whereby a fee claimant is entitled to an award whenever the suit "had sufficient merit to withstand a motion to dismiss and brought about a voluntary change in the defendant's conduct" – as a viable way for a party to demonstrate obtaining some degree of success on the merits in an ERISA case. *Id.* at 154 n.11 (quoting *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 150 (2d Cir. 2009)). Based on this theory, the Second Circuit asked the Court to determine as a matter of fact "the reason for GHI's dismissal of the remaining causes of action against Village Fuel." *Id.* at 155-56.

Village Fuel argues that the timing of the dismissal of GHI's rescission and reformation crossclaims against Village Fuel – after the Court's Summary Judgment Order and ten days before scheduled oral argument about the parties' remaining claims – supports the inference that GHI dismissed these claims because it did not expect to win them on the merits. To support this contention, Village Fuel points to language in the Summary Judgment Order in which the Court commented on the "dubious" nature of GHI's reformation claim. *Scarangella v. Grp. Health Inc.*, No. 05-cv-5298 (RJS), 2009 WL 764454, at *20 n.7 (S.D.N.Y. Mar. 24, 2009). In that same order, however, the Court noted that "at least one court in this District has suggested, without so holding, that reformation is available in a claim brought under section 502(a)(3) of ERISA," and it explicitly declined to resolve this question "in light of the factual disputes regarding the basic elements of GHI's reformation claims." *Id.* at *20.

Having carefully reviewed the record in this matter, and in light of the Second Circuit's guidance in *Scarangella II*, the Court agrees with Village Fuel that, on the whole, the Summary Judgment Order did cast doubt on GHI's rescission and reformation claims. This doubt was accentuated by a series of subsequent orders, in which the Court requested submissions from the parties on the merits of their remaining claims and scheduled oral arguments. (Doc. Nos. 98, 99 & 101.) In the wake of those orders, the parties settled the remaining claims ten days before oral arguments were to be held. In so far as the Summary Judgment Order and subsequent orders from the Court indicated the Court's skepticism with regard to GHI's

4

crossclaims, the Court finds that the Summary Judgment Order, along with the orders that followed it, likely served as a "catalyst" for GHI to dismiss its claims against Village Fuel. This conclusion is bolstered by the fact that GHI offers no plausible alternate justification for settling these claims when it did. Indeed, although GHI argued in a conference before the Court that it dismissed its claims against Village Fuel after the Summary Judgment Order because Village Fuel had become judgment proof, GHI could not explain when it discovered that Village Fuel was judgment proof and why the timing of the dismissal coincided with the Order. (*See* Transcript of Proceedings dated Oct. 16, 2014, at 47:7-55:5.)

Applying the "catalyst theory" to this case, the Court finds that the record supports the inference that GHI voluntarily dismissed its crossclaims against Village Fuel based on the Court's skepticism of the merits of the claims as reflected in its Summary Judgment Order and in subsequent interactions with the parties. Based on the standard articulated by the Second Circuit, the Court thus finds that Village Fuel did have "some degree of success on the merits" under *Hardt* with respect to GHI's rescission and reformation claims, as well as its equitable restitution claim.

### A. *Chambless* Factors

Having found that Village Fuel had "some degree of success on the merits" under *Hardt*, the Court now applies the five-factor *Chambless* test to determine if an award of attorneys' fees is appropriate in this case.[1] As noted above, the *Chambless* factors include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons from engaging in similar conduct in similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Chambless*, 815 F.2d at 871. The Court will address each of these factors in turn.

1. GHI's Culpability or Bad Faith

"[T]he concepts of 'bad faith' and 'culpability' are distinct, and either one may satisfy the first *Chambless* factor." *Donachie*, 745 F.3d at 47 (citing *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 48 (2d Cir. 2009)). Courts applying the *Chambless* factors have found bad faith when a party presents "deliberately false testimony," *Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 485 (2d Cir. 2002), or brings "frivolous or improper arguments," *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375, 383 (2d Cir. 2002). Culpable conduct, on the other hand, requires only conduct that is "at fault; involving the breach of a legal duty or the

---

[1] Despite Village Fuel's assertions to the contrary, the Court has not adopted Magistrate Judge Ellis's report and recommendation with respect to his application of the *Chambless* factors. In the July 3 Order, the Court noted that it "need not look past the first prong of the test to determine that Village Fuel is not entitled to an award of attorneys' fees," thus explicitly declining to reach the *Chambless* analysis. *Scarangella I*, 877 F. Supp. 2d at 83. Moreover, in remanding this case, the Second Circuit expressly asked the Court "to consider these [*Chambless*] factors in the first instance." *Scarangella II*, 731 F.3d at 156. The record thus confirms that the Court did not adopt Judge Ellis's report and recommendation and must now for the first time determine whether the *Chambless* factors support an award of attorneys' fees in this case.

5

commission of a fault." *Slupinski*, 554 F.3d at 48 (quoting *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004)). In other words, "[a] finding of culpability involves more than mere negligence, but does not require malice or an ulterior motive." *Pierorazio v. Thalle Constr. Co.*, No. 13-cv-4500 (VB), 2014 WL 3887185, at *4 (S.D.N.Y. June 26, 2014) (quoting *Demonchaux v. Unitedhealthcare Oxford*, 10-cv-4491 (DAB), 2014 WL 1273772, at *4 (S.D.N.Y. Mar. 27, 2014)).

Focusing on the conduct between GHI and Village Fuel, the Court cannot conclude that GHI acted with bad faith or culpability. Village Fuel asks the Court to credit Judge Ellis's finding that GHI, although it did not act in bad faith, was culpable based on its breach of a fiduciary duty. Specifically, Judge Ellis concluded that GHI breached a duty by failing to comply with Department of Labor regulations requiring insurance companies to inform plan participants of adverse benefits determinations with sufficient content and timeliness and to provide a "full and fair review," including giving a claimant the opportunity to review and submit all pertinent documents. 29 C.F.R. §§ 2560.503-1(f), (g) & (h). Thus, according to Judge Ellis, GHI's failure to conduct "a fair and open-minded consideration" constituted culpable conduct. (Doc. No. 137 (citing *Paese v. Hartford Life and Accident Ins. Co.*, No. 02-cv-9778 (DC), 2004 WL 764760 (S.D.N.Y. Apr. 9, 2004), *aff'd in part, vacated in part, remanded*, 449 F.3d. at 451)); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 219 (2004).

However, GHI's duty was to Plaintiff Scarangella, not to Village Fuel – and Judge Ellis's report and recommendation, which focused exclusively on GHI's alleged breach of duties to Plaintiff Scarangella, identified no breaches of duties owed to Village Fuel. For its part, Village Fuel points to only one instance of allegedly culpable conduct directed toward itself – namely, GHI's alleged breach of its fiduciary duty as claims administrator when it sought to rescind the entire Village Fuel policy based on its perception that Village Fuel had intentionally misrepresented Plaintiff's eligibility for benefits by providing conflicting tax records. Specifically, Village Fuel argues that there were no false representations in the application and that any alleged misrepresentations were not material. But given the fact that the Court never resolved whether Village Fuel did in fact make misrepresentations to GHI concerning Plaintiff's eligibility for benefits, the Court cannot conclude that GHI's efforts to rescind Village Fuel's policy based on the conflicting records make it "culpable" as a matter of law.[2] Thus, in light of the unresolved questions of fact over Village Fuel's potential misrepresentations and fraud, which, if true, likely would have justified GHI's decision to rescind the policy, the allegation that GHI did not sufficiently engage with Village Fuel before trying to rescind the health insurance policy

---

[2] Indeed, although the Court has not made factual findings on this issue, it previously commented on Village Fuel's own culpable conduct. For example, in its Summary Judgment Order, the Court stated that "Village Fuel utilized several suspect practices with respect to its payroll management." *Scarangella*, 2009 WL 764454, at *14 n.3. The Court further noted that "there are serious questions as to whether either Village Fuel or Plaintiff paid appropriate taxes on the income they describe." *Id.* Thus, although the Court must consider *GHI's* culpable conduct under the *Chambless* factors, Village Fuel's own conduct clearly raised questions of culpability that might have justified GHI's conduct regarding the policy. *Cf. Oguachuba v. I.N.S.*, 706 F.2d 93, 99 (2d Cir. 1983) (upholding denial of attorneys' fees in non-ERISA case where fee claimant "is without clean hands").

6

does not warrant a conclusion that GHI is culpable for *Chambless* purposes. Accordingly, this factor weighs against awarding attorneys' fees to Village Fuel.

### 2. GHI's Ability to Satisfy an Award of Attorneys' Fees

The next factor turns on whether GHI has sufficient funds to pay an award of attorneys' fees. *See Levitian v. Sun Life & Health Ins. Co. (U.S.)*, No. 09-cv-2965 (GBD) (FM), 2013 WL 3829623, at *4 (S.D.N.Y. July 24, 2013), *report and recommendation adopted*, No. 09-cv-2965 (GBD) (FM), 2013 WL 4399026 (S.D.N.Y. Aug. 15, 2013); *Paese v. Hartford Life & Accident Ins. Co.*, 02-cv-9778 (DC), 2004 WL 764760 (S.D.N.Y. Apr. 9, 2004), *aff'd in part, vacated in part, remanded*, 449 F.3d 435 (2d Cir. 2006). As GHI concedes that it has the ability to pay Village Fuel for the attorneys' fees incurred, this factor favors awarding attorneys' fees to Village Fuel. Nevertheless, as guided by clear Second Circuit authority, the Court does not give this factor much weight in determining whether attorneys' fees should be awarded. *See Alfano v. CIGNA Life Ins. Co. of New York*, No. 07-cv-9661 (GEL), 2009 WL 890626, at *2 (S.D.N.Y. Apr. 2, 2009) ("[T]he Second Circuit has held that a defendant's ability to pay does not weigh heavily in favor of such an award." (citing *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 383 (2d Cir. 2002))).

### 3. Deterrence of Other Persons Acting Under Similar Circumstances

The next *Chambless* factor considers whether an award of attorneys' fees against the opposing party would deter other persons from acting similarly under similar circumstances. This factor "emphasizes the deterrence gained from the fee award, not the trial decision." *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 210 (2d Cir. 2003). Courts have noted that an award of fees may generally encourage defendants and other similarly situated parties to avoid needless litigation. *Lampert v. Metro. Life Ins. Co.*, No. 03-cv-5655 (GEL), 2004 WL 1395040, at *2 (S.D.N.Y. June 21, 2004). Moreover, a partial award of attorneys' fees may be granted to deter unreasonable conduct that was not egregious. *Zurndorfer v. Unum Life Ins. Co of Am.*, 543 F. Supp. 2d 242, 264 (S.D.N.Y. 2008).

However, Village Fuel has not shown that GHI's litigation in this case was needless. GHI had a basis to pursue its claims against Village Fuel given the conflicting tax reports that Village Fuel provided regarding Plaintiff's eligibility and that indicated potential fraud on the part of Village Fuel. This evidence, GHI correctly argues, supported GHI's investigation of its claims against Village Fuel. *Cf.* N.Y. Ins. Law § 409 (requiring that insurers maintain a special investigations unit to prevent fraud). Indeed, it could even be said that GHI *avoided* additional potentially fruitless litigation by subsequently agreeing to settle with Plaintiff and then with Village Fuel once it became clear that the suit was unlikely to be successful, in part because Village Fuel had become judgment proof. There is no indication here that GHI's conduct towards Village Fuel was unreasonable. Rather, the record reflects that GHI properly acted on evidence of potential fraud in pursuing its claims against Village Fraud. Accordingly, because awarding attorneys' fees in this situation would not serve to deter needless litigation, this factor thus weighs against a fee award.

### 4. Benefits to Current and Future Participants of an ERISA Plan

This factor counsels in favor of attorneys' fees if the Court determines that the movant's claim benefited others, such as where the remedy goes directly into a common fund, *see Locher*, 389 F.3d at 299, or the claimant resolved a significant legal question regarding ERISA, *see Hardt*, 560 U.S. at 249 n.1. Failure to establish a common benefit does not preclude an award of attorneys' fees. *Locher*, 389 F.3d at 299.

Here, Village Fuel does not – and cannot – argue that its settlement benefited others by going into a common fund. Moreover, not only was Village Fuel not representing a common fund, but Plaintiff Scarangella did not sue on behalf of a common fund; in fact, the settlement he secured benefited only himself. Although Village Fuel argues that it obtained a benefit for others by resolving the legal question of whether ERISA applies to GHI's small group policies, Village Fuel itself admitted in April 2009 that "we're only here to protect [Village Fuel's President Patrick Scarangella's] good name that he didn't commit any fraud." (Doc. No. 124, Declaration of William J. O'Mahony, dated Dec. 21, 2009, Ex. F, 39:15). The facts of this case simply do not support Village Fuel's contention that its private settlement of claims benefited anyone other than the parties themselves, nor can Village Fuel argue that this case served to resolve "a significant legal question regarding ERISA itself." *Hardt*, 560 U.S. 242 at 249 n.1. Because Village Fuel's litigation in this case did not provide a benefit to ERISA participants or to future ERISA plaintiffs, this factor also weighs against an award of attorneys' fees for Village Fuel.

### 5. Relative Merits of the Parties' Positions

The last *Chambless* factor directs the Court to compare the relative merits of both parties' positions during the litigation. As noted in the Court's 2009 Summary Judgment Order, it can hardly be said that Village Fuel was more successful on the merits of its claims than GHI. *See Scarangella*, 2009 WL 764454, at *22.

First, both GHI and Village Fuel achieved about the same level of success on their equitable restitution claims. Although the Court dismissed GHI's claim because it was not made in equity and was in fact a legal claim for compensatory damages, Village Fuel also lost at summary judgment on its own equitable restitution claim, since the Court found that GHI, the ERISA fiduciary, owed a duty to the plan only, not Village Fuel. *See Fisher v. Penn Traffic Co.*, No. 06-cv-5848 (HB), 2007 WL 496657, at *5 (S.D.N.Y. Feb. 16, 2007). As such, while the dismissal of GHI's claim may have constituted "some degree of success" for purposes of the *Hardt* analysis, in terms of *Chambless*'s relative merits factors, this success is counterbalanced by GHI's success over Village Fuel in the form of the dismissal of Village Fuel's own equitable rescission claim. With respect to equitable restitution, the relative merits of the parties' positions are thus equivalent.

Second, although GHI did voluntarily dismiss its rescission and reformation claims against Village Fuel, as discussed above, the dismissal offers little insight into the actual merits of the parties' positions. The Court denied Village Fuel's motion for summary judgment on GHI's claims for rescission and reformation, finding that important disputes of fact remained between GHI and Village Fuel which made it impossible to resolve the

merits of these claims prior to trial. Perhaps most significantly, the Court never resolved the material factual question of whether Plaintiff was an eligible employee and whether Village Fuel materially misrepresented Plaintiff's eligibility for benefits. In evaluating the merits of the parties' positions, these unresolved questions over Village Fuel's potential fraud offset any success achieved by Village Fuel prior to GHI's voluntary dismissal of the rescission and reformation claims.

In sum, the Court never had a chance to resolve the merits of the parties' respective litigation positions, but based on the evidence before the Court, GHI's position can "hardly be deemed to be so disproportionately meritless as to justify the imposition of an award of attorneys' fees." *Seitzman*, 311 F.3d at 485 (quoting *Gibbs v. Gibbs*, 210 F.3d 491, 505 (5th Cir. 2000)).

\* \* \*

Having thus applied the five *Chambless* factors, the Court has little difficulty concluding that an award of attorneys' fees is not appropriate in this case. Most significantly, Village Fuel has not shown the culpability of GHI, nor has it convinced the Court that Village Fuel would have prevailed with respect to the remaining claims in this action. *Donachie*, 745 F.3d at 47 ("[W]hile the degree of culpability and the relative merits 'are not dispositive under the *Chambless* five-factor test,' they do 'weigh heavily.'" (quoting *Slupinski*, 554 F.3d at 48)). As previously noted by the Court, Village Fuel's success in this case was, at best, minimal. *Scarangella I*, 877 F. Supp. 2d at 86-87. Although Village Fuel was not required to pay any damages to GHI or Plaintiff, its own claims were also dismissed. Moreover, Village Fuel can point to no success that benefited all participants of an ERISA plan: any success it achieved was purely for its own benefit. As a result, Village Fuel has not shown that "awarding attorneys' fees in the circumstances presented furthers the policy interest in vindicating the rights secured by ERISA." *Donachie*, 745 F.3d at 47. The Court thus exercises its discretion to deny an award of attorneys' fees based on the *Chambless* factors.

C. Reasonableness Analysis

Because the Court concludes that the *Chambless* factors weigh against awarding attorneys' fees to Village Fuel, it need not determine whether the fee award sought by Village Fuel is reasonable under the *Hensley* analysis. 461 U.S. at 433.

III. CONCLUSION

Under ERISA's fee-shifting provision, a "court in its discretion may allow a reasonable attorney's fee and costs . . . to either party." 29 U.S.C. § 1132(g)(1). Having applied and considered the *Chambless* factors in exercising this discretion, the Court concludes that an award of attorneys' fees for Village Fuel is not warranted in this case. Accordingly, Village Fuel's motion for attorneys' fees is denied. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: February 11, 2016
New York, New York

9